Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Robert P. Greenspoon (*pro hac vice* forthcoming)
rpg@fg-law.com
FLACHSBART & GREENSPOON LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL  60601-3901
Phone:  (312) 551-9500
Fax:  (312) 551-9501

Attorneys for Proposed Intervenors
US INVENTOR, 360 HEROS, INC.,
LARRY GOLDEN, WORLD SOURCE ENTERPRISES, LLC,
DARELTECH LLC, TINNUS ENTERPRISES, LLC,
CLEARPLAY, INC., E-WATCH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., et al.<br><br>            Plaintiffs,<br><br>v.<br><br>ANDREI IANCU, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office,<br><br>            Defendant. | Case No. 5:20-CV-06128-EJD<br><br>**PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM AND POINTS OF AUTHORITIES**<br><br>Honorable Edward J. Davila<br><br>Date: December 17, 2020<br>Time: 9:00 a.m.<br>Courtroom 4, 5th Floor |

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

i

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................3

III. ARGUMENT ..........................................................................................................................5

   A. The Proposed Intervenor-Plaintiffs Have a Right to Intervene Under Federal Rule Of Civil Procedure 24(a) ................................................................................................................. 5

      1. The Application is Timely.........................................................................................6

      2. The Intervenor-Plaintiffs have Significant Protectible Interests ...............................6

      3. Disposition of this Action will Impede the Intervenor-Plaintiffs' Ability to Protect Their Interests ......................................................................................................................9

      4. The Repeatedly-Accused Infringer Plaintiffs Do Not Adequately Represent the Intervenor-Plaintiffs' Interests ....................................................................................................10

   B. Alternatively, Permissive Intervention Should be Granted........................................ 11

IV. CONCLUSION.....................................................................................................................12

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

ii

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Milas*, 896 F.3d 1094 (9th Cir. 2018) ....................................................................... 12

*Am. Anti-Vivisection Soc. and Avian Welfare Coalition v. U.S. Dep't Agric.*, 946 F.3d 615 (D.C. Cir. 2020) ............................................................................................................................... 8

*Chrysler Corp. v. Brown*, 441 U.S. 281 (1979) ...................................................................... 12

*Conservation Law Found. of New England v. Mosbacher*, 966 F.2d 39 (1st Cir. 1992) .......... 8

*Conservation Nw. v. U.S. Forest Serv.*, No. CV-05-0220, 2005 WL 1806364 (E.D. Wash. July 28, 2005) ............................................................................................................................... 12

*Dimond v. District of Columbia*, 792 F.2d 179 (D.C. Cir. 1986) ............................................ 10

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995) .................. 5, 9

*Fresno Cty. v. Andrus*, 622 F.2d 436 (9th Cir. 1980) ........................................................... 5, 10

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728 (D.C. Cir. 2003) ............................................ 9

*Greene v. United States*, 996 F.2d 973 (9th Cir. 1993) ............................................................. 6

*Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356 (Fed. Cir. 2016) .......................................... 4

*Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392 (9th Cir. 1995) ........................................ 6

*In re Cal. Micro Devices Sec. Litig.*, 168 F.R.D. 276 (N.D. Cal. 1996) .................................. 11

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) .................................... 11

*Landgraf v. USI Film Products*, 511 U.S. 244 (1994) .............................................................. 7

*Make the Rd. N.Y. v. Wolf*, 962 F.3d 612 (D.D.C. 2000) ........................................................ 11

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ....................................... 11

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947 (9th Cir. 2009) .............................. 5

*Portland Audubon Soc'y v. Hodel*, 866 F.2d 302 (9th Cir. 1989) ............................................ 5

*Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) .......................................... 6, 9

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ...................................................... 6

*Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972) ........................................................ 10

*UAW, Local 283 v. Scofield*, 382 U.S. 205 (1965) ................................................................................... 11

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) .............................................................. 7

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) ....................................................... 5, 8

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) .............................................. 5, 6, 11

**Statutes**

35 U.S.C. § 282 ............................................................................................................................................ 3

35 U.S.C. § 316 ............................................................................................................................................ 1

35 U.S.C. §§ 316(a)(2) and (b) .................................................................................................................... 3

5 U.S.C. §§ 500 ............................................................................................................................................ 8

**Rules**

Fed. R. Civ. P. 24(a)(2) ................................................................................................................................ 9

Fed. R. Civ. P. 24(b)(2) .............................................................................................................................. 11

Federal Rule of Civil Procedure 24(a) ......................................................................................................... 5

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS
AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

iv

**NOTICE OF MOTION AND MOTION TO INTERVENE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2020 at 9:00 a.m. in Courtroom 4, 5th Floor before the Honorable Edward J. Davila of the United States District Court for the Northern District of California, Intervenors US Inventor, 360 Heros, Inc., Larry Golden, World Source Enterprises, LLC, Dareltech LLC, Tinnus Enterprises, LLC, Clearplay, Inc., E-Watch, Inc. ("Proposed Intervenors") will move the Court, under Rules 24(a)(1) and 24(b) of the Federal Rules of Civil Procedure, to intervene in this action. The grounds for this motion, as set forth in detail below, in the accompanying Memorandum and Points of Authorities.

**ISSUES TO BE DECIDED**

1. Whether the Proposed Intervenor-Plaintiffs have a right to intervene under Federal Rule of Civil Procedure 24(a)?
2. Whether the Proposed Intervenor-Plaintiffs should be permitted to intervene under Federal Rule of Civil Procedure 24(b)?

**MEMORANDUM AND POINTS OF AUTHORITIES**

**I.   INTRODUCTION**

Congress gave the Director of the United States Patent and Trademark Office ("USPTO") rulemaking responsibilities when it enacted the America Invents Act of 2011 (the "AIA"). In particular, 35 U.S.C. § 316 commands that the Director "shall" promulgate rules to govern what might constitute "sufficient grounds" for instituting a patentability trial under the AIA. The Director and his predecessors have had nearly a decade to complete such rulemaking, but have not done so.

As things presently stand, petitioners who attack patent validity in an AIA trial need to do two things to establish "sufficient grounds" to the satisfaction of the Director before he will institute a patent validity trial within the agency against a patent owner. First, petitioners need to establish that the quality

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

1

of their invalidity argument is high enough.[1] Second, petitioners need to establish that the Director should ***not*** exercise his plenary discretion to deny institution.

Rulemaking has only occurred thus far under the first of these two prongs. The Director has not conducted notice-and-comment rulemaking on discretionary considerations that would address "sufficient grounds." Instead, the Director has developed an internal nonstatutory process for designating certain PTAB panel decisions "precedential" that have addressed discretionary factors governing institution in contested cases. All such decisions and designations have arisen in an ad hoc manner, without regard for rulemaking requirements under the Administrative Procedure Act ("APA"), leaving individual panels free to act inconsistently with one another when making the institution decision—a decision that is unreviewable by appeal or mandamus.

The original plaintiffs (dubbed here "Original Plaintiffs," who are Apple Inc., Cisco Systems, Inc., Google LLC, and Intel Corporation) filed the present action to complain that the Director violates the APA when exercising discretion to deny institution of AIA trials on grounds related to parallel federal court litigation involving the same patent. In one of their counts, Original Plaintiffs complain of the absence of rulemaking. The intervenor-plaintiffs ("Small Business Inventors") seek to intervene as party plaintiffs because the disposition of this action will have lasting impacts on their proprietary and legal interests. Respectfully, the Court should grant this motion to intervene to allow the Small Business Inventors to protect their interests.

Those interests are distinct from the interests of the Original Plaintiffs, and of the Defendant. Small Business Inventors want to ***enhance*** (through rulemaking) the authority of the Director to deny institution (not deplete it as the Original Plaintiffs would). Small Business Inventors would do so by

---

[1] For "inter partes review" ("IPR"), this means there must be a "reasonable likelihood" that a petitioned patent claim will be held unpatentable after a trial. For "post grant review" ("PGR"), this means that it must be "more likely than not" that a claim is unpatentable. *See* 35 U.S.C. §§ 314(a), 324(a, b). The Director has delegated this responsibility for deciding "sufficient grounds" to respective panels of the Patent Trial and Appeal Board ("PTAB").

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

*channeling the Director's discretion to the rulemaking phase* (not to the ad hoc case-by-case adjudication phase as the Defendant would). Small Business Inventor Intervenors thus endorse the Director's overall goal to make AIA trials more fair for patent owners, but seek their own protection from harms resulting from the Director's unlawful withholding of agency rulemaking, and circumvention of agency rulemaking through unlawful means. As required under Federal Rule of Civil Procedure 24, Small Business Inventors include their own pleading, a Complaint in Intervention, along with this motion as Exhibit 1.

## II.  BACKGROUND

AIA trials are expensive and often ruinous for patent owners to defend. In costs and legal fees, patent owners can expect to spend on average $451,000 per patent, just to maintain the status quo of keeping a patent that the law already presumed to be valid. 35 U.S.C. § 282. Patent owners who are dragged into an AIA trial have no upside—the USPTO cannot adjudicate infringement and cannot award damages. This is on top of the costs and fees already expended just to obtain the patent right, which can be considerable, sometimes more than $100,000 per patent. Government fees spent on filing, issuing and maintaining each such patent often exceed $10,000, but (under current law) a declaration of invalidity in an AIA trial does not entitle the patent owner to any refund of such fees for the "mistaken" work by the government during original examination. Further, patents subject to an AIA trial can be invalidated based on the preponderance of the evidence, as opposed to the clear-and-convincing-evidence standard applied in district court, and effectively lose their statutory presumption of validity. The mere filing of AIA trial petitions by an alleged infringer, followed by trial institution, has the potential to bankrupt small disruptive innovative operating companies, regardless of any ultimate merit, and thus could reduce competition for consumers.

The AIA requires that "The Director shall prescribe regulations…setting forth the standards for the showing of sufficient grounds to institute a review [and] shall consider the effect of any such

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

3

regulation on the economy, the integrity of the patent system, the efficient administration of the Office." 35 U.S.C. §§ 316(a)(2) & (b).

"Sufficient grounds" under the respective statutes include not only the legal and factual merits related to patentability as presented by the petitioner. "Sufficient grounds" also include why the Director should not apply discretionary factors in considering whether to institute review. The USPTO has plenary authority, unreviewable on appeal or mandamus, to deny review of any AIA trial petition for any reason. *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1367 (Fed. Cir. 2016) ("[T]he PTO is permitted, but never compelled, to institute an IPR proceeding."). Small Business Inventors have a substantial interest in the Director promulgating a robust set of regulations that provide clear direction to individual panels concerning when discretionary factors require denial of institution. Small Business Inventors include US Inventor, Inc., 360Heros, Inc., Larry Golden, World Source Enterprises, LLC, Dareltech LLC, Tinnus Enterprises, LLC, Clearplay, Inc. and E-Watch, Inc.[2]

Original Plaintiffs have an opposite interest in key respects. In their original complaint, Original Plaintiffs have attacked one aspect of the Director's past exercise of discretion to deny institution—that the presence of parallel litigation raising the same issues may have already reached a jury verdict by the time of a future PTAB final decision. This is described in the original complaint as the so-called *NHK-Fintiv* rule. Original Plaintiffs point to the absence of rulemaking as part of their argument that the Director has exercised too much discretion to deny institution in such scenarios. Small Business Inventors, on the other hand, point to the absence of rulemaking as part of their argument that the Director has not exercised discretion enough (or with enough clarity) to deny institution, for ***all*** discretionary scenarios. Thus, both the Original Plaintiffs and the proposed intervenors raise the same

---

[2] For ease of reference, "Small Business Inventors" herein includes reference to co-intervenor US Inventor, Inc., which is actually a nonprofit association formed for the interests of inventors, not an inventor *per se*. Before the Original Plaintiffs filed their suit, US Inventor had petitioned the USPTO for rulemaking on the subject matter of discretionary considerations and "sufficient grounds."

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

4

lapse by the Director, but do so to achieve conflicting goals (i.e., Original Plaintiffs seek to eliminate the PTAB's discretionary authority whereas Small Business Inventors seek to clarify it).

## III. ARGUMENT

### A. The Proposed Intervenor-Plaintiffs Have a Right to Intervene Under Federal Rule Of Civil Procedure 24(a)

Federal Rule of Civil Procedure 24(a) states in relevant part:

> On timely motion, the court must permit anyone to intervene who...(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Ninth Circuit applies a four part test for determining if an applicant has a right to intervene under Rule 24(a)(2). These four factors include: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (citation omitted). A movant is not required to satisfy the requirements for Article III standing when it satisfies the requirements for intervention as of right under Rule 24(a). *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 n.2 (9th Cir. 2009); *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302, 308 n.1 (9th Cir. 1989), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.,* 630 F.3d 1173 (9th Cir. 2011).

The Ninth Circuit follows "'practical and equitable considerations' and construe[s] the Rule 'broadly in favor of proposed intervenors.'" *Id.* at 1179 (citations omitted). There is a "'liberal policy in favor of intervention [which] serves both efficient resolution of issues and broadened access to the courts.'" *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002) (citations omitted). The purpose of this liberal interpretation is to involve "'as many apparently concerned persons as is

compatible with efficiency and due process.'" *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011); *Fresno Cty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (citations omitted).

The Small Business Inventors satisfy each prong of this test and therefore should be permitted to intervene as of right.

### 1. The Application is Timely

A motion to intervene is made at a sufficiently early stage of the proceedings when it occurs "before any hearings or rulings on substantive matters." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (allowing environmental groups to intervene four months after the complaint was filed, even though plaintiff had already moved for a preliminary injunction). This motion is timely under this factor. The complaint was filed less than three weeks before this motion to intervene. This case is still in its earliest phases.

Movants thus meet the first prong for intervention as of right.

### 2. The Intervenor-Plaintiffs have Significant Protectible Interests

The sufficiency of an intervenor's legally protectable interest "'is a practical, threshold inquiry [and n]o specific legal or equitable interest need be established.'" *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (*citing Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). "'[I]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Wilderness Soc'y*, 630 F.3d at 1176 (citations omitted); *see also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim). A legally protectable interest could be an "existing legal right, contract, or permit[] relating to" the subject of the litigation. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 819. This requirement is met here.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

6

Original Plaintiffs seek relief that would eliminate the *NHK-Fintiv* rule, *i.e.*, which would make it more difficult or impossible for the Director to exercise his discretion by denying institution of AIA trials on discretionary grounds on factors relating to parallel litigation of the same patent. Chipping away at the Director's discretionary power to deny institution will plainly affect the legally protected interests of the proposed Small Business Inventor intervenors. All patent owner Small Business Inventors are either in currently pending institution-decision proceedings involving an argument for the application of discretionary considerations, have brought such arguments in prior proceedings, and/or are reasonably likely to have a need to raise discretionary considerations again to respond to future AIA trial petitions. For example, for those of the proposed intervenors who are patent owners, relief requested in the original complaint would adversely impact and may even eliminate an argument that Small Business Inventors might make in currently-pending or future AIA trial petitions filed against their patents.

Proposed association intervenor US Inventor in particular has filed a Petition for Rulemaking at the USPTO before the Original Plaintiffs ever filed their complaint. US Inventor's petition seeks rulemaking that would ensconce and bolster (not eliminate) the *NHK-Fintiv* rule, among others. By its filing alone, US Inventor has a legally protected interest in the matters raised in the original complaint. US Inventor also has a day-to-day mission of educating the public about how to deal with AIA trial petitions—a mission that would be impaired by the absence of proper rulemaking that should already exist to guide PTAB panels about discretionary considerations.

The economic effects on the Small Business Inventors of the relief sought by the Original Plaintiffs are thus in no way "speculative." "[A] non-speculative, economic interest may be sufficient to support a right of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). *See also generally Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994) (discussing the centrality of settled and legitimate expectations under various fundamental legal principles). The original complaint itself is founded on the supposed economic impacts of the Director applying discretionary considerations

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

7

without rulemaking. The economic upheaval that would follow from the relief the Original Plaintiffs seek establishes both that the Small Business Inventors have legally protected interests and that there is a direct relationship between those interests and "'resolution of plaintiffs' claim.'" *City of Los Angeles*, 288 F.3d at 398 (citation omitted); *Conservation Law Found. of New England v. Mosbacher*, 966 F.2d 39, 41-44 (1st Cir. 1992) (holding that commercial fishermen impacted by regulatory plan to address overfishing had a recognizable interest in the timetable for implementing that plan).

The accompanying Complaint in Intervention goes even further to describe the legally protectible interest at hand. Each patent owner plaintiff-intervenor has had to expend resources that would otherwise have not been needed if clear rulemaking on discretionary factors had occurred. It is reasonably likely they will have to do so again in future AIA trial challenges. And association plaintiff-intervenor US Inventor has a right to instructive guidance from the agency to share with its membership and the public. *Am. Anti-Vivisection Soc. and Avian Welfare Coalition v. U.S. Dep't Agric.*, 946 F.3d 615, 618-19 (D.C. Cir. 2020).

The APA reflects the bedrock principle that businesses and associations affected by federal executive branch regulatory measures have a legal right to participate in the development of, and ultimately to challenge, such measures. *See generally*, 5 U.S.C. §§ 500 *et seq*. Here, the Original Plaintiffs ask this Court to order the Director to stop applying one aspect of previously-used discretionary considerations as a basis for finding no "sufficient grounds" to institute a patent trial. Infringers want to make it easier to infringe, and impose procedural burdens on patent owners to force their acquiescence. The Original Plaintiffs also ask this Court to set aside the current way the Director exercises such discretion because it did not arise through notice-and-comment rulemaking. This implicates the Small Business Inventors' need for clear regulations promulgated lawfully by the Director that **preserves and improves** (not eliminates) the Director's full powers of discretionary denial.

Movants thus meet the second prong for intervention as of right.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

8

### 3. Disposition of this Action will Impede the Intervenor-Plaintiffs' Ability to Protect Their Interests

To show impairment of interests for the purposes of Rule 24(a)(2), a proposed intervenor need show only that the disposition of an action "*may* as a practical matter" impede the intervenor's ability to protect its interests in the subject of the action. Fed. R. Civ. P. 24(a)(2) (emphasis added). In evaluating this question, "'the court is not limited to consequences of a strictly legal nature.'" *Forest Conservation Council*, 66 F.3d at 1497-98 (citation omitted); *see also* Fed. R. Civ. P. 24 advisory committee's notes to 1966 Amend. ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene. . . ."). Where the relief sought by the Original Plaintiffs would have direct, immediate, and harmful impact on a third party's interests, that adverse impact is sufficient to satisfy Rule 24(a)(2). *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (stating that "there is no question" that proposed intervenor Mongolia's environmental agency's interests would be impaired by a decision in favor of an environmental group in a case regarding the application of the U.S. Endangered Species Act to sheep located within Mongolia); *Sagebrush Rebellion*, 713 F.2d at 528 (holding that "an adverse decision in this suit would impair [proposed intervenor environmental groups'] interest in the preservation of birds and their habitats").

As noted previously, the declaratory and injunctive relief that the Original Plaintiffs seek would force the Director to end abruptly one of his main ways of exercising discretion to deny institution of an AIA trial against a patent owner, thereby dramatically increasing the possibility of attacked patent owners having to defend their patents in a full AIA trial (with a preponderance-of-the-evidence standard for unpatentability), even if the same parties are litigating the same issues in advanced-stage, parallel litigation before a district court (where the clear-and-convincing-evidence standard applies). Put another way, granting relief requested in the original complaint would make it easier for infringers to infringe, easier for infringers to invalidate patents, and easier to force acquiescence by a patent owner by increasing its procedural and economic burdens (potentially reducing competition and consumer

welfare). Association intervenor US Inventor would likewise lose the ability to educate its membership on one currently-viable way to avoid an AIA trial, and furthermore would face a court ruling having the opposite effect of certain aspects of proposed rules it has submitted to the agency in its Petition for Rulemaking on the same topic.

Movants thus meet the third prong for intervention as of right.

### 4. The Original Plaintiffs Do Not Adequately Represent the Intervenor-Plaintiffs' Interests

The requirement under Federal Rule of Civil Procedure 24(a)(2) to show inadequate representation "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) (citation omitted). The "burden of showing inadequate representation . . . is not onerous." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). In assessing this factor, a court must consider whether "the interests of a present party to the suit are such that it will *undoubtedly* make all of the intervenor's arguments[;]" whether "the present party is capable of and willing to make such arguments[;]" and whether "the intervenor would not offer any necessary element to the proceedings that the other parties would neglect." *Fresno Cty.*, 622 F.2d at 439 (emphasis added).

As described already, the original complaint advances the interests of Original Plaintiffs. It is in their interest to curtail the Director's authority to deny AIA trial petitions against patents they stand accused of infringing. The proposed Complaint in Intervention seeks an opposite outcome. It seeks to bolster the application of discretionary factors (not eliminate any of them) by making sure that they get implemented by individual AIA trial panels following lawfully promulgated rules. Further, the Director will likely not advance arguments regarding the procedural and economic burdens that would be imposed on patent owners if the Director was prohibited from exercising his discretion to deny institution of AIA trials on factors relating to parallel litigation of the same patent. Finally, the Director

will almost certainly not argue in this Court in favor of the Small Business Inventors' efforts to have him do what he has avoided doing—promulgate lawful regulations on discretionary factors. The Director would preserve his ability to develop ad hoc common law in this area based on an easier-to-implement "precedential" designation for panel decisions in contested cases—a procedural shortcut that both the Original Plaintiffs and the proposed intervenors allege to be unlawful (albeit, for different ends).

Movants thus meet the fourth prong for intervention as of right. For the foregoing reasons, the Court should grant intervention as of right.

**B.     Alternatively, Permissive Intervention Should be Granted**

Federal Rule of Civil Procedure 24 contemplates two forms of intervention—intervention of right and permissive intervention—and a court may grant an intervenor's motion on either basis. *UAW, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10 (1965). Permissive intervention under Rule 24(b) should be allowed when: (1) the applicant has independent grounds for jurisdiction; (2) the applicant's motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). Under this standard, neither the inadequacy of representation, nor a direct interest in the subject matter of the action, need to be shown. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). In exercising its discretion, the Court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2).

As previously demonstrated, the Small Business Inventors' motion to intervene is timely, will not cause undue delay, and will not prejudice the Original Plaintiffs or the Director. Moreover, as discussed above, the Small Business Inventors possess legally protectable interests in the Director's (and the PTAB's) application of discretionary considerations (and how those discretionary considerations are decided and promulgated) subject to the Original Plaintiffs' challenge. The potential for harm to those

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

11

interests from the original suit provides an independent basis for jurisdiction, particularly given the minimal showing required by Federal Rule of Civil Procedure 24(b). *See, e.g.*, *In re Cal. Micro Devices Sec. Litig.*, 168 F.R.D. 276, 277 (N.D. Cal. 1996) (using cursory analysis to find pension fund could intervene under Rule 24(b)). And jurisdiction is clearly present. *See Make the Rd. N.Y. v. Wolf*, 962 F.3d 612, 631 (D.D.C. 2000) ("'Jurisdiction to review agency action under the APA is found in 28 U.S.C. § 1331.'"), *quoting Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n.47 (1979); *Allen v. Milas*, 896 F.3d 1094, 1099 (9th Cir. 2018) (holding "§ 1331 supplies ample basis for [a district court's] subject matter jurisdiction" for an APA action brought under 5 U.S.C. § 706).

As previously noted, the Small Business Inventors seek to compel lawful notice-and-comment rulemaking in the same subject areas where the Original Plaintiffs have attacked the exercise of agency discretion (themselves pointing to the unlawful absence of notice-and-comment rulemaking). Small Business Inventors also seek a declaration (in common with Original Plaintiffs) that the current "precedential" designation of ad hoc decisions cannot substitute for notice-and-comment rulemaking. US Inventor in particular has already sought rulemaking on a subject for which the Original Plaintiffs seek a court declaration that there can be no rule (*i.e.*, US Inventor wants to promulgate rules preserving and enhancing *NHK-Fintiv* discretion, rather than eliminating it). *See, e.g.*, *Conservation Nw. v. U.S. Forest Serv.*, No. CV-05-0220, 2005 WL 1806364, at *2 (E.D. Wash. July 28, 2005) (finding private company's interest in defending a lumber harvesting project in order to guard against a court order barring it was sufficient to establish common claims and defenses). Without question, the standards for permissive intervention, including common legal and factual questions, exist here.

Because intervention would contribute to the just and equitable adjudication of the legal questions presented, it should be permitted.

## IV.    CONCLUSION

For the foregoing reasons, Small Business Inventors respectfully request that the Court grant their motion for leave to intervene as of right under Fed. R. Civ. P. 24(a) with respect to all of the

Original Plaintiffs' claims. In the alternative, they request that they be granted permissive intervention under Fed. R. Civ. P. 24(b) with respect to all of the Original Plaintiffs' claims.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

13

Dated: September 14, 2020

Respectfully submitted,

/s/ Lewis E. Hudnell, III
Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

Robert P. Greenspoon (*pro hac vice* forthcoming)
rpg@fg-law.com
FLACHSBART & GREENSPOON LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL  60601-3901
Phone:  (312) 551-9500
Fax:  (312) 551-9501

Attorneys for Proposed Intervenors
US INVENTOR, 360 HEROS, INC.,
LARRY GOLDEN, WORLD SOURCE ENTERPRISES,
LLC, DARELTECH LLC, TINNUS ENTERPRISES,
LLC, CLEARPLAY, INC., E-WATCH, INC.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-06128-EJD

14

# CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing REPLY IN SUPPORT OF MOTION TO DISMISS via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 14th day of September, 2020.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034
lewis@hudnelllaw.com