1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Robert P. Greenspoon (*pro hac vice* forthcoming)
rpg@fg-law.com
FLACHSBART & GREENSPOON LLC
333 N. Michigan Ave., Suite 2700
Chicago, IL  60601-3901
Phone:  (312) 551-9500
Fax:  (312) 551-9501

Attorneys for Proposed Intervenors
US INVENTOR, 360 HEROS, INC.,
LARRY GOLDEN, WORLD SOURCE ENTERPRISES, LLC,
DARELTECH LLC, TINNUS ENTERPRISES, LLC,
CLEARPLAY, INC., E-WATCH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., et al.<br><br>                Plaintiffs,<br><br>v.<br><br>ANDREI IANCU, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office,<br><br>                Defendant. | Case No. 5:20-CV-06128-EJD<br><br>**US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION AGAINST THE DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**<br><br>Honorable Edward J. Davila<br><br>Date: TBD<br>Time: TBD<br>Courtroom 4, 5th Floor |

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

i

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ............................................ 5

    A.    Structure and Statutory Background of AIA Trials ................................. 5

    B.    Effect of the Lack of Promulgated Rules on the Discretionary Factors Governing AIA Trial Institution Decisions ................................................ 7

III.   ISSUE TO BE DECIDED ..................................................................................... 9

IV.   ARGUMENT .......................................................................................................... 9

    A.    Standard of Review for Preliminary Injunctions in APA Cases ............. 10

    B.    US Inventor Has Established a Likelihood of Success on the Merits ....... 11

    C.    US Inventor Has Established Irreparable Harm Absent an Injunction ................. 14

    D.    US Inventor Has Established that the Balance of the Equities and the Public Interest Factors Favor a TRO and Preliminary Injunction ....................................... 18

    E.    The Temporary Equitable Remedy ........................................................... 19

V.    CONCLUSION ...................................................................................................... 20

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

ii

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH,*
   IPR2019-01469, Paper 6 (P.T.A.B Feb. 13, 2020) ...................................................5, 6

*Alcaraz v. Block,*
   746 F.2d 593, 610 (9th Cir. 1984) ....................................................................18

*Alliance for the Wild Rockies v. Cottrell,*
   632 F.3d 1127, 1131, 1135 (9th Cir. 2011) .....................................................10

*Apple Inc. v. Fintiv, Inc.,*
   IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020) .......................................5, 6

*Arc of Cal. v. Douglas,*
   757 F.3d 975, 983 (9th Cir. 2014) ....................................................................10

*California v. Azar,*
   911 F.3d 558 (9th Cir. 2018) .....................................................................16, 18

*California v. HHS,* 281 F. Supp. 3d 806, 829-30 (N.D. Cal. 2017).............................16

*Cf. SEC v. Chenery Corp.,*
   332 U.S. 194, 203 (1947).......................................................................................6

*Chalk v. U.S. Dist. Court Cent. Dist. Cal.,*
   840 F.2d 701, 704 (9th Cir. 1988) ....................................................................19

*Chamber of Commerce of U.S. v. Edmondson,*
   594 F.3d 742, 756, 770-71 (10th Cir. 2010) ....................................................14

*Christopher v. SmithKline Beecham Corp.,*
   132 S. Ct. 2156, 2167 (2016) ...........................................................................17

*Citizens for Better Forestry v. United States Dep't of Agric.,*
   481 F. Supp. 2d 1059, 1100 (N.D. Cal. 2007) .................................................18

*Citizens to Preserve Overton Park v. Volpe,*
   401 U.S. 402 (1971)...........................................................................................10

*Crowe & Dunlevy, P.C. v. Stidham,*
   640 F.3d 1140, 1157 (10th Cir. 2011) ..............................................................14

*Cuozzo Speed Tech., LLC v. Lee,*
   136 S. Ct. 2131, 2140 (2016)...............................................................................5

*Dartmouth-Hitchcock Clinic v. Toumpas,*
   856 F. Supp. 2d 315, 325 (D.N.H. 2012) .........................................................17

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A
PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

iii

*DeRieux v. Five Smiths, Inc.*,
   499 F.2d 1321, 1332 (Temp. Emer. Ct. App. 1974) ........................................................... 13

*Facebook, Inc. v. Windy City Innovations, LLC*,
   953 F.3d 1313, 1339-43 (Fed. Cir. 2020) ........................................................... 2, 3, 7, 10

*Fund for Animals v. Frizzell*,
   530 F.2d 982, 988 (D.C. Cir. 1975) ........................................................... 17

*Gen. Plastic Indus. Co. v. Canon Kabushiki Kaisha*,
   IPR2016-01357, Paper 19 (P.T.A.B Sep. 6, 2017) ........................................................... 5, 6

*Greater Yellowstone Coal. v. Flowers*,
   321 F.3d 1250, 1258 (10th Cir. 2003) ........................................................... 14

*Harmonic Inc. v. Avid Tech., Inc.*,  815 F.3d 1356, 1367 (Fed. Cir. 2016) ........................................................... 5

*Hawaii Helicopter Operators Ass'n v. FAA*,
   51 F.3d 212, 214-215 (9th Cir. 1995) ........................................................... 12

*Hunt v. Wash. State Apple Advert. Comm'n*,
   432 U.S. 333, 343 (1977) ........................................................... 2

*Jifry v. FAA*,
   370 F.3d 1174, 1179-1180 (D.C. Cir. 2004) ........................................................... 12

*Kollett v. Harris*,
   619 F.2d 134, 140 n.5 (1st Cir. 1980) ........................................................... 18

*Lake Carriers' Ass'n v. EPA*,
   652 F.3d 1, 6 (D.C. Cir. 2011) ........................................................... 12, 13

*Long Term Care Pharm. Alliance v. Ferguson*,
   260 F. Supp. 2d 282 at 293-94 (D. Mass. 2003) ........................................................... 17

*Mack Trucks, Inc. v. EPA*,
   682 F.3d 87, 94 (D.C. Cir. 2012) ........................................................... 12

*Mass. v. Watt*,
   716 F.2d 946, 952 (1st Cir. 1983) ........................................................... 17

*Massachusetts v. EPA*,
   549 U.S. 497, 528 (2007) ........................................................... 6

*Morton v. Ruiz*,
   415 U.S. 199, 232 (1974) ........................................................... 4

*Natural Resources Defense Council v. Houston*,
   146 F.3d 1118, 1129 (9th Cir. 1998) ........................................................... 17

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A
PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

iv

*NHK Spring Co. v. Intri-Plex Techs., Inc.*,
   IPR2018-00752, Paper 8, at 20 (P.T.A.B. Sept. 12, 2018) ................................................ 6

*Northern Marianas Islands v. United States*,
   686 F. Supp. 2d 7, 17, 18 (D.D.C. 2009) ................................................................ 15, 16

*Olenhouse v. Commodity Credit Corp.*,
   42 F.3d 1560, 1573-74 (10th Cir. 1994) ................................................................ 10

*Public Citizen, Inc. v. Trump*,
   297 F. Supp. 3d 6, 17 (D.D.C. 2018) ................................................................ 2

*RoDa Drilling Co. v. Siegal*,
   552 F.3d 1203, 1210 (10th Cir. 2009) ................................................................ 14

*SAS Inst., Inc. v. Iancu*,
   138 S. Ct. 1348, 1356 (2018 ................................................................ 5

*Sierra Club v. Marsh*,
   872 F.2d 497, 503 (1st Cir. 1989) ................................................................ 17

*Sorenson Commc'ns, Inc. v. FCC*,
   755 F.3d 702, 706 (D.C. Cir. 2014) ................................................................ 12

*Sugar Cane Growers Cooperative of Florida v. Veneman*,
   289 F.3d 89, 94-95 (D.C. Cir. 2002) ................................................................ 15, 16

*Univ. of Texas v. Camenisch*,
   451 U.S. 390, 395 (1981) ................................................................ 9

*Util. Solid Waste Activities Grp. v. EPA*,
   236 F.3d 749, 755 (D.C. Cir. 2001) ................................................................ 13

*Winter v. Nat. Res. Def. Council, Inc.*,
   555 U.S. 7, 20 (2008) ................................................................ 10, 14

**Statutes**

35 U.S.C. § 261 ................................................................ 15

35 U.S.C. § 282 ................................................................ 7, 19

35 U.S.C. § 314(a) ................................................................ 1, 3, 5

35 U.S.C. § 314(b) ................................................................ 11

35 U.S.C. § 316(a)(2) ................................................................ 3, 6

35 U.S.C. § 316(b) ................................................................ 3, 8

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A
PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

v

35 U.S.C. § 316(e) ................................................................................................8

35 U.S.C. § 318(a, b) ...........................................................................................5

35 U.S.C. §§ 314(a) and 324(b) ..........................................................................7

35 U.S.C. §§ 314(a) and 324(b-c) ......................................................................6

35 U.S.C. §§ 315(d) and 325(d) .........................................................................6

5 U.S.C. § 553(b) ...............................................................................................12

5 U.S.C. § 706(1) .................................................................................................3

5 U.S.C. § 706(2)(D) ............................................................................................3

5 U.S.C. §§ 706(1), 706(2)(D) .............................................................................9

5 U.S.C. 551 .........................................................................................................4

**Other Authorities**

Patent Trial and Appeal Board Consolidated Trial Practice Guide (November 2019) ...........................5

President's Executive Order Number 13892 (Oct. 9, 2019) ...................................4, 5

**Regulations**

37 C.F.R. § 42.107(b). ........................................................................................11

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A
PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

vi

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as possible at a date and time to be determined by the Court, the motion for a temporary restraining order may be heard, in Courtroom 4, 5th Floor before the Honorable Edward J. Davila of the United States District Court for the Northern District of California, Proposed Intervenors US Inventor, Inc. and World Source Enterprises, LLC ("Proposed Intervenors") will move the Court for a temporary restraining order and a preliminary injunction enjoining Defendant, the United States Patent & Trademark Office ("USPTO"), and all persons acting under their direction, except as provided below, are enjoined from instituting AIA trials against any patent owner until such time as Defendant promulgates rules for the discretionary denial of AIA trial institution petitions in accordance with the notice-and-comment provisions of the APA. This motion is based on this Notice of Motion, the accompanying Memorandum and Points of Authorities and the concurrently filed declarations, and all other papers and arguments submitted in connection with this matter and any matters of which the Court may take judicial notice.

## I. INTRODUCTION

US Inventor has moved to intervene, and now seeks temporary and preliminary injunctive relief.[1] While this case remains pending, the Court should preliminarily enjoin the Defendant from instituting trial in any USPTO AIA review, until completion of proper and lawful notice-and-comment rulemaking. This is the only way to preserve the status quo for inventors nationwide (including patent-owner Intervenors and other membership of US Inventor), and thus protect the availability of a lawful remedy for the end of this case.

As reflected below, this is an emergency. US Inventor membership includes patentees who are presently facing newly filed AIA review petitions, but who lack the lawfully-promulgated agency rules that they need and that Congress mandated to show why the Director should use his discretion under 35

---

[1] Though the motion to intervene remains pending, US Inventor is likely to succeed on the merits of that intervention motion, and thus moves without delay for emergency relief. Permitting this motion supports

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

U.S.C. § 314(a) to deny a trial.[2] The very existence of valuable property rights is at stake. Patents dragged into instituted AIA trials are 84% likely to be invalidated versus 29% likely in federal court final decisions. The institution decision for most patentees is the only chance to avoid a procedural buzzsaw. In instituted AIA trials, patentees get no benefit from the statutory presumption of validity, nor the clear-and-convincing standard of proof that applies in district court. Patentees need (but lack) tools to avoid institution, and Congress required the Director to provide them through notice-and-comment rulemaking.

Just as this Court has addressed unlawful agency action through preliminary injunctions in Affordable Care Act and immigration asylum cases, it can address similar unlawful action by another government agency, the USPTO. Absence of proper rulemaking has led to more AIA "death squad" patent trials being instituted based on unclarity in how the Director applies "discretionary considerations" to decide whether it is fair to start a patent review. This uncertainty harms innovation and inventor-morale in our country, disincentivizes investment in research and development, and hobbles the formation and success of job-creating new enterprises.

<u>Likelihood of Success</u>: On the merits of US Inventor's claim,[3] the Federal Circuit recently held that the complained-of agency action is not lawful rulemaking. *Facebook, Inc. v. Windy City*

---

judicial economy by obviating the need for Intervenors to file a separate civil action, possibly in another district, in order to ask for this relief.

[2] Co-Intervenor World Source Enterprises ("WSE") joins in this motion. It is a proposed Intervenor who has already filed a preliminary response that includes discretionary arguments for denial. The institution decision in its proceeding, IPR2020-00768, issued on the date of this motion. WSE asked the Board to delay release of its institution decision until after this motion has been decided, but the Board declined.

[3] US Inventor is a nonprofit association whose standing is based on harm to itself, and harm to its membership. *See Public Citizen, Inc. v. Trump*, 297 F. Supp. 3d 6, 17 (D.D.C. 2018) ("organizational standing" allows entity to sue on its own behalf, "associational standing" to sue on behalf of its members). As explained in the Declaration of Josh Malone, ¶¶ 15-19, 21-25, the association membership includes entities suffering imminent irreparable harm from the absence of notice-and-comment rulemaking. *See also* Declarations of Svendsen and Honeycutt. This harm can be averted through a preliminary injunction. Thus, at least one of US Inventor's members has standing to sue in its own right, the interests that US Inventor seeks to protect here are germane to the organization's purpose, and the relief requested does not require participation of individual members (*e.g.*, there is no claim for

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

*Innovations, LLC*, 953 F.3d 1313, 1339-43 (Fed. Cir. 2020) (*reinstated on rehearing in relevant part*, slip op. Sept. 4, 2020). As held in *Facebook v. Windy City*, the Director of the United States Patent and Trademark Office does not engage in "rulemaking" when he takes the shortcut of designating Patent Trial and Appeal Board institution decisions "precedential." *Id.* at 1340 ("[T]here is no indication in the statute that Congress . . . intended [the Director] to engage in any rulemaking other than through the mechanism of prescribing regulations."). One of the areas in which the Director has made "precedential" designations, instead of promulgating notice-and-comment rules, is for the standards that will govern the agency's consideration of discretionary factors "for the showing of sufficient grounds to institute a review under [35 U.S.C. § 314(a)]."

But this agency practice flies in the face of the America Invents Act of 2011 ("AIA"). The AIA states that the "Director ***shall*** prescribe ***regulations***" on this topic. 35 U.S.C. § 316(a)(2) (emphasis added). The Federal Circuit has held that so-called "precedential" designations are not regulations. *Facebook*, 953 F.3d at 1339-43. Congress drafted the AIA so that the Director is forbidden from sidestepping notice-and-comment rulemaking fully addressing "sufficient grounds" for dragging a patent owner into an agency trial. The Administrative Procedure Act provides this Court the power to remedy this lapse by compelling agency action "unlawfully withheld" (5 U.S.C. § 706(1)), and by setting aside agency action "without observance of procedure required by law" (5 U.S.C. § 706(2)(D)).

<u>Irreparable Harm</u>: At present, there are 823 filed AIA trial petitions that are open and awaiting the institution decision. (Greenspoon Decl., Ex. 1, Lex Machina Report from September 24, 2020). The absence of notice-and-comment rulemaking affects every patent owner dragged into agency proceedings against their will. Intervenors in this case include patentees who have had to argue (and are currently arguing) against institution of an AIA trial based on discretionary considerations without the clarity and

damages, just injunctive relief). *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). US Inventor itself also has organizational standing (and suffers irreparable harm) based on the

certainty that would otherwise exist with rulemaking. US Inventor represents their interests, as well as the interests of specific members who (absent a preliminary injunction) must imminently file their Preliminary Response to a newly-filed AIA trial petition. Malone Dec. ¶¶ 15-19, 21-25; *see also* Declarations of Svendsen and Honeycutt. Such rulemaking would accomplish the Congressionally-required consideration of the effects on the economy and the integrity of the patent system (35 U.S.C. § 316(b)) in a way that ad hoc panel adjudications are not equipped to do. Additionally, US Inventor's day-to-day mission to teach inventors about how to position their patent rights against attack in AIA trials is more difficult with each day that passes without the clarity that can only come from notice-and-comment rulemaking on discretionary factors. On August 27, 2020, before the August 31, 2020 commencement of this suit by the original technology company plaintiffs, US Inventor had already filed a Petition for Rulemaking on this topic, because of its strong interest in teaching and serving its membership. Malone Dec. ¶ 22.

The President's Executive Order Number 13892 (Oct. 9, 2019) is consistent with US Inventor's motion. EO13892 recognizes the irreparable harm at issue here. It states: "Regulated parties must know in advance the rules by which the Federal Government will judge their actions. The Administrative Procedure Act (APA), 5 U.S.C. 551 et seq., was enacted to provide that 'administrative policies affecting individual rights and obligations be promulgated pursuant to certain stated procedures so as to avoid the ***inherently arbitrary nature*** of unpublished ***ad hoc determinations***.' *Morton v. Ruiz*, 415 U.S. 199, 232 (1974)" (emphasis added). The "inherently arbitrary nature" of the current AIA trial institution framework is causing national harm because it has morphed (and continues to morph) based on unfavored "ad hoc determinations."

<u>Balance of the Harms and the Public Interest</u>: Under Ninth Circuit standards, the "harm balancing" factor is analyzed in tandem with the "public interest" factor. This public interest factor

---

absence of notice-and-comment rulemaking interfering with the organization's day-to-day activities of

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

4

always weighs in favor of preliminary relief when it halts the unlawful action of a federal agency. All of the traditional preliminary injunction factors therefore exist.

For the reasons discussed below, the Court should grant US Inventor's motion for temporary and emergency preliminary relief, in the form of an injunction against AIA trial institution until lawful notice-and-comment rulemaking has occurred.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Structure and Statutory Background of AIA Trials

The USPTO administers patentability trials under the America Invents Act of 2011 ("AIA trials"). Within such trials (once instituted), the USPTO decides if the evidence presented by a petitioner requires cancellation of one or more patent claims. 35 U.S.C. § 318(a, b). Such AIA trials include IPR ("inter partes review") and PGR ("post grant review").

The administration of such trials occurs in two phases: an institution phase, and (if there is institution) a trial phase. The Director's decision whether to institute (which he has delegated to the Patent Trial and Appeal Board) includes legal and factual determinations, such as the level of merit of a petitioner's unpatentability argument. It also includes discretionary factors (*e.g.*, the impact of numerous factors relating to other court or other USPTO proceedings). *See, e.g.*, 35 U.S.C. §§ 314(a), 315(d), 325(d); Patent Trial and Appeal Board Consolidated Trial Practice Guide (November 2019), available at www.uspto.gov/sites/default/files/documents/tpgnov.pdf; *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020); *Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 (P.T.A.B Feb. 13, 2020); *Gen. Plastic Indus. Co. v. Canon Kabushiki Kaisha*, IPR2016-01357, Paper 19 (P.T.A.B Sep. 6, 2017). For example, if the original patent examiner handled the same prior art and arguments, the Director would weigh that fact toward denying institution. Likewise, if a federal trial involving the same prior art and arguments is imminent, the Director would

---

educating and advocating for inventors and small businesses. Malone Dec. ¶¶ 15, 24.

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

5

weigh that fact as well toward denying institution. But, these weighing factors did not arise through notice-and-comment rulemaking. They arose through ad hoc adjudications—the method the President rightly scorns in EO13892.

Important to this motion, the USPTO has plenary authority, unreviewable on appeal or mandamus, to deny review of any AIA trial petition for any reason. *Harmonic Inc. v. Avid Tech., Inc.,* 815 F.3d 1356, 1367 (Fed. Cir. 2016) ("the PTO is permitted, but never compelled, to institute an IPR proceeding"). "[T]he agency's decision to deny a petition is a matter committed to the Patent Office's discretion." *Cuozzo Speed Tech., LLC v. Lee,* 136 S. Ct. 2131, 2140 (2016). This discretion **comes from 35 U.S.C. § 314(a)**, which "invests the Director with discretion on the question *whether* to institute review. . . ." *SAS Inst., Inc. v. Iancu,* 138 S. Ct. 1348, 1356 (2018) (emphasis in original).

The formation of AIA trial standards must arise from rulemaking, because using ad hoc adjudication for this purpose is forbidden by statutory language. *Cf. SEC v. Chenery Corp.*, 332 U.S. 194, 203 (1947) (stating general rule that agency has a choice between adjudication or rulemaking). This is clear because the AIA expressly requires that "[t]he Director **shall** prescribe regulations…setting forth the standards for the showing of sufficient grounds to institute a review **under section 314(a)** [and] shall consider the effect of any such regulation on the economy, the integrity of the patent system, [and] the efficient administration of the Office." 35 U.S.C. 316(a)(2) and (b) (emphasis added). The word "shall" makes promulgation of regulations mandatory. When Congress gives an agency a mandatory duty to issue rules on a topic, the agency lacks the authority to set standards through adjudication. *Massachusetts v. EPA*, 549 U.S. 497, 528 (2007).

Despite this, the Director has set section 314(a) "sufficient ground" standards through ad hoc adjudicative decision making, not notice-and-comment rulemaking. The Director made precedential the ad hoc decision in *General Plastic Industrial Co., Ltd. v. Canon Kabushiki Kaisha*, IPR2016-01357 (Paper 19) (P.T.A.B. Sept. 6, 2017), to set down about a half dozen weighing factors to govern Board

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

6

discretion under 35 U.S.C. §§ 314(a) and 324(b-c) in deciding whether the relationship of a petition to other petitions should lead to discretionary denial. The Director made precedential the ad hoc decisions in *NHK Spring Co. v. Intri-Plex Techs., Inc.*, IPR2018-00752, Paper 8, at 20 (P.T.A.B. Sept. 12, 2018), and *Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 (P.T.A.B Feb. 13, 2020), to set down about a half dozen weighing factors to govern Board discretion under 35 U.S.C. §§ 315(d) and 325(d) in deciding whether the relationship of a petition to prior art and arguments considered during earlier patent examination, reexamination, or AIA reviews should lead to discretionary denial. The Director made precedential the ad hoc decision in *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11, at 5 (P.T.A.B. Mar. 20, 2020), to set down about a half dozen weighing factors to govern Board discretion under 35 U.S.C. §§ 314(a) and 324(b) and (c) in deciding whether the relationship to parallel court proceedings should lead to discretionary denial.

Thus, this case involves an agency (through its Director) that is duty-bound to promulgate notice-and-comment ***regulations*** governing the standards for what constitutes "sufficient grounds" to institute an AIA trial. Such "sufficient grounds" under section 314(a) include discretionary factors. The Director has not promulgated regulations on discretionary factors, but has instead announced standards through ad hoc adjudicative processes that the Federal Circuit in *Facebook v. Windy City* held do not qualify as notice-and-comment regulations, *see* 953 F.3d at 1339-43, and that the President has criticized in EO13892.

## B. Effect of the Lack of Promulgated Rules on the Discretionary Factors Governing AIA Trial Institution Decisions

AIA trials are expensive and often ruinous to defend. In costs and legal fees, patent owners can expect to spend on average $451,000 per patent. 2017 AIPLA Report of the Economic Survey, at I-163. This sum gets spent just to maintain the status quo of keeping a patent that the law already presumed to be valid. 35 U.S.C. § 282. Patent owners who are dragged into an AIA trial have no upside—the USPTO cannot adjudicate infringement and cannot award damages. This is on top of the costs and fees already

expended just to obtain the patent right, which can be considerable, sometimes more than $100,000 per patent. Government fees spent on filing, issuing and maintaining each such patent often exceed $10,000, but (under current law) a declaration of invalidity in an AIA trial does not entitle the patent owner to any refund of such fees for the "mistaken" work by the government during original examination.

AIA trials, once instituted, proceed without a jury and impose about an 84% likelihood of invalidation. Malone Dec. ¶ 11. This is at least 2-3 times higher than in district court proceedings, which afford more procedural protections, a presumption of validity (including deference due a qualified government agency official presumed to have performed his or her job), and a clear and convincing burden of proof of invalidity. Malone Dec. ¶ 11. By contrast, in an AIA trial, an attacker only needs to prove a theory of invalidity by a preponderance of the evidence. 35 U.S.C. § 316(e). A patentee also has no Seventh Amendment right to trial by jury, as it does in federal court when trying patent validity. Thus, the institution decision effectively determines the fate of the business of the patent owner, implicating 35 U.S.C. § 316(b).

Compared to setting standards through ad hoc adjudications, notice-and-comment rulemaking by administrative agencies provides benefits of public participation and transparency. Rulemaking instills greater predictability by allowing rules to be known in advance, and creating a framework for public scrutiny if agency policy changes. In this case in particular, the Director bestowing a "precedential" designation on an ad hoc adjudication decision can just as easily remove it the next day without notice or comment. For AIA trial institution standards in particular, Congressionally-mandated rulemaking must take into account policy factors that no ad hoc adjudication panel under time pressure to release a decision could possibly handle properly: "In prescribing regulations under this section, the Director shall consider the effect of any such regulation on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter." 35 U.S.C. § 316(b).

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

8

### III. ISSUE TO BE DECIDED

Do "precedential" designations of ad hoc adjudicative decisions of the Patent Trial and Appeal Board on the topic of discretionary standards to be used by the Director for deciding if there are "sufficient grounds" to institute an AIA trial lawfully substitute for notice-and-comment regulations on this topic, which Section 316 of the AIA commands the Director to promulgate?

### IV. ARGUMENT

All preliminary injunction factors weigh in favor of granting US Inventor's requested restraining order and injunction.

Congress ceded to the Director absolute discretion to deny AIA trial institution, but on an important condition. The Director first had to consult with stakeholders before legislating how he would use this power, via mandatory notice-and-comment rulemaking. This has not yet occurred. Instead, the Director's procedure for labeling certain ad hoc adjudications as "precedential" constitutes reviewable final agency action that the USPTO employs "without observance of procedure required by law," such that proper and required rulemaking on this topic is "agency action unlawfully withheld." 5 U.S.C. §§ 706(1), 706(2)(D).

US Inventor membership is thereby unable to cite or invoke the protection of promulgated rules on this topic in upcoming and imminent USPTO filings. The rule-substitutes (*i.e.*, ad hoc adjudications labeled "precedential" without notice) did not include any procedure whereby US Inventor or its membership could submit its input and feedback for mandatory consideration. Furthermore, the Director is capable of starting the rulemaking process now. For reasons explained below, US Inventor is therefore entitled to a preliminary injunction on behalf of itself and its membership against any institution-grant pending the Director's mandatory rulemaking. During such injunction, any member of the public who truly requires patentability review will remain able to invoke either ex parte reexamination at the USPTO, or a civil action for invalidity in U.S. District Court.

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

## A. Standard of Review for Preliminary Injunctions in APA Cases

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted).

To obtain a preliminary injunction, the party must demonstrate that (1) it "is likely to succeed on the merits," (2) it "is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Courts evaluate these factors on a "'sliding scale approach,' such that serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011)).

Judicial review of agency action is governed by the standards set forth in § 706 of the APA, requiring the reviewing court to engage in a "substantial inquiry." *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1573-74 (10th Cir. 1994) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)). "[T]he essential function of judicial review is a determination of (1) whether the agency acted within the scope of its authority, (2) whether the agency complied with prescribed procedures, and (3) whether the action is otherwise arbitrary, capricious or an abuse of discretion." *Id.* at 1574.

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

10

**B.  US Inventor Has Established a Likelihood of Success on the Merits**

Agency-published standards governing the Director's exercise of discretion must be held "unlawful and set aside" because they are "without observance of procedure required by law." Decisions marked "precedential" by the Director such as *General Plastics* and *Fintiv* are not notice-and-comment rulemaking. The Federal Circuit in *Facebook v. Windy City* already effectively ruled as much. *Facebook*, 953 F.3d at 1339-43. Further, discretionary standards must come about through rulemaking. The Court should "compel" agency action that has been "unlawfully withheld"—the rulemaking itself. The agency is equipped to do this with maximum speed, because US Inventor already submitted a Petition for Rulemaking on August 27, 2020, which the Director may act upon immediately. Malone Dec. ¶ 22.

Using "precedential" ad hoc decisions as a substitute for rulemaking cannot be reconciled with the plain language of the AIA. The implementing statute, section 316(a), holds that the Director "shall" promulgate regulations on what constitutes "sufficient grounds" to institute trial under Section 314(a). In turn, section 314(a) is the source of the Director's plenary discretion to deny review. Putting these two provisions together, the Director is under command from Congress to promulgate rules governing his application of discretionary factors to the decision of whether "sufficient grounds" exist to institute an AIA trial, either IPR or PGR. After *Facebook v. Windy City*, it is beyond debate that the Director's current practice of marking certain decisions "precedential" does not constitute that required rulemaking. Even the original Plaintiffs in this civil action agree on this point (Apple, Intel, Cisco and Google). *See* ECF#1, Complaint, Count 3, ¶¶ 88-91.

Using "precedential" ad hoc adjudications this way contravenes the rulemaking directive. There is simply no way that Congress could have envisioned ad hoc time-constrained adjudicative decisions by randomly-assigned PTAB panels meeting the requirements of section 316(b). Under section 316(b), the rulemaking process itself must factor in, for each rule, the effect on the economy, the integrity of the

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

patent system, the efficient administration of the USPTO as a whole, and the ability of the USPTO to timely complete proceedings. Only the deliberation and public input that comes from transparent notice-and-comment rulemaking could permit the Director to meet such requirements.

Based on timelines established for AIA trial reviews, a particular panel has only six months from the filing of a petition to issue a reasoned institution decision. 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b). This leaves only three months for deliberation after the patentee files its arguments. *Id.* And such briefing does not permit participation of the public, or of experts like USPTO economists, outside economists, or public policy specialists. Only the adversaries participate.

The Director thus evaded his obligations under the APA by promulgating substitutes for rules through his "precedential" designations without proper notice and comment. The APA requires agencies to provide the public notice and an opportunity to be heard before promulgating a regulation. The agency must publish in the Federal Register a notice of proposed rulemaking that includes "(1) a statement of the time, place, and nature of public rule making proceedings; (2) reference to the legal authority under which the rule is proposed; and (3) either the terms or substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. § 553(b). After the notice has issued, "the agency shall give interested persons an opportunity to participate in the rulemaking through submission of written data, views, or arguments with or without opportunity for oral presentation." *Id.* § 553(c). This has not happened.

In narrow circumstances, the APA exempts agencies from this notice and comment process where they can show "good cause" that the process would be either "impracticable, unnecessary, or contrary to the public interest." *Id.* § 553(b)(B). The burden is on the agency to demonstrate good cause, and courts have interpreted the exception narrowly. *See, e.g., Lake Carriers' Ass'n v. EPA*, 652 F.3d 1, 6 (D.C. Cir. 2011) (exception "'must be narrowly construed and only reluctantly countenanced'"). An agency's legal conclusion that good cause has been shown is entitled to no deference. *Sorenson*

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

12

*Commc'ns, Inc. v. FCC*, 755 F.3d 702, 706 (D.C. Cir. 2014). "Impracticability" is confined to emergency situations that will result in substantial injury absent immediate action. *See Jifry v. FAA*, 370 F.3d 1174, 1179-1180 (D.C. Cir. 2004) (good cause shown where rule necessary to combat the "threat of further terrorist acts involving aircraft in the aftermath of September 11, 2001"); *Hawaii Helicopter Operators Ass'n v. FAA*, 51 F.3d 212, 214-215 (9th Cir. 1995). "Unnecessary" circumstances arise only where the rule effects a minor change or when providing notice and comment could not conceivably produce a different result. *See Lake Carriers' Ass'n*, 652 F.3d at 10 (declining to remand for notice and comment where it would be "futile" and "serve[] no purpose"); *Mack Trucks, Inc. v. EPA*, 682 F.3d 87, 94 (D.C. Cir. 2012) (notice and comment is unnecessary where the rule "'is a routine determination, insignificant in nature and impact, and inconsequential to the industry and to the public'"). A rule is "contrary to the public interest" in the unusal circumstance where "'the interest of the public would be defeated by any requirement of advance notice,'" such as when "announcement of a proposed rule would enable the sort of financial manipulation the rule sought to prevent." *Util. Solid Waste Activities Grp. v. EPA*, 236 F.3d 749, 755 (D.C. Cir. 2001); *see also DeRieux v. Five Smiths, Inc.*, 499 F.2d 1321, 1332 (Temp. Emer. Ct. App. 1974).

  Here, it is undisputed that the Director bypassed the required notice and comment requirements of the APA, and thus it is his burden to demonstrate good cause for such action. The Director has not identified an emergency situation and has not shown that public interest would be defeated by notice. To the contrary, it is reasonable to assume that "precedential" discretionary standards would be of considerable public interest, which militates in favor of allowing more public review—not less.

  Nor does the Director have specific statutory authority to issue these "precedential" designations without notice and comment. Aside from demonstrating good cause, agencies are excused from the notice and comment requirement only "when a subsequent statute 'plainly expresses a congressional intent to depart from normal APA procedures.'" *Lake Carriers' Ass'n*, 652 F.3d at 6 (citation omitted);

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

13

*see also* 5 U.S.C. § 559 (a "[s]ubsequent statute may not be held to supersede or modify this subchapter . . . except to the extent it does so expressly"). Here, no statute exists that the Director might identify.

The Director has not demonstrated and cannot demonstrate good cause for failing to give any notice to the public or allowing for public comment before his "precedential" designations took immediate effect. Notice and comment is particularly important when it allows affected parties to explain the practical effects of a rule before it is implemented, and ensures that the agency proceeds in a fully informed manner, exploring alternative, less harmful approaches. Unlike a rule, a Director's bestowal of a "precedential" label on an adjudicative decision could be reversed or retracted without notice by himself or a subsequent office holder. Because the Director failed to follow section 553's notice and comment procedures, the "precedential" designations for how the Director considers discretionary factors incident to determining if there are "sufficient grounds to institute" under section 314(a) are invalid. As will be discussed later, this means that the Director should be required to deny *all* AIA trial review petitions pending completion of rulemaking.

Since "precedential" designations that create standards governing discretionary factors have occurred without observance of procedure required by law, and since rulemaking has been unlawfully withheld, US Inventor has established a likelihood of success on the merits.

### C.  US Inventor Has Established Irreparable Harm Absent an Injunction

The current unlawful sidestep of proper notice-and-comment rulemaking is likely to inflict irreparable harm on the US Inventor and its membership. *See Winter*, 555 U.S. at 22. The irreparable harm factor requires a party "seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (emphasis in original). To satisfy the irreparable harm requirement, a movant must demonstrate "'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003)).

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

14

A court must further assess "'whether such harm is likely to occur before the district court rules on the merits.'" *Id.* (quoting *Greater Yellowstone Coal*, 321 F.3d at 1260). Imminent economic loss may be considered under appropriate circumstances. *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011) (explaining that while economic loss is usually insufficient to constitute irreparable harm, "imposition of money damages that cannot later be recovered for reasons such as sovereign immunity constitutes irreparable injury"); *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 756, 770-71 (10th Cir. 2010) (finding trade associations' members were likely to suffer irreparable harm from compliance costs related to Oklahoma law that might total more than $1,000 per business per year because such costs were unrecoverable due to sovereign immunity).

US Inventor's membership is subject to harm when "'deprived of a procedural protection to which [they] are entitled'" under the APA, including the opportunity to shape the rules through notice and comment. *Northern Marianas Islands v. United States*, 686 F. Supp. 2d 7, 17, 18 (D.D.C. 2009) (quoting *Sugar Cane Growers Cooperative of Florida v. Veneman*, 289 F.3d 89, 94-95 (D.C. Cir. 2002)). The threat of harm here is palpable. Each day patentees get dragged into AIA trial institution proceedings without clarity and balance in the governing discretionary standards that only notice-and-comment rulemaking can bring is a day that patentees are deprived of a tool for persuading the PTAB to keep their patent out of an 84% invalidation-rate process, in favor of a 29% invalidation-rate process that offers more procedural protections to patent owners—district court litigation. Malone Dec. ¶ 11.

The imminent harm at issue for US Inventor's membership is irreparable for at least two reasons. First, property is at stake, not just damages. Patent rights "have the attributes of personal property." 35 U.S.C. § 261. Making a class of property owners more likely to be dragged into a process that virtually guarantees their loss of valuable exclusionary property rights is a type of irreparable harm that equity can and should address. Second, specific US Inventor members face imminent deadlines for crafting arguments and filing their Preliminary Response to oppose institution of newly-filed petitions. Malone

Dec. ¶ 21-25; *see also* Declarations of Svendsen and Honeycutt. Such members have no rule-based guidance over how to present discretionary factors as a basis for denial of the petitions they are now facing, under deadline. They previously had no way to participate in a full notice-and-comment process for the creation of discretionary factor rules. What guidance patentees do have comes from "precedentially"-designated ad hoc adjudication decisions that list mere weighing factors, without instructions on exactly how the weighing will occur in future cases. Malone Dec. ¶ 20.

Notice-and-comment rules, and particularly rules that first have factored in the effect on the economy and the integrity of the patent system of AIA trial institutions, will reduce the economic burden and uncertainty of crafting arguments opposing institution. Malone Dec. ¶¶ 23-24. For example, if notice-and-comment results in promulgation of the rules that US Inventor has proposed in its Petition for Rulemaking, there is no weighing of factors. If certain factors are present, PTAB panels must deny institution. If no such factors are present, the PTAB may proceed and possibly grant institution if the merits of the invalidity argument are strong enough.

For US Inventor as an organization, it is presently hamstrung in its efforts to teach inventors about keeping their patents free of AIA trial reviews. And it has been deprived of a procedural vehicle for presenting notice-and-comment on published proposed rules. The current style of "precedential" decision labeling does not let it cogently teach its membership what factors that govern the Director's discretion will lead him to deny institution. In the absence of rules, US Inventor is temporarily forced to advise its members that not participating in the U.S. patent system, reducing investments in inventing, and/or to keeping their inventions secret may now (solely because of AIA trial reviews) be the best way forward for their situation. These mitigation measures undermine our core mission of fostering innovation and helping inventors to achieve the American Dream, build businesses, and create jobs. Malone Dec. ¶ 26. Thus US Inventor is also suffering its own irreparable harm, curable through entry of the requested preliminary injunction.

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

16

Finally, irreparable harm resulted here because the Director has deployed substantive administrative rules in the absence of notice and comment procedural requirements of the APA. "A party experiences actionable harm when 'deprived of a procedural protection to which he is entitled' under the APA." *Northern Marianas Islands*, 686 F. Supp. 2d at 17 (quoting *Sugar Cane Growers*, 289 F.3d at 94-95); *accord California v. HHS*, 281 F. Supp. 3d 806, 829-30 (N.D. Cal. 2017) ("A procedural injury may serve as a basis for a finding of irreparable harm when a preliminary injunction is sought."), *vacated in part and affirmed in part on other grounds*, *California v. Azar*, 911 F.3d 558 (9th Cir. 2018). Denial of notice and comment rights constitutes irreparable harm where, as here, "significant administrative action is taken that might adversely affect … substantial rights." *Dartmouth-Hitchcock Clinic v. Toumpas*, 856 F. Supp. 2d 315, 325 (D.N.H. 2012) (holding that deprivation of notice-and-comment rights under Section 13(A) of the Medicaid Act constituted irreparable injury); *see also Long Term Care Pharm. Alliance v. Ferguson*, 260 F. Supp. 2d 282, 293-94 (D. Mass. 2003) (holding that failure to give notice in Medicaid rate-setting process is irreparable injury), *vacated on other grounds*, 362 F.2d 50 (1st Cir. 2004). Indeed, "[d]ue process in the form of adequate notice of a proposed rulemaking is assured by section 553 of the [APA]." *Fund for Animals v. Frizzell*, 530 F.2d 982, 988 (D.C. Cir. 1975); *accord California v. HHS*, 281 F.Supp.3d at 825 ("The APA's notice and comment requirement reflects Congress' 'judgment that notions of fairness and informed administrative decisionmaking . . . be made only after affording interested persons notice and an opportunity to comment.'") (citations omitted).

Courts have cogently explained several reasons why depriving parties of notice-and-comment rights constitutes irreparable harm. First, denial of notice-and-comment procedural rights creates high administrative inertia with respect to an illegally developed rule. "[A]s time goes on, it will be ever more difficult to undo an improper decision (a decision that, in the presence of adequate . . . information, might have come out differently)." *Sierra Club v. Marsh*, 872 F.2d 497, 503 (1st Cir. 1989) (Breyer, J.);

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

17

*accord Mass. v. Watt*, 716 F.2d 946, 952 (1st Cir. 1983) ("It is far easier to influence an initial choice than to change a mind already made up."). "The difficulty of stopping a bureaucratic steam roller, once started, . . . seems . . . a perfectly proper factor for a district court to take into account . . . on a motion for a preliminary injunction." *Sierra Club*, 872 F.2d at 504; *accord Natural Resources Defense Council v. Houston*, 146 F.3d 1118, 1129 (9th Cir. 1998) ("The failure to respect the process mandated by law cannot be corrected with post-hoc assessments of a done deal.").

Second, ad hoc regulations (provided by way of designating opinions as "precedential") do not provide regulated parties with "fair warning." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2167 (2016) (explaining that agencies should provide parties with "fair warning" and not "unfair surprise"); *accord Kollett v. Harris*, 619 F.2d 134, 140 n.5 (1st Cir. 1980) (indicating that where affected persons "have not been afforded an opportunity to comment . . . it is more likely that significant factors will overlooked or too easily discounted. In contrast . . . inviting public comment . . . provides further assurance of agency exposure to the various considerations, and militates against post hoc review of the agency's reasoning process.").

In short, failure itself to abide by statutory procedural mandates, such as the notice and comment requirements of the APA, causes irreparable harm to US Inventor and its membership under the facts of this case. *See, e.g., Citizens for Better Forestry v. United States Dep't of Agric.*, 481 F. Supp. 2d 1059, 1100 (N.D. Cal. 2007) ("The irreparable harm in this case stems from the agency's failure to follow the statutes' procedural mandates, which required it to undertake an evaluation . . . and also to open the rule up to public notice and comment.").

### D. US Inventor Has Established that the Balance of the Equities and the Public Interest Factors Favor a TRO and Preliminary Injunction

When the government is a party, the Court considers the balance of the equities and the public interest together. *California v. Azar*, 911 F.3d at 581. Here, the "public interest is served by compliance with the APA: 'the APA creates a statutory scheme for informal or notice-and-comment rulemaking

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

18

reflecting a judgment by Congress that the public interest is served by a careful and open review of proposed administrative rules and regulations.'" *Id.* (quoting *Alcaraz v. Block*, 746 F.2d 593, 610 (9th Cir. 1984)). Importantly, it "does not matter that notice and comment could have changed the substantive result; the public interest is served from proper process itself." *Id.* at 581-82.

Independent of the presumption that the public interest favors injunctive relief, the evidence does as well. Patent owners are dragged unwillingly into a process as to whose governing standards (on discretionary considerations) they had no input, and find no clarity. This process potentially destroys their ability to protect their hard-won intellectual property, build businesses and create jobs. Meanwhile, in those rare cases where post-grant patent review is in the public interest during the temporary pendency of the preliminary injunction sought here, the Director has the ability to institute an ex parte reexamination proceeding on his own initiative. 37 C.F.R. § 1.520. Third parties (like accused infringers) also retain the ability to start an ex parte reexamination, or seek court declarations of invalidity if they can meet the threshold for standing in federal court.

Thus, while the Director's current framework for applying discretionary factors on institution harms US Inventor and its membership, temporarily enjoining that framework through required denial of institution pending final resolution of this litigation does not harm the Director, nor any member of the public.

**E. The Temporary Equitable Remedy**

Of course, the Director must retain full power to deny institution. The statutory text, the Supreme Court and the Federal Circuit have all ascribed absolute discretion to the Director to deny institution. To harmonize the Director's absolute denial discretion with his violation of the APA through faulty "rulemaking" described above is simple. Just call a halt. Temporarily until the conclusion of this

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

19

litigation, or until his obligation to promulgate rules is discharged, this Court should confine the Director

solely to denials (or at least, stays) of all current and upcoming institution decisions.[4]

When weighing the factors and the ultimate equitable relief, particular attention should be given

to preserving the status quo. *Chalk v. U.S. Dist. Court Cent. Dist. Cal.*, 840 F.2d 701, 704 (9th Cir.

1988) ("The basic function of a preliminary injunction is to preserve the status quo pending a

determination of the action on the merits."). Here, the status quo is the presumption of validity of every

issued United States patent, 35 U.S.C. § 282, along with the longstanding ability of either the Director or

an infringer to test that validity through non-AIA trial means (*e.g.*, ex parte reexamination and/or federal

court litigation). While the lack of proper rulemaking on discretionary factors will inflict grave and

lasting harm upon US Inventor, its membership and similarly situated patentees, the Director will suffer

little if any harm if the Court guides him (temporarily) to exercise discretion in all cases to deny

institution (or stay it), pending the conclusion of this case or compliant rulemaking. The other significant

and meaningful alternatives for testing patent validity will make sure that neither the Director nor any

interested private entity will suffer harm while lawful procedures emerge. US Inventor already

submitted a Petition for Rulemaking on this topic on August 27, 2020. No impediment stands in the way

of the Director beginning lawful notice-and-comment rulemaking immediately.

## V.  CONCLUSION

US Inventor respectfully requests that this Court grant the motion for a temporary restraining

order and a preliminary injunction, guiding the USPTO Director to deny all AIA trial institutions

pending the completion of lawful rulemaking under 35 U.S.C. § 316 on the topic of discretionary factors

under 35 U.S.C. § 314(a).

---

[4] The Court may recognize in its injunction order that patent owners in specific proceedings might consent to move forward with an otherwise-grantable AIA trial.

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD

Dated: September 25, 2020                  Respectfully submitted,

                                                  */s/ Lewis E. Hudnell, III*
                                                  Lewis E. Hudnell, III (CASBN 218736)
                                                  lewis@hudnelllaw.com
                                                  HUDNELL LAW GROUP P.C.
                                                  800 W. El Camino Real Suite 180
                                                  Mountain View, California 94040
                                                  T: 650.564.3698
                                                  F: 347.772.3034

                                                  Robert P. Greenspoon (*pro hac vice* forthcoming)
                                                  rpg@fg-law.com
                                                  FLACHSBART & GREENSPOON LLC
                                                  333 N. Michigan Ave., Suite 2700
                                                  Chicago, IL  60601-3901
                                                  Phone:  (312) 551-9500
                                                  Fax:  (312) 551-9501

                                                  Attorneys for Proposed Intervenors
                                                  US INVENTOR, 360 HEROS, INC.,
                                                  LARRY GOLDEN, WORLD SOURCE ENTERPRISES,
                                                  LLC, DARELTECH LLC, TINNUS ENTERPRISES,
                                                  LLC, CLEARPLAY, INC., E-WATCH, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 25th day of September, 2020.  The undersigned also certifies that the following counsel are being served with a copy of the foregoing document by email:

LESLEY FARBY
Lesley.Farby@usdoj.gov
Assistant Branch Director
LESLIE COOPER VIGEN
Leslie.Vigen@usdoj.gov
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Room 11508
Washington, DC 20005
(202) 305-0727 (phone)
(202) 616-8202 (fax)


By: */s/Lewis E. Hudnell, III*
  Lewis E. Hudnell, III
  Hudnell Law Group P.C.
  800 W. El Camino Real Suite 180
  Mountain View, California 94040
  T: 650.564.3698
  F: 347.772.3034
  lewis@hudnelllaw.com

US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION
Case No. 5:20-CV-06128-EJD