JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
LESLEY FARBY
Assistant Branch Director
GARY FELDON, D.C. Bar No. 987142
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20044
Telephone:  (202) 598-0905
Facsimile:  (202) 616-8470
Email: gary.d.feldon@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., *et al.* | ) |
| | ) Case No.: 5:20-cv-06128-EJD |
| Plaintiffs, | ) |
| | ) **Opposition to US Inventor's TRO/Motion** |
| v. | ) |
| | ) Hon. Edward J. Davila |
| ANDREI IANCU, in his official capacity only, | ) |
| | ) Hearing Set for January 14, 2021, |
| Defendant. | ) at 9:00 a.m. |
| | ) |

1

## **TABLE OF CONTENTS**

2

LEGAL BACKGROUND ........................................................................................................... 1

I.       Statutory Framework ................................................................................................ 2

II.      Regulatory Framework ............................................................................................. 4

III.     Precedential Board Opinions .................................................................................... 5

IV.      Factors for Discretionary Denial of IPR Petitions .................................................. 5

PROCEDURAL HISTORY ....................................................................................................... 6

LEGAL STANDARD ................................................................................................................ 7

ARGUMENT ............................................................................................................................. 8

I.       US Inventor Cannot Establish a Likelihood of Success on the Merits...................... 8

  A.   U.S. Inventor's Claim to Compel Rulemaking Lacks Merit. ................................... 8

       1.     U.S. Inventor's Claim to Compel is Procedurally Improper Because the USPTO
              Has Not Denied a Petition for Rulemaking. ................................................. 9

       2.     U.S. Inventor's Claim to Compel Lacks Substantive Merit Because the USPTO Has
              Already Issued the Regulation at Issue. ......................................................... 9

  B.   U.S. Inventor's Claim to Set Aside the Director's Designation of Precedential
       Decisions Similarly Lacks Merit. ............................................................................. 8

       1.     The Factors for Discretionary Denial of *Inter Partes* Review are Committed to
              Agency Discretion. ........................................................................................ 9

       2.     Establishing a Non-Exhaustive List of Factors to Consider When Exercising
              the Director's Discretion is Not a Final Agency Action Subject to Review. .............. 12

       3.     The Director May Guide the Board's Exercise of His Discretion by
              Designating Opinions as Precedential Without Undertaking
              Notice-and-Comment Rulemaking. ............................................................... 13

II.      US Inventor Fails to Establish Irreparable Harm. ................................................. 17

II.      The Balance of the Equities and the Public Interest Weigh Against Granting US Inventor
         the Sweeping Preliminary Injunctive Relief It Seeks........................................... 17

CONCLUSION ....................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Am. Mining Congress v. Mine Safety & Health Admin.*,
　　995 F.2d 1106 (D.C. Cir. 1993)............................................................ 14

*Anderson v. United States*,
　　612 F.2d 1112 (9th Cir. 1979) ................................................................ 7

*Apple Inc.* v. *Fintiv, Inc.*,
　　IPR2020-00019, 2020 WL 2126495, (P.T.A.B. Mar. 20, 2020).......................... 2, 6, 14

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
　　941 F.3d 1320 (Fed. Cir. 2019) .............................................................. 2

*Auer v. Robbins*,
　　519 U.S. 452 (1997) ............................................................................ 9

*California by & through Becerra v. Azar*,
　　950 F.3d 1067 (9th Cir. 2020) ........................................................... 8, 17

*Califano v. Yamasaki*,
　　442 U.S. 682 (1979) ............................................................................ 7

*California v. Azar*,
　　911 F.3d 558 (9th Cir. 2018) ................................................................ 19

*Clark v. Busey*,
　　959 F.2d 808 (9th Cir. 1992) .................................................................. 9

*Colwell v. Dep't of Health & Human Servs.*,
　　558 F.3d 1112 (9th Cir. 2009) ................................................................ 14

*Cuozzo Speed Techs., LLC v. Lee*,
　　136 S. Ct. 2131 (2016) ................................................................. *passim*

*Dalton v. Specter*,
　　511 U.S. 462 (1994) ............................................................................ 12

*Disabled Am. Veterans v. Sec'y of Veterans Affairs*,
　　859 F.3d 1072 (Fed. Cir. 2017) .............................................................. 14

*Drakes Bay Oyster Co. v. Jewell*,
　　747 F.3d 1073 (9th Cir. 2014) ................................................................ 19

*E. Bay Sanctuary Covenant v. Trump*,
　　349 F. Supp. 3d 838 (N.D. Cal. 2018)................................................... 17, 19

*Erringer v. Thompson*,
　　371 F.3d 625 (9th Cir. 2004) ................................................................ 14

*Esso Standard Oil Co. v. Cotto*,
　　389 F.3d 212 (1st Cir. 2004) ................................................................ 18

*Facebook, Inc. v. Windy City Innovations, LLC*,
    953 F.3d 1313 (Fed. Cir. 2020) ............................................................................ 15, 16

*Franklin v. Massachusetts*,
    505 U.S. 788 (1992) ................................................................................................ 12

*FTC v. Standard Oil Co. of Cal.*,
    449 U.S. 232 (1980) ................................................................................................ 18

*Garcia v. Google, Inc.*,
    786 F.3d 733 (9th Cir. 2015) .................................................................................... 7

*General Plastic Co., Ltd.* v. *Canon Kabushiki Kaisha*,
    IPR2016-01357, 2017 WL 3917706 (P.T.A.B. Sept. 6, 2017) .................................. 2

*Harmonic Inc. v. Avid Tech., Inc.*,
    815 F.3d 1356 (Fed. Cir. 2016) ................................................................................. 2

*Heckler v. Cheney*,
    470 U.S. 821 (1985) ............................................................................................ 11, 12

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
    593 F.3d 923 (9th Cir. 2010) .................................................................................... 9

*Hemp Indus. Ass'n v. DEA*,
    333 F.3d 1082 (9th Cir. 2003) ................................................................................ 13

*Hyatt v. U.S. Patent & Trademark Office*,
    904 F.3d 1361 (Fed. Cir. 2018) ................................................................................ 9

*In re Dumont*,
    581 F.3d 1104 (9th Cir. 2009) ................................................................................ 18

*In re Int'l Union, United Mine Works of Am.*,
    231 F.3d 51 (D.C. Cir. 2000) .................................................................................. 10

*L.A. Haven Hospice, Inc. v. Sebelius*,
    638 F.3d 644 (9th Cir. 2011) .................................................................................... 7

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................ 17, 18

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*,
    138 S. Ct. 1365 (2018) ............................................................................................. 3

*Optinrealbig.com, LLC v. Ironport Sys., Inc.*,
    323 F. Supp. 2d 1037 (N.D. Cal. 2004) .................................................................. 17

*Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*,
    636 F.3d 1150 (9th Cir. 2011) .................................................................................. 7

*Patel v. Facebook, Inc.*,
    932 F.3d 1264 (9th Cir. 2019) ................................................................................ 17

*Petroleum Exploration, Inc. v. Public Serv. Comm'n*,

304 U.S. 209 (1938) ................................................................................................ 18

*Planned Parenthood of Wis., Inc. v. Azar*,
  316 F. Supp. 3d 291 (D.D.C. 2018)........................................................................ 13

*Sacora v. Thomas*,
  628 F.3d 1059 (9th Cir. 2010) ...................................................................... 13, 14, 15

*Saint Regis Mohawk Tribe v. Mylan Pharmaceuticals Inc.*,
  896 F.3d 1322 (Fed. Cir. 2018) ........................................................................ 11, 18

*SAS Inst., Inc. v. Iancu*,
  138 S. Ct. 1348 (2018) ............................................................................................. 3

*Sierra Club v. Johnson*,
  614 F. Supp. 2d 998 (N.D. Cal. Jul. 28, 2008) ........................................................ 11

*Stanley v. Univ. of S. Cal.*,
  13 F.3d 1313 (9th Cir. 1994) .................................................................................... 7

*Tex. Children's Hosp. v. Azar*,
  315 F. Supp. 3d 322 (D.D.C. 2018)........................................................................ 14

*Thomas v. Anchorage Equal Rights Comm'n*,
  220 F.3d 1134 (9th Cir. 2000) ................................................................................ 17

*Thryv, Inc. v. Click-to-Call Techs., LP*,
  140 S. Ct. 1367 (2020) .................................................................................. 3, 11, 19

*Triangle Const. & Maint. Corp. v. Our Virgin Islands Labor Union*,
  425 F.3d 938 (11th Cir. 2005) ................................................................................ 18

*Ukiah Valley Med. Ctr. v. FTC*,
  911 F.2d 261 (9th Cir. 1990) .................................................................................. 18

*Valero Energy Corp. v. EPA*,
  927 F.3d 532 (D.C. Cir. 2019)................................................................................ 12

*Weight Watchers Int'l., Inc. v. FTC*,
  47 F.3d 990 (9th Cir. 1995) ...................................................................................... 9

*Weinberger v. Romero-Barcelo*,
  456 U.S. 305 (1982) .................................................................................................. 7

*White v. Univ. of Cal.*,
  765 F.3d 1010 (9th Cir. 2014) .................................................................................. 8

*Wilson v. Lynch*,
  835 F.3d 1083 (9th Cir. 2016) ...................................................................... 13, 14, 15

*Winter v. Natural Resources Defense Council, Inc.*,
  555 U.S. 7 (2008) .................................................................................................. 1, 7

**Statutes**

5 U.S.C. § 553 ................................................................................................................. 13

5 U.S.C. § 553(b) ............................................................................................................ 13

5 U.S.C. § 553(e) .............................................................................................................. 6

5 U.S.C. § 706(1) .......................................................................................................... 6, 10

5 U.S.C. § 706(2) .............................................................................................................. 6

5 U.S.C. § 701(a)(2) ................................................................................................ 8, 10, 11

28 U.S.C. § 2401(a) .......................................................................................................... 9

35 U.S.C. § 2(b)(2)(A) ...................................................................................................... 4

35 U.S.C. § 3(a)(2) ............................................................................................................ 5

35 U.S.C. § 3(a)(2)(A) .................................................................................................. 2, 15

35 U.S.C. § 6(a) ............................................................................................................. 4, 5

35 U.S.C. § 311(a) ............................................................................................................. 3

35 U.S.C. § 314(a) ..................................................................................................... *passim*

35 U.S.C. § 314(b) ........................................................................................................... 19

35 U.S.C. § 314(d) .................................................................................................. 3, 11, 15

35 U.S.C. § 315(c) ........................................................................................................... 16

35 U.S.C. § 315(e) ........................................................................................................... 12

35 U.S.C. § 316 ..................................................................................................... 12, 15, 16

35 U.S.C. § 316(a) ............................................................................................................. 3

35 U.S.C. § 316(a)(2) ..................................................................................................... 8, 9

35 U.S.C. § 318(a) ............................................................................................................. 4

Pub L. No. 112-29, 125 Stat. 29 (Sept. 16, 2011) ........................................................... 1

**Regulations**

37 C.F.R. § 42.108 ............................................................................................................ 2

37 C.F.R. § 42.108(b) ....................................................................................................... 4

37 C.F.R. § 42.108(c) ........................................................................................... 2, 4, 9, 10

77 Fed. Reg. 48680 (Aug. 14, 2012) ............................................................................. 4, 9

US Inventor, Inc. and World Source Enterprises, LLC (collectively, "US Inventor") have moved the Court to enjoin the Director of the U.S. Patent and Trademark Office ("Director") from granting any *inter partes* review ("IPR") petitions to reconsider the validity of issued patent claims until the Director promulgates a new regulation establishing discretionary factors for declining those petitions.  US Inventor's App. for Temp. Restraining Order & Mot. Entry Prelim. Inj. Against Director of USPTO ("Motion"), ECF No. 34.  US Inventor's Motion lacks merit at every level.[1]

The America Invents Act of 2011 ("AIA"), Pub L. No. 112-29, 125 Stat. 28 (Sept. 16, 2011), commits the decision to deny *inter partes* review to the Director's unreviewable discretion, even if the merits of the petition warrant institution.  *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2140 (2016).  US Inventor cannot use the Administrative Procedure Act ("APA") to circumvent the AIA's plain language and obtain review of the Director's decision-making through a procedural backdoor.  Further, US Inventor cannot be entitled to preliminary injunctive relief because it has not suffered a concrete harm—much less an irreparable harm—from its purported procedural injury. Finally, the harm to the U.S. Patent and Trademark Office ("USPTO") and the public that would result from enjoining the Director from executing his duties under the AIA would far outweigh any alleged procedural injury.  In short, US Inventor cannot show any entitlement to any preliminary injunctive relief, let alone the sweeping nationwide injunction it seeks.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (establishing the factors for awarding a preliminary injunction).

## LEGAL BACKGROUND

The AIA charges the Director with deciding whether to institute *inter partes* review of existing patent claims.  When an IPR petition meets the other eligibility requirements for *inter partes* review, the Director makes an assessment under 35 U.S.C. § 314(a) before deciding whether to institute proceedings.  *See, e.g.*, *id.* §§ 311, 312(a), 315 (setting out some eligibility requirements for

---

[1] Defendant assumes *arguendo*, and for the purposes of this opposition only, that US Inventor is a proper party to this case.  The Proposed Intervenors' Notice of Motion and Motion to Intervene, ECF No. 28, is still pending before this Court, and Defendant's opposition is not yet due.  Defendant will respond to that motion at the appropriate time, and nothing in this opposition waives any argument, issue, or position concerning intervention.

IPR petitions).  To make his assessment under § 314(a), the Director must answer three questions: (1) whether the IPR petition and the preliminary response by the patent holder (if any) demonstrate a reasonable likelihood that at least one claim in the patent will be found unpatentable, (2) whether the petition meets other statutory criteria for institution, *e.g.*, § 315(b), and (3) whether the Director should institute the petition as a matter of his discretion.  *See* 35 U.S.C. § 314(a).  "[T]he agency's decision to deny a petition is a matter committed to the Patent Office's discretion."  *Cuozzo Speed Techs.*, 136 S. Ct. at 2140.  In other words, even when there is a reasonable likelihood that a claim will be invalidated and the petition meets the other criteria for institution, the Director "is permitted, but never compelled, to institute an IPR proceeding."  *Harmonic Inc. v. Avid Tech., Inc.*, 815 F.3d 1356, 1367 (Fed. Cir. 2016).

The Director has delegated his authority in these matters to the USPTO's Patent Trial and Appeal Board ("Board").  37 C.F.R. § 42.108.  Pursuant to the AIA, the Director promulgated regulations governing *inter partes* review proceedings.  *See* 37 C.F.R. § 42.108(c).  Separate from his regulatory authority, the Director has exercised his plenary authority to "provid[e] policy direction and management supervision" to the USPTO by designating certain Board opinions (or portions thereof) as precedential.  35 U.S.C. § 3(a)(2)(A); *see* Exhibit A (Standard Operating Procedure 2) ("SOP 2").  Precedential opinions represent the Director's considered views and must be followed by the Board.  *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320, 1331 (Fed. Cir. 2019).  At issue here, the Director has designated as precedential Board opinions setting forth factors to consider when exercising discretion in whether to institute review.  *E.g.*, *Apple Inc.* v. *Fintiv, Inc.*, IPR2020-00019, 2020 WL 2126495 (P.T.A.B. Mar. 20, 2020) (precedential); *General Plastic Co., Ltd.* v. *Canon Kabushiki Kaisha*, IPR2016-01357, 2017 WL 3917706, at *7 (P.T.A.B. Sept. 6, 2017) (precedential).

The legal framework underlying the IPR process is set out in more detail below.

## I.   <u>Statutory Framework</u>

When Congress passed the AIA, it modified the USPTO's longstanding authority to review the patentability of existing patent claims.  *See Cuozzo Speed Techs.*, 136 S. Ct. at 2137.  Currently,

the most common means of reviewing patents under the AIA is termed "*inter partes* review."  *Id.*

Under *inter partes* review, "a third party [may] ask the U.S. Patent and Trademark Office to

reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be

unpatentable in light of prior art."  *Id.* at 2136; *see also* 35 U.S.C. § 311(a).

To challenge existing patent claims, anyone other than "the owner of a patent may file with

the Office a petition to institute an *inter partes* review of the patent."  35 U.S.C. § 311(a).  The

petition sets out the challenged claims and the evidence relied on in the petition.  *Id.* § 312(a).  The

patent holder then has the opportunity to submit a preliminary response.  *Id.* § 313.

"The Director may not authorize an inter partes review to be instituted unless the Director

determines that the information presented in the petition . . . and any response filed . . . shows that

there is a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the

claims challenged in the petition."  *Id.* § 314(a).  The Director is not required, however, to grant all

eligible petitions.  *See id.*  As the Supreme Court explained, the statute contains "no mandate to

institute review."  *Cuozzo Speed Techs.*, 136 S. Ct. at 2140; *see also SAS Inst., Inc. v. Iancu*, 138 S.

Ct. 1348, 1356 (2018).  In other words, "[t]he decision whether to institute inter partes review is

committed to the Director's discretion."  *Oil States Energy Servs., LLC v. Greene's Energy Grp.,*

*LLC*, 138 S. Ct. 1365, 1371 (2018).

Congress also gave the Director discretion to make decisions about how IPR proceedings

must be conducted.[2]  The scope of this discretion is evident from Congress making the institution

decision "final and nonappealable," thereby precluding judicial review.  35 U.S.C. § 314(d); *see also*

*Cuozzo Speed Techs.*, 136 S. Ct. at 2141; *Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367,

1373 (2020).

---

[2]  *See* 35 U.S.C. §§ 316(a), (b) (establishing Director's regulatory authority over IPR proceedings); *id.* § 325(d) ("In determining whether to institute or order a[n IPR] proceeding[,] . . . the Director may take into account whether, and reject the [IPR] petition or request because, the same or substantially the same prior art or arguments previously were presented . . . ."); *id.* § 315(c) ("If the Director institutes an inter partes review, the Director, in his or her discretion, may join as a party to that inter partes review any person who properly files a petition . . . ."); *id.* § 315(d) ("[I]f another proceeding or matter involving the patent is before the Office, the Director may determine the manner in which the inter partes review or other proceeding or matter may proceed . . . .").

If the Director finds the IPR petition is eligible for review and chooses to institute the petition, IPR trial proceedings begin before the Board.  35 U.S.C. § 6(a).  During IPR trial proceedings, the patent holder has another opportunity to respond to the petition.  *Id.* § 316(a)(8).  Taking into account all the evidence, the Board then decides if any of the challenged claims in the patent at issue are unpatentable.  *Cuozzo Speed Techs.*, 136 S. Ct. at 2136.  These Board decisions are final agency actions establishing the legal rights to the patent.  35 U.S.C. § 318(a).  A dissatisfied party may appeal the Board's final written decision with respect to patentability to the Federal Circuit.  *Id.* § 318(a), § 319.

## II.   **Regulatory Framework**

Congress conferred on the USPTO Director authority to establish regulations that "govern the conduct of proceedings in the Office."   35 U.S.C. § 2(b)(2)(A).  When it enacted the AIA, Congress charged the Director with prescribing regulations with regard to thirteen distinct aspects of the IPR process, including "setting forth the standards for the showing of sufficient grounds to institute a[n *inter partes*] review."  *Id.* § 316(a)(2).  Notably, contrary to US Inventor's contention, Congress did not instruct the Director to promulgate regulations setting forth the standards for the Board's exercise of the Director's discretion to deny review to IPR petitions eligible to be heard.  *See id.*; *see also Cuozzo Speed Techs*, 136 S. Ct. at 2137.

In 2012, the Director issued a final rule containing the regulations he was required to promulgate pursuant to the AIA, including a regulation "setting forth the standards for the showing of sufficient grounds to institute a review under 35 U.S.C. 314(a), as amended."   Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680, 48683 (Aug. 14, 2012).  That regulation "provides that the institution [of IPR review] is based on a reasonable likelihood standard and is consistent with the requirements of 35 U.S.C. [§] 314(a), as amended.  *Id.* at 48689; 37 C.F.R. § 42.108(c).[3]  Under the regulation, the Board may deny *inter partes* review regardless of whether the petition has met its burden under § 42.108(c).  37 C.F.R. § 42.108(b).

---

[3] Four years later, the Director amended Section 42.108(c) "by allowing new testimonial evidence to be submitted with

III.   **Precedential Board Opinions**

In addition to empowering him to promulgate regulations, Congress made the Director "responsible for providing policy direction and management supervision for the" USPTO. 35 U.S.C. § 3(a)(2).[4]  The Director can exercise this supervision in a variety of ways, such as through oversign of Board executives, issuing guidance materials (such as the Trial Practice Guide, which serve a similar function to a district court's local rules), issuing memoranda on the handling of recurring issues before the Board, and designating Board decisions as precedential.

In 2018, the Director issued Standard Operating Procedure 2 ("SOP 2"), which created a new way for the Director to designate Board opinions as precedential and thus provide policy direction to the Board.  SOP 2.  Under SOP 2, the Director can designate a Board opinion (or portion thereof) as precedential.  *Id.*  "A precedential decision is binding Board authority in subsequent matters involving similar facts or issues."  SOP 2 at 11.  Regardless of the procedural path a case has taken, "[n]o decision or portion thereof may be designated as precedential or informative pursuant to [SOP 2] without the Director's approval," and the Director can de-designate an opinion at any time.[5]  *Id. at* 8-11.  Further, SOP 2 does not "limit the Director's authority to issue, at any time and in any manner, [other] policy directives[,] … including policy directives concerning the implementation of statutory provisions."  *Id.* at 1-2.

IV.   **Factors for Discretionary Denial of IPR Petitions**

Notably for this case, the Director has designated as precedential case-specific factors for the Board to consider in common situations that could impact the decision whether to deny an IPR petition as a matter of discretion.  Among other situations, precedential Board decisions supply

---

a patent owner's preliminary response."  Amendments to the Rules of Practice for Trials Before the Patent Trial and Appeal Board, Vol. 81, N. 63, Final Rule, 18750, at 18750 (Apr. 1, 2016).  When considering such evidence "solely for purposes of deciding whether to institute an *inter partes* review," the regulation provides that the Board must resolve all "genuine issue[s] of material fact created by such testimonial evidence . . . in the light most favorable to the petitioner."  *Id.* at 18763.

[4] In addition, the Director has independent authority as a Board member.  *See* 35 U.S.C. § 6(a).

[5] Although they are not at issue in this case, "[i]nformative decisions set forth Board norms that should be followed in most cases, absent justification, although an informative decision is not binding authority on the Board."  SOP 2 at 11.

factors to guide the Board's discretion to deny IPR petitions:  when the petitions pertain to the same claims as an earlier petition; when a parallel district court proceeding is likely to decide the same claims before IPR proceedings would be complete; and when the Board has already considered the arguments underlying the IPR petition.[6]  The Director endorses these case-specific approaches as precedential because, were he to exercise the full scope of his authority to grant IPR petitions, IPR proceedings could be too susceptible to "be[ing] used as tools for harassment."  *Gen. Plastic*, IPR2016-01357 at 16–17.

## PROCEDURAL HISTORY

On August 27, 2020, US Inventor, Inc. filed a "petition under 5 U.S.C. § 553(e) for rulemaking that would provide specific criteria for deciding institution of trials."  Exhibit B (Petition for Rulemaking) at 1.  There, US Inventor argued that the Director should adopt regulations to govern the discretionary factors and proposed a rule that would make the patent holder's consent to *inter partes* review necessary to grant the petition, absent one of the enumerated exceptions being met.  *Id.* at 12-15.  The other proposed intervenor joining in this motion, World Source Enterprises, LLC, has not filed any petition for rulemaking before the agency.

Four days after US Inventor filed its petition for rulemaking, Plaintiffs filed their complaint in this case.  Approximately two weeks later, US Inventor, World Source, and several other entities claiming an interest in this case moved to intervene to file a third party complaint.  ECF No. 28.  The proposed complaint accompanying that motion asserts two claims under the APA:  (1) a claim under 5 U.S.C. § 706(1) to compel the USPTO to engage in formal rulemaking to promulgate "discretionary factors that guide whether a petitioner has raised 'sufficient grounds' for institution" of *inter partes review*, ECF No. 28-1 ¶¶ 76-79; and (2) a claim under 5 U.S.C. § 706(2)  to set aside the "discretionary consideration rules" that the Director established by precedential Board decision instead of notice and comment rulemaking, *id.* ¶¶ 80-83.

---

[6] *Gen. Plastic Industrial Co., Ltd.*, IPR2016-01357, at 9-10 (PT.A.B. Sept. 6, 2017) (establishing factors under § 314(a)) *Apple, Inc. v. Finitiv, Inc.*, No. IPR2020-00019, at 5-6 & n.8 (Paper No. 11) (P.T.A.B. Mar. 20, 2020) (same); *Advanced Bionics, LLC v. Med-El Elektromedizinische Gerate GMBH*, No. IPR2019-01469, at 9-11 (Paper No. 6) (P.T.A.B. Feb. 13, 2020) (establishing factors under § 325(d)).

US Inventor then filed this Motion, seeking to enjoin the Director from granting any IPR petitions until the Director propounds a regulation through notice-and-comment rulemaking "on the topic of discretionary factors under 35 U.S.C. §314(a)."  Mot. at 20.  Defendant hereby opposes the Motion.

**LEGAL STANDARD**

A preliminary injunction is "never awarded as of right."  *Winter*, 555 U.S. at 24; *see also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982) ("[A] federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law").  To even be eligible for this "extraordinary remedy," the moving party must make "a clear showing" that it is entitled to relief based on the four factors set down by the Supreme Court in *Winter*.  555 U.S. at 22-24.

Further, when the requested injunction "goes well beyond simply maintaining the status quo pendente lite," the extraordinarily weighty burden only increases.  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations omitted) (mandatory injunctions are "particularly disfavored"); *see also Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). The "district court should deny such relief 'unless the facts and law clearly favor the moving party.'"  *Stanley* (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).  In plain terms, injunctions that alter the pre-litigation status quo should not be issued in "doubtful cases."  *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011); *see also Garcia*, 786 F.3d at 740.

Finally, the party seeking a preliminary injunction must demonstrate its entitlement to the specific relief sought.  Even where injunctive relief is appropriate, the "relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs."  *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979); *see also L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644 (9th Cir. 2011) (vacating a nationwide injunction insofar as it barred an agency from enforcing a regulation against entities other than the plaintiff, even after concluding the regulation was facially invalid).

**ARGUMENT**

US Inventor seeks a nationwide injunction that would alter the status quo by enjoining the Director from granting any petitions for *inter partes* review, a process that substantially predates the precedential Board decisions US Inventor challenges.  This requested relief substantially increases US Inventor's burden to demonstrate an entitlement to a preliminary injunction.  Regardless, US Inventor cannot meet its burden as to any of the *Winter* factors, so is not entitled to any relief.  The Motion should therefore be denied in full.

I.      **US Inventor Cannot Establish a Likelihood of Success on the Merits.**

A party seeking a preliminary injunction must be able to show a likelihood of success on the merits.  *See California by & through Becerra v. Azar*, 950 F.3d 1067, 1083 (9th Cir. 2020).  "If a movant fails to establish likelihood of success on the merits, [the Court] need not consider the other factors."  *Id.*  Neither of US Inventor's APA claims has any chance of success on the merits, and the Court should therefore deny US Inventor's Motion.

The APA provides only a "limited sovereign immunity waiver for suits seeking non-monetary relief against the United States."  *White v. Univ. of Cal.*, 765 F.3d 1010, 1024 (9th Cir. 2014).  Judicial review is limited to "final agency action for which there is no other adequate remedy in a court," except when the action is committed to agency discretion.  5 U.S.C. §§ 701(a)(2), 704.  "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."  *Id.* § 704.

A.  U.S. Inventor's Claim to Compel Rulemaking Lacks Merit.

US Inventor cannot succeed on its claim that the Director has failed to comply with his purported duty under 35 U.S.C. § 316(a)(2) to establish the standard for "whether a petitioner has raised 'sufficient grounds' for institution" by regulation issued through notice-and-comment rulemaking.  ECF No. 28-1, ¶¶ 76-79.  Initially, US Inventor's claim is procedurally improper because US Inventor has not exhausted its administrative remedies before filing suit.  Further, US Inventor's claim to compel action lacks any merit because the Director fulfilled that obligation more than eight years ago.

1.   *US Inventor's Claim to Compel is Procedurally Improper Because the USPTO Has Not Denied a Petition for Rulemaking.*

Under the APA, a party must file a petition for rulemaking and have it denied (actually or constructively) before that party can file an action to compel the rulemaking.  *See Auer v. Robbins*, 519 U.S. 452, 459 (1997); *Clark v. Busey*, 959 F.2d 808, 812–13 (9th Cir. 1992).  Until that time, there has not been a final agency action subject to APA review.  *See id.*; *Weight Watchers Int'l., Inc. v. FTC*, 47 F.3d 990, 992 (9th Cir. 1995).  Neither US Inventor nor World Source can bring an APA claim to compel rulemaking because the USPTO has not denied a petition for rulemaking by either entity.  World Enterprises never submitted a petition, so it certainly has not received a denial that it could challenge.  US Inventor, Inc. filed a petition for rulemaking but moved to intervene in this case before the USPTO could act on the petition.  *See* Ex. B.  On such a complicated and important issue as the proper rules for instituting *inter partes* review, the USPTO has not unreasonably withheld a decision US Inventor's petition by not acting on it within a few weeks.  US inventor has certainly cited to no authority suggesting otherwise.  There is therefore no likelihood that US Inventor can succeed on its motion to compel rulemaking at this time.

2.   *US Inventor's Claim to Compel Lacks Substantive Merit Because the USPTO Has Already Issued the Regulation at Issue.*

US Inventor's claim to compel rulemaking additionally fails because the Director complied with his statutory obligations eight years ago.[7]  Section 316(a)(2) charges the Director with "prescrib[ing] regulations . . . setting forth the standards for the showing of sufficient grounds to institute a review under section 314(a)."  35 U.S.C. § 316(a)(2); *see also* Mot. at 3.  The Director prescribed such regulations in 2012, when he promulgated 37 C.F.R. § 42.108(c) through notice-and-comment rulemaking.  77 Fed. Reg. at 48728.  As the Director noted in the Federal Register notice, the reasonable likelihood standard is "a somewhat flexible standard that allows the judge room for the exercise of judgment."  *Id.* at 48689.  Pursuant to § 42.108(c), the Board may not institute *inter partes* review "unless the Board decides that the petition supporting the ground would

---

[7] To the extent US Inventor attempts to re-cast its claim as alleging that the regulation promulgated in 2012 was somehow insufficient to meet the Director's statutory obligations, such a claim would be barred by the six-year statute of limitations under 28 U.S.C. § 2401(a).  *See Hyatt v. U.S. Patent & Trademark Office*, 904 F.3d 1361, 1372 (Fed. Cir. 2018); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 930 (9th Cir. 2010).

demonstrate that there is a reasonable likelihood that at least one of the claims challenged in the petition is unpatentable." 37 C.F.R. § 42.108(c) (also establishing the evidence the Board should consider and the burden of persuasion).  The APA does not permit claims to compel actions already taken, so US Inventor's claim cannot succeed.  *See In re Int'l Union, United Mine Works of Am.*, 231 F.3d 51, 54 (D.C. Cir. 2000).

US Inventor's confusion seems to result from the false conflation of the "sufficient grounds" determination under 35 U.S.C. § 314(a) with the discretionary decision to deny IPR petitions that do set forth sufficient grounds.  The AIA does not require the Director to engage in notice-and-comment rulemaking to establish a standard for the exercise of his discretion to deny *inter partes* review.  *See id.* § 316.  And, as discussed below, the APA does not require notice-and-comment rulemaking for general statements of policy that guide agency employees in the exercise of discretion.  *See* § I.B.3, *infra*.  Regardless, US Inventor's claim fails because the Court cannot "compel agency action unlawfully withheld or unreasonably delayed" when the agency has already taken the required action. 5 U.S.C. § 706(1); *see also In re Int'l Union*, 231 F.3d at 54.

B.  <u>U.S. Inventor's Claim to Set Aside the Director's Designation of Precedential Decisions Similarly Lacks Merit.</u>

US Inventor claims that the Director lacked the authority to designate as precedential Board opinions setting out factors for the Board to consider in exercising the Director's discretion to deny *inter partes* review—discretion that US Inventor acknowledges the Director possesses.  *See* Mot. at 6, 11.  US Inventor is unlikely to succeed on the merits of this claim for three reasons.  First, decision-making about whether to deny a petition for inter partes review is committed to agency's discretion by law, thus barring judicial review.  *See* 5 U.S.C. § 701(a)(2).  Second, issuing guidance to the Board is not a final agency action subject to review under the APA.  *See id.* § 553(b).  Third, even if US Inventor's claim were justiciable, the Director is well within his authority to issue such guidance without engaging in notice-and-comment rulemaking.

1

1. The Factors for Discretionary Denial of *Inter Partes* Review are Committed to Agency Discretion.

The APA does not permit judicial review of actions "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).   Absent an explicit preclusion of judicial review,[8] an agency action is considered to be committed to agency discretion when a statute does not provide a "meaningful standard against which to judge the agency's exercise of discretion."  *Heckler v. Cheney*, 470 U.S. 821, 830 (1985).  That test is met here because Congress imposed no limitations on the Director's discretion to deny IPR petitions or authority to provide guidance to the Board to exercise that delegated discretion.

The plain language of 35 U.S.C. § 314(a) provides no standard whatsoever for the Court to judge whether the Director properly exercises his discretion to deny *inter partes* review.  Although it provides that the Director "may not authorize" IPR proceedings if the petition is insufficient, the statute is completely silent on the scope of the Director's discretionary authority to decline review. *See id.*  This kind of permissive language is a strong indicator that Congress intended the agency's actions to be exempt from review under the APA.  *See Sierra Club v. Johnson*, 614 F. Supp. 2d 998, 1003 (N.D. Cal. Jul. 28, 2008).  Accordingly, the Supreme Court has explained that 35 U.S.C. § 314(a) contains "no mandate to institute review" and that "the agency's decision to deny a petition is a matter committed to the Patent Office's discretion."  *Cuozzo Speed Techs.*, 136 S. Ct. at 2140 (citing 5 U.S.C. § 701(a)(2); 35 U.S.C. § 314(a) (no mandate to institute review)); *see also Saint Regis Mohawk Tribe v. Mylan Pharmaceuticals Inc.*, 896 F.3d 1322, 1327 (Fed. Cir. 2018) ("If the Director decides not to institute, for whatever reason, there is no review.  In making this decision, the Director has complete discretion to decide not to institute review.").   Indeed, Congress specifically provided that institution decisions are final and not subject to appeal, precluding judicial review.  *Thryv*, 140 S. Ct. at 1373-75 (interpreting § 314(d)).  US Inventor cannot undercut the effect of §§ 314(a) and (d) through improper collateral attacks to the means by which the Director reaches institution decisions.

---

[8]  Defendant takes no position with regard to whether 35 U.S.C. § 314(d) directly precludes judicial review of US Inventor's claims.

Congress likewise imposed no limits on the Director's authority create rules governing the exercise of his discretion.  Rather, the Director has broad authority to "provid[e] policy direction and management supervision for the" USPTO and "to govern the conduct of proceedings" there. SOP 2 at 2 (quoting 35 U.S.C. §§ 2(b)(2)A), (3)(a)(2)(A)).  Assuming *arguendo* that US Inventor is correct that the Director must use regulations as to those topics specifically listed in 35 U.S.C. § 316, that limitation would not affect the Director's authority to issue sub-regulatory guidance on other topics.  *See* Mot. at 3.  Again, Congress did not supply a statute against which the Court can judge the Director's decision-making in this regard, so the Director's actions are not subject to APA review.  *See Heckler*, 470 U.S. at 830.

Because Congress committed to the Director's discretion the authority to deny *inter partes* review and to issue rules in accordance with the AIA, US Inventor's claim challenging rules made in accordance with the AIA concerning the discretion to deny *inter partes* review are non-justiciable.  US Inventor therefore has no chance of success on the merits.

    2.   <u>Establishing a Non-Exhaustive List of Factors to Consider When Exercising the Director's Discretion is Not a Final Agency Action Subject to Review.</u>

US Inventor's APA claim is additionally non-justiciable because the APA permits review of only final agency actions, and issuing internal agency guidance is not a final agency action.  An action cannot be final unless the "the result of that process is one that will directly affect the parties."  *Dalton v. Specter*, 511 U.S. 462, 470 (1994) (quoting *Franklin v. Massachusetts,* 505 U.S. 788, 797 (1992)).  Issuing guidance to agency employees on the exercise of the Director's discretion on a procedural question does not meet this test.

The guidelines for discretionary denial of *inter partes* review have no independent legal effect on outside parties.  General considerations when deciding whether to deny *inter partes* review do not dictate the outcome of the Board's institution decision, so have no direct impact on the parties' rights.  *See Valero Energy Corp. v. EPA*, 927 F.3d 532, 536-39 (D.C. Cir. 2019) (discussing general statements of policy).  Even denying institution of IPR proceedings does not affect the parties' rights—the patent rights are left as-is and the petitioner retains the right to challenge the patent in district court.  *See* 35 U.S.C. § 315(e) (estopping IPR petitioners only where

an IPR is instituted and "results in a final written decision under section 318(a)").  And, given that

the institution decision itself is not final agency action, issuing guidelines for implementing that

decision is similarly not final action.  *See Planned Parenthood of Wis., Inc. v. Azar*, 316 F. Supp.

3d 291, 300, 302-05 (D.D.C. 2018) (criteria by which intra-agency entity formulated grant

recommendation not final agency action because recommendation not final agency action), *vacated*

*as moot*, 942 F.3d 512 (D.C. Cir. 2019).

      3.    <u>The Director May Guide the Board's Exercise of His Discretion by Designating</u>
             <u>Opinions as Precedential Without Undertaking Notice-and-Comment Rulemaking.</u>

Even if US Inventor's claims were justiciable, there is no support for its argument that

"[a]gency-published standards governing the Director's exercise of discretion must be held

unlawful and set aside because they are without observance of procedure required by law."  Mot. at

11.  Specifically, US Inventor contends that the factors for discretionary denial of IPR petitions

should have been promulgated through notice-and-comment rulemaking.  *Id.*  This contention fails

because the relevant case law provides that factors guiding agency discretion are not legislative

rules subject to notice-and-comment.  Further, *Facebook, Inc. v. Windy City Innovations, LLC*, the

lone legal authority upon which US Inventor relies, does not support US Inventor's claims.

      a.   *The Factors for Discretionary Denial of IPR Proceedings are Not Legislative Rules.*

Under the APA, only certain agency rules must go through notice-and-comment.  *See* 5

U.S.C. § 553.  Notice-and-comment is required only for "legislative rules," agency rules that

"create rights, impose obligations, or effect a change in existing law pursuant to authority delegated

by Congress."  *Wilson v. Lynch*, 835 F.3d 1083, 1099 (9th Cir. 2016); *see also Hemp Indus. Ass'n*

*v. DEA*, 333 F.3d 1082, 1087 (9th Cir. 2003).  In contrast, the APA explicitly exempts "general

statements of policy" from notice-and-comment procedures.  5 U.S.C. § 553(b).  Unlike a

legislative rule, a "general statement of policy," "merely provides *guidance* to agency officials in

exercising their discretionary power while preserving their flexibility and their opportunity to make

individualized determinations."  *Sacora v. Thomas*, 628 F.3d 1059, 1069 (9th Cir. 2010) (quoting

*Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1124 (9th Cir. 2009)).  Non-legislative rules can be issued without notice-and-comment.  *Id.*

The precedential Board decisions establishing factors for the Board to consider in exercising the Director's discretion are general statements of policy, so need not be issued through notice-and-comment.  The precedential decisions that US Inventor challenges in this case establish multi-factor tests for discretionary denial, not outcome-determinative legislative rules.  Mot. at 6-7 (citing *Advanced Bionics*, IPR 2019-1469, *General Plastics*, IPR2016-01357, *Fintiv*, IPR2020-00019, and *NHK Spring Co.*, IPR 2018-00752). For example, the Board must consider six "factors [that] relate to whether efficiency, fairness, and the merits support the exercise of authority to deny institution in view of an earlier trial date in the parallel proceeding." *Fintiv*, IPR2020-00019, at 6. "[I]n evaluating the factors, the Board takes a holistic view of whether [the] efficiency and integrity of the system are best served by denying or instituting review."  *Id.*  The flexibility and opportunity for the Board to make individual institution decisions demonstrates that these factors are only general statements of policy, not legislative rules.  *See Sacora*, 628 F.3d at 1069.

Moreover, the factors for discretionary denial of IPR petitions do not satisfy the test for a legislative rule subject to the notice-and-comment requirement.  There are "three circumstances when a rule has the force of law and is therefore legislative."  *Wilson v. Lynch*, 835 F.3d 1083, 1099 (9th Cir. 2016); *see also Tex. Children's Hosp. v. Azar*, 315 F. Supp. 3d 322, 337 (D.D.C. 2018); *Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 859 F.3d 1072, 1077 (Fed. Cir. 2017).

The first circumstance in which a rule will be found to be legislative is "when, in the absence of the rule, there would not be an adequate legislative basis for [agency] action."  *Id.*  For this circumstance to apply, the statute at issue would have to be devoid of effect without agency rules supplying a standard.  *See Erringer v. Thompson*, 371 F.3d 625, 630 (9th Cir. 2004).  For example, a statute prohibiting violation of agency regulations would be meaningless unless the agency enacted regulations.  *See Am. Mining Congress v. Mine Safety & Health Admin.*, 995 F.2d 1106, 1109 (D.C. Cir. 1993).  Here, the AIA contains no references to agency rules governing the discretionary denial of IPR petitions.  *See generally* 35 U.S.C. §§ 314(a), 316(a), 325(d).  To the

contrary, the AIA explicitly bars inquiries into the Director's discretion.  *See id.* § 314(d).  Further,

history shows that the Board was able to exercise the Director's discretion to deny *inter partes*

review long before the Director designated any Board decisions as precedential.  *Compare* AIA

(effective 2012) *with* SOP 2 (establishing in 2018 the current procedures designating Board as

precedential).  The discretionary factors for denying IPR petitions are therefore not necessary for

the AIA to have effect, and the discretionary factors do not satisfy this test for a legislative rule.

The other circumstances in which a court will find a rule to be legislative is "when the

agency has explicitly invoked its general legislative authority [and] . . . when the rule effectively

amends a prior legislative rule."  *Wilson*, 835 F.3d at 1099.  The former circumstance does not

apply because the Director did not invoke his general legislative authority under 35 U.S.C. § 316 to

designate Board opinions as precedential.  Instead, he relied explicitly on his statutory authority to

"provid[e] policy direction and management supervision for the" USPTO and his "authority to

govern the conduct of proceedings" there.  SOP 2 at 2 (quoting 35 U.S.C. §§ 3(a)(2)(A), 6(a)).  The

latter circumstance does not apply because there was no existing rule on the discretionary denial of

*inter partes* review, so no legislative rule could have been amended by the precedential opinions.

The second and third circumstances therefore also do not apply.

The factors guiding the Board's discretion are thus general statements of policy, not

legislative rules subject to the requirement of notice-and-comment rulemaking.  *See Sacora*, 628

F.3d at 1069.  US Inventor's claim to the contrary therefore cannot succeed.

       b.  *The Federal Circuit's* <u>Facebook</u> *Decision Does Not Support US Inventor's Claims.*

US Inventor relies on *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321 (Fed.

Cir. 2020), for the propositions that the Director cannot establish regulations on discretionary

factors by designating Board opinions as precedential and that notice-and-comment rulemaking is

required instead.  *See* Mot. at 7.[9]  That reliance is misplaced.

---

[9]  US Inventor actually cites to *Facebook, Inc. v. Windy City Innovations, LLC*, 953 F.3d 1313 (Fed. Cir. 2020), but that decision was vacated en banc, 819 Fed. App'x 935 (Fed. Cir. 2020).  This brief cites to and addresses the equivalent analysis in the final opinion.

In *Facebook*, the Federal Circuit addressed the scope of the Director's statutory authority under 35 U.S.C. § 315(c) to "join as a party . . . any person who properly files a[n IPR] petition" that the Director determines meets the eligibility requirements of § 314. *Facebook*, 973 F.3d at 1334-35. Specifically, relying on a precedential Board decision, the Board permitted an IPR petitioner to join its newly filed IPR petition challenging certain patents with its own already pending IPR proceedings concerning the same patents. *See id.* at 1335 (discussing *Proppant Express Investments, LLC v. Oren Techs., LLC*, No. IPR2018-00914, Paper 38, (P.T.A.B. Mar. 13, 2019)). This had the effect of permitting the Board to consider issues that would have otherwise been time-barred under the AIA. *Id.* at 1325-26, 1328. The Federal Circuit, however, concluded that the "clear and unambiguous language of § 315(c) does not authorize same-party joinder or joinder of new issues" and reversed on that ground. *Id.* at 1338.

The Federal Circuit determined that the statutory language was unambiguous, so it did not reach the question of what deference courts owe to precedential Board decisions. *Id.* Nonetheless, the panel in *Facebook* filed a separate statement stating its view that only regulations, not precedential Board opinions, would be entitled to *Chevron* deference. *Id.* at 1350 (statement of additional views). US Inventor has misread this holding and erroneously insists that it supports the claims underlying the Motion. *See* Mot. at 7, 11.

Even if the separate panel statement were controlling authority, the panel's views do not bear on US Inventor's claims in this case. At most, the panel's statement in *Facebook* bears on the deference owed to statutory interpretations established by different types of agency pronouncements. *See Facebook*, 973 F.3d at 1347-1354 (statement of additional views). However, this case does not involve agency pronouncements of statutory interpretation, so *Facebook* does not aid US Inventor's claims. In addition, as discussed in § I.B.3, *supra*, § 316 does not charge the Director with enacting regulations governing his discretion to deny *inter partes* review, unlike the joinder provision at issue in *Facebook*. The issues in this case are therefore not the same as the issue the *Facebook* panel discussed in its separate statement of views.

\*   \*   \*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In sum, US Inventor has no likelihood of success on the merits, so it cannot be entitled to a preliminary injunction. *See California by & through Becerra*, 950 F.3d at 1083. US Inventor cannot succeed on its claim to compel rulemaking because it is procedurally barred and because the only statutorily required rulemaking has already occurred. Further, US Inventor cannot succeed on its claim to set aside the Director's designation as precedential Board opinions setting out factors for the discretionary denial of *inter partes* review because that claim is not justiciable under the APA and because the Director has the authority to issue this kind of general policy guidance.

## II. US Inventor Fails to Establish Irreparable Harm.

"An irreparable harm is one that cannot be redressed by a legal or equitable remedy following trial." *Optinrealbig.com, LLC v. Ironport Sys., Inc.*, 323 F. Supp. 2d 1037, 1050 (N.D. Cal. 2004). Being "deprived of the opportunity to offer comments . . . may constitute irreparable injury while a rule promulgated in violation of [5 U.S.C.] § 553 is in effect, provided that plaintiffs suffer some <u>additional concrete harm</u> as well." *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 865 (N.D. Cal. 2018) (emphasis added); *see also Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270-71 (9th Cir. 2019). Indeed, a procedural injury that does not directly cause a concrete injury is not even sufficient to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992).

US Inventor has not shown any concrete harm from the Director's alleged failure to engage in notice-and-comment rulemaking. *See generally* Mot. at 3-4. US Inventor asserts that patent owners are harmed by being forced to argue "against institution of an [IPR] trial based on discretionary considerations without the clarity and certainty that would otherwise exist with rulemaking." *Id.* This claim suffers from three insurmountable defects, each of which is independently fatal to US Inventor establishing irreparable harm.

First, ambiguity in a legal standard cannot be a concrete injury. Courts must "adjudicate live cases or controversies," not "issue advisory opinions [or] declare rights in hypothetical cases." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). If the mere desire for legal clarity could constitute a concrete injury, then virtually anyone could obtain an

advisory opinion providing that clarity.  Federal courts lack, however, jurisdiction to issue advisory

opinions.  *See In re Dumont*, 581 F.3d 1104, 1112 n.14 (9th Cir. 2009).  US Inventor therefore

cannot rely on patent owners' purported uncertainty as a concrete harm upon which to base a

preliminary injunction.

Second, patent holders do not have a right to discretionary denial of IPR petitions, so a rule

governing the exercise of that discretion does not impair their rights.  Denial of *inter partes* review

is solely within the Director's discretion.  *Cuozzo Speed Techs.*, 136 S. Ct. at 2140; *Saint Regis

Mohawk Tribe*, 896 F.3d at 1327; *see also* 35 U.S.C. §§ 314(a), 314(d), 325(d).  Because a patent

holder has no right to compel the Director to exercise his discretion to deny an IPR petition, *see

Cuozzo Speed Techs.*, 136 S. Ct. at 2139, no "legally protected interest" has been infringed and,

thus, there has been no concrete injury.  *See Lujan*, 504 U.S. at 560.

Third, being compelled to participate in an adjudicative proceeding is not itself a concrete

harm, so institution of IPR proceedings cannot be an irreparable harm.  *See FTC v. Standard Oil

Co. of Cal.*, 449 U.S. 232, 244 (1980); *Ukiah Valley Med. Ctr. v. FTC*, 911 F.2d 261, 265 (9th Cir.

1990).  As the Supreme Court explained, "the expense and annoyance of litigation is part of the

social burden of living under government."  *Standard Oil*, 449 U.S. at 244 (quoting *Petroleum

Exploration, Inc. v. Public Serv. Comm'n*, 304 U.S. 209, 222 (1938)).  This is true even when the

adjudicatory process is purportedly unfair, *ultra vires*, or otherwise improperly instituted.  *See

Triangle Const. & Maint. Corp. v. Our Virgin Islands Labor Union*, 425 F.3d 938, 947 (11th Cir.

2005) (mandatory arbitration); *Esso Standard Oil Co. v. Cotto*, 389 F.3d 212, 219-220 (1st Cir.

2004) (allegedly biased state court proceeding when judicial review was ultimately available).  The

proper route for obtaining judicial review—absent any statutory bars on such review—is to

challenge the final outcome of the proceeding, not to shortcut the orderly administration of justice

by challenging internal agency guidance in federal court.

Neither US Inventor nor the patent holders it claims to represent have a right to an advisory

opinion by this Court, a right to discretionary denial of *inter partes* review of their patents, or a

right to avoid participating in IPR proceedings.  As a result, US Inventor has not shown any

concrete injury resulting from its alleged procedural injury and cannot meet its burden to establish irreparable harm.  *E. Bay Sanctuary Covenant*, 349 F. Supp. 3d at 865.

### III.   The Balance of the Equities and the Public Interest Weigh Against Granting US Inventor the Sweeping Preliminary Injunctive Relief It Seeks.

The final *Winter* factors—the balance of the equities and the public interest—merge when the government is a party.  *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Here, these merged factors strongly favor the government.  Although the public has an abstract interest in government compliance with the law, *California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018), there is no actual harm to the public from having discretionary factors established by precedential opinion instead of by rulemaking.  Indeed, the Director could issue a new regulation endorsing the existing discretionary factors or making them less favorable to US Inventor.  By contrast, granting the preliminary injunction would halt the institution of *all* new IPR proceedings until the Director has completed formal rulemaking, causing serious harm to any party seeking to lawfully challenge patent claims via *inter partes* review.  35 U.S.C. § 314(b).

Not only is this extraordinarily broad remedy unjustified under any conceivable balancing of the equities, it plainly defies Congress's provision that IPR institution decisions move forward under a strict statutory timeline.  *See* 35 U.S.C. § 314(b) (requiring that the "Director shall determine whether to institute an inter partes review under this chapter pursuant to a petition filed under section 311 within 3 months after" the patent owner's preliminary response is received or due).  Congress acted in the public interest when it enacted the AIA, including the establishment of *inter partes* review and the preclusion of judicial review.  *Thryv, Inc.*, 140 S. Ct. at 1374 (explaining that Congress intended the AIA to make the patent system more efficient).  And US Inventor does not even attempt to justify a nationwide preliminary injunction barring institution of *inter partes* review of patent claims owned by *anyone*, rather than just its members.  *See, e.g., Azar*, 911 F.3d at 584 (collecting cases for the proposition that injunction relief should be vacated where "broader … than necessary to redress the injury shown by the plaintiff").

1

2          Particularly in light of the overbroad injunction sought, the final *Winter* factors weigh

3   heavily against entering an injunction that indefinitely thwarts Congressional intent to avoid an

4   alleged procedural violation without any practical impact.

5                                          **CONCLUSION**

6          For the foregoing reasons, the Court should deny the Motion in full.

7   DATED:  October 19, 2020                    Respectfully submitted,

8                                               JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General
9
                                                LESLEY FARBY
10                                              Assistant Branch Director

11                                                _*/s/ Gary Feldon*_____
                                                GARY D. FELDON D.C. Bar #987142
12                                              Trial Attorney, Federal Programs Branch
                                                Civil Division, U.S. Department of Justice
13                                              1100 L Street, NW
                                                Washington, D.C. 20044
14                                              Telephone:  (202) 598-0904
                                                E-mail:  gary.d.feldon@usdoj.gov
15
16                                              *Counsel for Defendant*

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that on October 19, 2020, I electronically filed the foregoing document with the

4   Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the

5   counsel of record in this matter who are registered on the CM/ECF system.

6

7          Executed on October 19, 2020, in Washington, D.C.

8

9

10                    _/s/ Gary Feldon_____
               GARY D. FELDON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28