MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

CATHERINE M.A. CARROLL (*pro hac vice*)
catherine.carroll@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs Apple Inc., Cisco Systems, Inc., and Intel Corporation*

DANIEL T. SHVODIAN (CA SBN 184576)
DShvodian@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 737-5461

*Attorney for Plaintiff Google LLC*

*A complete list of parties and counsel appears on the signature page per Local Rule 3-4(a)(1)*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

APPLE INC., CISCO SYSTEMS, INC., GOOGLE LLC, and INTEL CORPORATION,

Plaintiffs,

v.

ANDREI IANCU, Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office,

Defendant.

Case No. 20-cv-6128-EJD

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO US INVENTOR'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Date: January 14, 2021

Time: 9:00 a.m.

Courtroom: Courtroom 4, 5th Floor

Judge: Hon. Edward J. Davila

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................3

      A.    Plaintiffs' Challenge To The *NHK-Fintiv* Rule ......................................3

      B.    Proposed Intervenors' Demand For Rulemaking And Motion For Preliminary Injunction And Temporary Restraining Order ........................................4

LEGAL STANDARD .........................................................................................................6

ARGUMENT .....................................................................................................................7

I.    US Inventor Has Shown No Likelihood Of Success .............................................7

      A.    US Inventor Is Not Entitled To The Additional Rulemaking It Seeks ...................8

      B.    US Inventor Is Not Entitled To An Order Halting All New AIA Trials ...............10

II.    US Inventor Has Not Shown That It Is Likely To Suffer Irreparable Harm .....................12

      A.    US Inventor's Delay Belies Any Assertion Of Irreparable Harm .........................12

      B.    US Inventor's Theories Of Harm Fail ..................................................13

III.    The Balance Of Equities Tips Decisively Against US Inventor .......................................16

IV.    The Public Interest Weighs Against Preliminary Relief .................................................17

CONCLUSION ................................................................................................................19

No. 20-cv-6128-EJD      Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Albert v. Embassy of Music GmbH*,
  No. 5:19-06652-EJD, 2020 WL 4284830 (N.D. Cal. July 27, 2020) .....................................10

*Alliance for the Wild Rockies v. Cottrell*,
  632 F.3d 1127 (9th Cir. 2011) ......................................................................................................6

*Aqua Products, Inc. v. Matal*,
  872 F.3d 1290 (Fed. Cir. 2017).....................................................................................................8

*Benisek v. Lamone*,
  138 S. Ct. 1942 (2018).................................................................................................................12

*Boardman v. Pacific Seafood Group*,
  822 F.3d 1011 (9th Cir. 2016) .................................................................................................7, 12

*California v. Azar*,
  911 F.3d 558 (9th Cir. 2018) .................................................................................................14, 17

*California v. Health & Human Services*,
  281 F. Supp. 3d 806 (N.D. Cal. 2017), *aff'd in relevant part, California v.
  Azar*, 911 F.3d 558 (9th Cir. 2018)............................................................................................14

*Caribbean Marine Services Co. v. Baldrige*,
  844 F.2d 668 (9th Cir. 1988) .......................................................................................................14

*Citizens for Better Forestry v. U.S. Department of Agriculture*,
  481 F. Supp. 2d 1059 (N.D. Cal. 2007) ......................................................................................14

*Colvin v. Caruso*,
  605 F.3d 282 (6th Cir. 2010) .......................................................................................................11

*Cuozzo Speech Technologies, LLC v. Lee*,
  136 S. Ct. 2131 (2016).................................................................................................................17

*Dartmouth-Hitchcock Clinic v. Toumpas*,
  856 F. Supp. 2d 315 (D.N.H. 2012).............................................................................................14

*De Beers Consolidated Mines v. United States*,
  325 U.S. 212 (1945).....................................................................................................................11

*Devose v. Herrington*,
  42 F.3d 470 (8th Cir. 1994) .........................................................................................................12

*Elk Associates Funding Corp. v. U.S. Small Business Administration*,
    858 F. Supp. 2d 1 (D.D.C. 2012) ...................................................................13

*Fish v. Magnum Aviation*,
    No. 18-06671-VKD, 2019 WL 690286 (N.D. Cal. Feb. 19, 2019) ........................10

*Fund for Animals v. Frizzell*,
    530 F.2d 982 (D.C. Cir. 1975) ...............................................................13, 14

*Garcia v. Google, Inc.*,
    786 F.3d 733 (9th Cir. 2015) ....................................................................7

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*,
    415 U.S. 423 (1974).................................................................................7

*In re A Community Voice*,
    878 F.3d 779 (9th Cir. 2017) ..................................................................10

*In re Charlton*,
    No. 11-5657, 2012 WL 2572074 (N.D. Cal. July 2, 2012) .................................11

*In re Excel Innovations, Inc.*,
    502 F.3d 1086 (9th Cir. 2007) ................................................................14

*League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton*,
    752 F.3d 755 (9th Cir. 2014) ..................................................................16

*Long Term Care Pharmacy Alliance v. Ferguson*,
    260 F. Supp. 2d 282 (D. Mass. 2003), *vacated*, 362 F.3d 50 (1st Cir. 2004) .........14

*Lydo Enterprises v. City of Las Vegas*,
    745 F.2d 1211 (9th Cir. 1984) ................................................................13

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
    571 U.S. 191 (2014)...............................................................................17

*Mercoid Corp. v. Mid-Continent Investment Co.*,
    320 U.S. 661 (1944)...............................................................................18

*Mohamed v. Uber Technologies*,
    115 F. Supp. 3d 1024 (N.D. Cal. 2015) .....................................................16

*National Tank Truck Carriers, Inc. v. Federal Highway Administration*,
    No. 96-1339, 1997 WL 150088 (D.C. Cir. Feb. 27, 1997)................................10

*NFC Technologies LLC v. HTC America, Inc.*,
    No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)..............17

*Northern Mariana Islands v. United States*,
    686 F. Supp. 2d 7 (D.D.C. 2009) ............................................................14

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

iii

*Northwest Environmental Defense Center v. U.S. Army Corps of Engineers*,
  817 F. Supp. 2d 1290 (D. Or. 2011) ...................................................13

*Norton v. Southern Utah Wilderness Alliance*,
  542 U.S. 55 (2004)..............................................................10, 15

*Oakland Tribune, Inc. v. Chronicle Publishing Co.*,
  762 F.2d 1374 (9th Cir. 1985) ...................................................12

*Omega World Travel, Inc. v. Trans World Airlines*,
  111 F.3d 14 (4th Cir. 1997) ......................................................12

*Pacific Radiation Oncology, LLC v. Queen's Medical Center*,
  810 F.3d 631 (9th Cir. 2015) ....................................................11

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016)............................................................14

*Stanley v. University of Southern California*,
  13 F.3d 1313 (9th Cir. 1994) ..................................................6, 7

*Stormans, Inc. v. Selecky*,
  586 F.3d 1109 (9th Cir. 2009) ..............................................16, 17

*Stuhlbarg International Sales Co. v. John D. Brush & Co.*,
  240 F.3d 832 (9th Cir. 2001) .....................................................7

*Thryv, Inc. v. Click-To-Call Technologies, LP*,
  140 S. Ct. 1367 (2020)......................................................1, 16, 18

*Ward v. Estate of Goossen*,
  No. 14-3510, 2014 WL 7273911 (N.D. Cal. Dec. 22, 2014).....................16

*Weinberger v. Romero-Barcelo*,
  456 U.S. 305 (1982)............................................................11, 12

*Winter v. Natural Resource Defense Council, Inc.*,
  555 U.S. 7 (2008).............................................................. *passim*

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

iv

1

## STATUTES, RULES, AND REGULATIONS

2

37 C.F.R.
3
    § 42.2 ...................................................................................................4
    § 42.4(a) ..............................................................................................4
4
    § 42.100-107 ......................................................................................8
    § 42.108 .........................................................................................4, 10
5
    § 42.108(c) ...................................................................................*passim*
    § 42.200-207 ......................................................................................8
6
    § 42.208 ............................................................................................10
    § 42.208(c) ..........................................................................................8
7
    § 42.208(d) ..........................................................................................8

8
5 U.S.C.
9
    § 551(4) ...............................................................................................8
    § 553(e) ........................................................................................10, 13
10
    § 702 ...........................................................................................11, 17
    § 706 .............................................................................................1, 11
11
    § 706(1) .......................................................................................1, 11
    § 706(2) ..............................................................................................11
12
    § 706(2)(D) ...................................................................................1, 7

13
35 U.S.C.
14
    § 311(c)(1) ..........................................................................................3
    § 311(c)(2) ..........................................................................................3
15
    § 312(a)(1)-(5) ....................................................................................3
    § 314(a) .......................................................................................4, 8, 9
16
    § 315(a)(1) ..........................................................................................3
    § 315(a)(2) ..........................................................................................3
17
    § 315(a)(3) ..........................................................................................3
18
    § 315(b) ..........................................................................................3, 4
    § 316(a)(2) .......................................................................................8, 9
19
    § 324(a) ...........................................................................................8, 9
    § 324(b) ...............................................................................................9
20
    § 326(a)(2) .......................................................................................8, 9

21
*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review*
22
    *Proceedings, and Transitional Program for Covered Business Method*
23
    *Patents*, 77 Fed. Reg. 48,680 (Aug. 14, 2012)..................................8, 12

24
Fed. R. Civ. P. 65(b) ....................................................................................12

## OTHER AUTHORITIES

25
157 Cong. Rec. S1352 (daily ed. Mar. 8, 2011) (Sen. Udall).........................17
26

27
*Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019 (Paper 11) (P.T.A.B. Mar. 20, 2020)....................4

28

No. 20-cv-6128-EJD    Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

v

*General Plastic Industrial Co. v. Canon Kabushiki Kaisha*, No. IPR2016-01357 (Paper 19)
   (P.T.A.B. Sept. 6, 2017)..................................................................................................12

H.R. Rep. No. 112-98 (2011) ..........................................................................................17, 18

*NHK Spring Co. v. Intri-Plex Technologies, Inc.*, No. IPR2018-00752 (Paper 8)
   (P.T.A.B. Sept. 12, 2018)...........................................................................................4, 13

Patent Trial and Appeal Board, Standard Operating Procedure 2 (Rev. 10) (Sept. 20, 2018),
   https://tinyurl.com/yyon38sh ............................................................................................8

PTO, *Trial Statistics: IPR, PGR, CBM* (Aug. 2020), https://tinyurl.com/y2jcqau5...............12, 18

S. Rep. No. 110-259 (2008) .................................................................................................17

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

vi

# INTRODUCTION

Plaintiffs' lawsuit presents a straightforward legal issue:  a challenge to the validity of a rule of the U.S. Patent and Trademark Office ("PTO")—the "*NHK-Fintiv* rule" —that unlawfully restricts access to inter partes review ("IPR"), a vital administrative process for "weed[ing] out bad patent claims." *Thryv, Inc. v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1374 (2020).  As Plaintiffs' Complaint sets forth, the *NHK-Fintiv* rule exceeds the PTO's authority under the America Invents Act ("AIA"), is arbitrary and capricious in violation of the Administrative Procedure Act ("APA"), and is procedurally invalid under both the AIA and the APA because the PTO adopted it without notice-and-comment rulemaking.  Dkt. No. 1 ¶¶ 61-91 ("Compl.").  The Complaint asks the Court to hold the rule unlawful and set it aside so that IPR can proceed in accordance with the statutory standards Congress established.  *See* 5 U.S.C. § 706; Compl. ¶¶ 78-91, Relief Requested.

In contrast to Plaintiffs' focused Complaint, the Proposed Intervenors—including movant US Inventor—seek to transform this case into an entirely different lawsuit.  As Plaintiffs explain in their opposition to intervention, intervention should not be permitted.  Dkt. No. 41.  But even if intervention were granted, the Court should deny US Inventor's motion for a temporary restraining order and preliminary injunction.  US Inventor has not remotely established any basis for the extraordinary relief it seeks.

The proposed complaint-in-intervention alleges two claims:  (1) a challenge to the Director's supposed failure to promulgate regulations specifying the Proposed Intervenors' desired discretionary standards for denial of institution of IPR and other proceedings, and (2) a challenge to the Director's adoption of various rules without notice-and-comment rulemaking.  Dkt. No. 28-1 at 20-21.  The available judicial remedies for such claims are set forth in the APA: the court may "compel" an unlawfully withheld agency action, 5 U.S.C. § 706(1), or "hold [a procedurally invalid rule] unlawful and set [it] aside," *id.* § 706(2)(D).

US Inventor's motion for a temporary restraining order and preliminary injunction, however, seeks entirely different—and astonishingly broad—relief.  It does not ask the Court to compel a rulemaking or to set aside an unlawful rule as the APA provides.  It does not even seek

to preliminarily enjoin a challenged rule pending resolution of Proposed Intervenors' claims on the merits.  Instead, US Inventor wants the Court to "halt" Congress's entire administrative scheme for reviewing weak patent claims that threaten innovation.  Dkt. No. 34 at 19 ("PI Mot.").  In particular—citing no authority whatsoever—US Inventor asks this Court to enjoin the Director from instituting any IPRs or other post-grant proceedings until the Director promulgates rules that meet US Inventor's approval.

US Inventor has shown no entitlement to such an extraordinary order, which would dramatically upend the status quo and eviscerate a central pillar of the AIA to the detriment of innovators and the entire patent system.  Notably, US Inventor does not even *allege*, much less demonstrate, that the IPRs and other AIA proceedings it seeks to enjoin are unlawful.  And it does not explain how this Court would have authority to enjoin lawful IPRs—either under the APA or through the exercise of the Court's inherent remedial powers.  US Inventor merely argues that the PTO was required to conduct a rulemaking—notwithstanding that it has in fact already conducted a rulemaking—and that the rules adopted by designating decisions of the Patent Trial and Appeal Board ("Board") as precedential are inadequate substitutes, and promises to "discuss[] later" why "this means that the Director should be required to deny *all* AIA trial review petitions pending completion of rulemaking," PI Mot. 9, 14.  But the promised explanation never comes.  US Inventor suggests that "[j]ust call[ing] a halt" to all IPRs would be a "simple" expedient to "preserv[e] the status quo" pending resolution of Proposed Intervenors' claims.  *Id.* at 19-20.  But the injunction US Inventor seeks would not preserve the status quo; it would end it.

US Inventor thus has not remotely shown a basis for the relief it seeks, much less demonstrated a likelihood of success on the merits.  As for irreparable harm, US Inventor's arguments all depend on the assumption that any rulemaking would result in the substantive standards that US Inventor wants the Director to adopt.  But there is no basis for that assumption.  Moreover, US Inventor's declaration of "emergency" makes no sense.  The AIA has been in effect for nearly a decade without the rulemaking US Inventor seeks; at least one of the discretionary "precedential" rules that US Inventor challenges has been on the books for years as

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

2

1    well.  US Inventor's delay confirms the absence of irreparable harm.

2         For these reasons and the others set forth below, this Court should deny US Inventor's

3    motion and allow this case to proceed toward resolution of the straightforward and focused legal

4    issues presented in Plaintiffs' Complaint.

5                                    **BACKGROUND**

6    **A.    Plaintiffs' Challenge To The *NHK-Fintiv* Rule**

7         Plaintiffs' Complaint challenges the lawfulness of one rule recently adopted by the PTO

8    that restricts access to IPR when litigation over the same patent claim is pending ("the *NHK-*

9    *Fintiv* rule").  IPR is an essential administrative proceeding for determining the patentability of

10   previously issued patent claims.  Compl. ¶¶ 1, 28.  Congress created IPR to provide a more

11   efficient and streamlined administrative alternative to litigation for determining patentability

12   before specialized patent judges.  *Id.* ¶¶ 3, 28-30.  IPR has enhanced the U.S. patent system and

13   strengthened U.S. technology and innovation by weeding out thousands of invalid patent claims.

14   *Id.* ¶ 3.

15        The AIA specifically contemplates that IPR will be available to determine the

16   patentability of patent claims that are also the subject of pending patent infringement litigation.

17   *Id.* ¶¶ 4, 31-34.  For example, the AIA permits a party accused of infringement to file a petition

18   for IPR with regard to the same patent claims that are being asserted in the pending infringement

19   suit, so long as the petition is filed within "1 year after the date on which the petitioner … is

20   served with a complaint alleging infringement of the patent."  35 U.S.C. § 315(b).  And although

21   the AIA forecloses IPR if the petitioner has previously "filed a civil action challenging the

22   validity of a claim of the patent," *id*. § 315(a)(1), the AIA expressly permits a petitioner to assert

23   invalidity arguments in a counterclaim in litigation without forgoing IPR, *id*. § 315(a)(3).

24        The AIA specifies several requirements that must be met for the Director of the PTO to

25   grant a petition for, or "institute," IPR, and enumerates discretionary grounds on which the

26   Director may decline to institute IPR even if those preconditions are met.  *E.g.*, 35 U.S.C.

27   §§ 311(c)(1)-(2), 312(a)(1)-(5), 315(a)(1)-(2); *see* Compl. ¶ 35.  For example, the Director "may

28   not" institute IPR "unless" he determines, based on the IPR petition, that "there is a reasonable

No. 20-cv-6128-EJD          Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

3

1    likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in

2    the petition." 35 U.S.C. § 314(a).  The Director has delegated to the Board the authority to

3    decide whether to institute IPR.  37 C.F.R. § 42.4(a); *see id.* §§ 42.2, 42.108; Compl. ¶ 36.

4           In two recent decisions, the Board articulated an additional standard, found nowhere in

5    the AIA, under which the Board may decline to institute IPR based on the pendency of litigation

6    over the validity of the same patent claims—even if the petition was timely filed within the one-

7    year deadline set by 35 U.S.C. § 315(b).  *NHK Spring Co. v. Intri-Plex Techs., Inc.*, No.

8    IPR2018-00752 (Paper 8) (P.T.A.B. Sept. 12, 2018); *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-

9    00019 (Paper 11) (P.T.A.B. Mar. 20, 2020); *see* Compl. ¶¶ 37-41.  The Director subsequently

10   designated *NHK* and *Fintiv* as "precedential," making them "binding" in all future cases.  *See*

11   Compl. ¶¶ 47-49.  Thus, the Director adopted the standard articulated in *NHK* and *Fintiv* as a

12   binding rule without notice-and-comment rulemaking.  *Id.* ¶¶ 43-50.  The Board has since relied

13   on the *NHK-Fintiv* rule to deny dozens of petitions for IPR.  *Id.* ¶¶ 52-60.

14          Plaintiffs Apple Inc., Cisco Systems, Inc., Google LLC, and Intel Corporation filed this

15   suit on August 31, 2020, arguing that the *NHK-Fintiv* rule violates the AIA and APA.  Plaintiffs

16   raise three claims: (1) the *NHK-Fintiv* rule exceeds the Director's authority and violates the AIA

17   because Congress withheld from the Director the authority to deny IPR petitions that meet the

18   statutory requirements based on a parallel infringement lawsuit against the IPR petitioner, *id.*

19   ¶¶ 78-82; (2) the *NHK-Fintiv* rule is arbitrary and capricious because it requires the Board to

20   engage in substantial speculation as to the likely course of the parallel district court proceeding,

21   produces unpredictable and unfair outcomes, and is not rationally connected to its purpose of

22   promoting administrative efficiency, *id.* ¶¶ 83-87; and (3) the *NHK-Fintiv* rule is procedurally

23   invalid because the Director adopted it without notice-and-comment rulemaking, *id.* ¶¶ 88-91.

24          To allow IPRs to proceed without this unlawful obstacle, Plaintiffs ask the Court to

25   declare the *NHK-Fintiv* rule unlawful, set it aside, and permanently enjoin the PTO from relying

26   on the rule or its factors to deny institution of IPR.  Compl., Relief Requested.

27          **B.    Proposed Intervenors' Demand For Rulemaking And Motion For
                    Preliminary Injunction And Temporary Restraining Order**

28

1    Proposed Intervenors—US Inventor, 360 Heros, Inc., Larry Golden, World Source

2    Enterprises, LLC, Dareltech LLC, Tinnus Enterprises, LLC, Clearplay, Inc., and E-Watch,

3    Inc.—seek to address distinct issues and to vindicate distinct injuries, in pursuit of a distinct

4    objective.  Their proposed complaint-in-intervention challenges the PTO's alleged failure to

5    establish comprehensive formal regulations setting forth Proposed Intervenors' preferred

6    standards for showing "sufficient grounds" to institute review—including regulations governing

7    "discretionary factors" for instituting either IPR or "post-grant review," a wholly separate type of

8    administrative proceeding not implicated by Plaintiffs' Complaint.  Compl. in Intervention for

9    Declarative and Injunctive Relief ¶¶ 1-2, Dkt. No. 28-1 ("Intervention Compl.").  In particular,

10   Proposed Intervenors claim that the PTO has "a clear legislative mandate" to adopt "regulations"

11   setting forth an untold number of "discretionary factors to deny" IPR or post-grant review, *id.*

12   ¶¶ 62-63, yet has failed to conduct a rulemaking to codify those discretionary standards—

13   instead, it has "omitted discretionary considerations entirely" from any regulations and resorted

14   to designating Board decisions as precedential as an inadequate, unlawful substitute for

15   rulemaking, *id.* ¶¶ 64-69.  As a result, Proposed Intervenors claim, the PTO has not provided the

16   "predictability" or "guid[ance]" that they want.  *Id.* ¶¶ 70-73.

17   Proposed Intervenors accordingly claim the PTO has "unlawfully withheld" agency

18   action in the form of a rulemaking and ask the Court to "[c]ompel notice-and-comment

19   rulemaking on discretionary considerations for the 'sufficient grounds' decision."  Intervention

20   Compl., Relief Requested ¶ 2; *see also* Intervention Compl. ¶¶ 76-79.  They further claim the

21   PTO's adoption of discretionary standards through precedential decisions violates the APA and

22   ask the Court to declare unlawful all "adjudicative rulemaking on discretionary considerations

23   for the 'sufficient grounds' decision."  Intervention Compl., Relief Requested ¶ 1; *see also*

24   Intervention Compl. ¶¶ 80-83.

25   Shortly after moving to intervene, US Inventor (joined by World Source Enterprises but

26   by none of the six other proposed intervenors) applied for a temporary restraining order and

27   moved for a preliminary injunction, asking the Court to enjoin the PTO "from instituting AIA

28   trials against any patent owner until such time as [the PTO] promulgates rules for the

No. 20-cv-6128-EJD          Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

5

1    discretionary denial of AIA trial institution petitions in accordance with the notice-and-comment

2    provisions of the APA." PI Mot. 1. As of now, as the Court has correctly ruled, US Inventor has

3    no standing to seek any form of relief. *See* Order Regarding Proposed Intervenors' Application

4    for a Temporary Restraining Order and Motion for Entry of a Preliminary Injunction

5    ("Scheduling Order"), Dkt. No. 38, at 3 ("Because the Court has yet to rule on the motion to

6    intervene, Proposed Intervenors are not yet parties to this action and have no standing to seek

7    relief."). Furthermore, the relief requested by US Inventor does not map onto any substantive

8    claim in the proposed complaint-in-intervention. Proposed Intervenors have not alleged that it is

9    unlawful to conduct IPRs and other AIA trials without the rulemaking they request. Instead, US

10   Inventor posits that enjoining all AIA trials will "harmonize" the PTO's alleged discretion to

11   deny institution of AIA trials with its "violation of the APA through faulty 'rulemaking,'" while

12   "preserving the status quo" pending a lawful rulemaking. *Id.* at 19-20.

## LEGAL STANDARD

13

14       "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*

15   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party "seeking a preliminary injunction

16   must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer

17   irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his

18   favor, and [4] that an injunction is in the public interest." *Id.* at 20. Where the moving party

19   "shows only that serious questions going to the merits [are] raised," it must "offset" that "lesser

20   showing of likelihood of success on the merits" by showing that "the balance of hardships tips

21   sharply in [its] favor," in addition to showing the other elements—*i.e.*, "that there is a likelihood

22   of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v.*

23   *Cottrell*, 632 F.3d 1127, 1131-1132, 1135 (9th Cir. 2011). But no injunction may issue on a

24   lesser showing of irreparable harm, regardless of the force of the other elements. *Id.* at 1132.

25       Further, because US Inventor seeks "a mandatory injunction"—*i.e.*, an injunction that

26   "goes well beyond simply maintaining the status quo *pendente lite*"—its "request [is] subject to a

27   higher degree of scrutiny because such relief is particularly disfavored under the law of this

28   circuit." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation marks and

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

6

1  alterations omitted); *accord Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).  The

2  relevant status quo is that the PTO has been conducting IPRs for eight years without the

3  particular regulations US Inventor wants, including under standards adopted through

4  precedential decisions.  *See infra* pp. 12-13; *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011,

5  1024 (9th Cir. 2016) (status quo is "the last uncontested status which preceded the pending

6  controversy" (quotation marks omitted)).  The preliminary relief US Inventor requests is a

7  mandatory injunction that would not preserve that status quo but upend it.  The Court should

8  therefore deny the injunction "unless the facts and law clearly favor" US Inventor.  *Stanley*, 13

9  F.3d at 1320 (quotation marks omitted).

10         The standard for issuing a temporary restraining order is the same as for a preliminary

11  injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th

12  Cir. 2001).  However, a temporary restraining order is limited to its "underlying purpose of

13  preserving the status quo and preventing irreparable harm just so long as is necessary to hold a

14  hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*

15  *Local No. 70*, 415 U.S. 423, 439 (1974).  US Inventor's request for a *mandatory* TRO is

16  categorically foreclosed.

17                                      **ARGUMENT**

18  **I.     US Inventor Has Shown No Likelihood Of Success**

19         US Inventor has not shown that its claims are likely to succeed, let alone that they

20  warrant a halt of all new IPR proceedings.[1]   First, the PTO is not required to conduct the

21

22  _____

    [1]    To be sure, Plaintiffs agree that the *NHK-Fintiv* rule is unlawful, among other reasons,

23  because it was adopted without notice-and-comment rulemaking, as both the AIA and the APA

24  require.  *See* Compl. ¶¶ 43-51, 76-77, 88-91.  But that premise does not justify the relief US

25  Inventor seeks; it justifies only an order "set[ting] aside" the *NHK-Fintiv* rule.  5 U.S.C.

26  § 706(2)(D).  Moreover, US Inventor's explanation of the procedural defect is wrong.  The

27  problem is not, as US Inventor contends, that the PTO sometimes resolves matters through "ad

28  hoc adjudications" by the Board.  *See* PI Mot. 6.  Ordinary adjudications are not rules subject to

No. 20-cv-6128-EJD         Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

7

rulemaking that US Inventor demands.  Second, the relief US Inventor seeks—halting all new AIA trials until the completion of that rulemaking—is simply not available.[2]

### A.      US Inventor Is Not Entitled To The Additional Rulemaking It Seeks

US Inventor's case rests on the AIA's provisions stating that the PTO "shall prescribe regulations … setting forth the standards for the showing of sufficient grounds to institute a review under" § 314(a) (IPR) and § 324(a) and (b) (post-grant review).  35 U.S.C. §§ 316(a)(2), 326(a)(2); *see, e.g.*, Intervention Compl. ¶¶ 61, 71, 78; PI Mot. 6, 11.  But the PTO has already conducted the only rulemaking it is affirmatively required to undertake.  In 2012, after providing notice and an opportunity for public comment, the PTO issued regulations setting forth standards for showing sufficient grounds for institution of IPR and other proceedings.  *See* 37 C.F.R. § 42.108(c) (IPR); *id.* § 42.208(c) & (d) (post-grant review); *see also id.* §§ 42.100-107, 200-207; *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 48,680 (Aug. 14,

---

the requirement of notice-and-comment rulemaking because they have "no precedential force in later proceedings."  Patent Trial and Appeal Board, Standard Operating Procedure 2 (Rev. 10) ("SOP-2"), at 3, 8-9 (Sept. 20, 2018), https://tinyurl.com/yyon38sh; *see* 5 U.S.C. § 551(4) ("rule" is "an agency statement of general or particular applicability and future effect").  The procedural violation arises when the PTO purports to make rules that are "binding" on the Board "in subsequent matters involving similar facts or issues" by designating Board decisions as "precedential," because the designation process does not entail public notice or an opportunity for public comment.  *See* SOP-2 at 1-2, 3-4, 8-12; *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1331-1332 (Fed. Cir. 2017) (Moore, J., concurring); Compl. ¶¶ 43-49.

[2]      US Inventor's application for preliminary relief also has a threshold defect:  It is not a party to this case.  It has moved for intervention, but that motion has not been granted and should, as Plaintiffs explained elsewhere, be denied.  Pls.' Opp'n to Mot. to Intervene, Dkt. No. 41.  Consequently, US Inventor has "no standing to seek relief."  Scheduling Order at 3.

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

8

1   2012).  The PTO thus has not "withheld" rulemaking at all, as Proposed Intervenors' complaint

2   concedes.  Intervention Compl. ¶ 65.

3          US Inventor's real contention is that the PTO's existing regulations are "incomplete,"

4   Intervention Compl. ¶¶ 2, 58, because (in US Inventor's view) they "omit[] discretionary

5   considerations" that US Inventor would like the PTO to adopt.  *Id.* ¶¶ 64-65.  But that theory

6   cannot be the basis for a successful claim, for several reasons.

7          First, § 316(a)(2) and § 326(a)(2) do not mandate adoption of the type of standards that

8   US Inventor wants the PTO to adopt.  The only regulations section 316(a)(2) affirmatively

9   requires the PTO to adopt are regulations "setting forth the standards for the showing of

10  sufficient grounds to institute a review under section 314(a)," and § 314(a) addresses whether

11  there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the

12  claims challenged in the petition."  35 U.S.C. § 314(a).  Similarly, the only regulations

13  § 326(a)(2) affirmatively requires the PTO to adopt are regulations "setting forth the standards

14  for the showing of sufficient grounds to institute a review under subsections (a) and (b) of

15  section 324," and § 324(a) and (b) address whether a petitioner for post-grant review has

16  "demonstrate[d] that it is more likely than not that at least 1 of the claims challenged in the

17  petition is unpatentable" or that "the petition raises a novel or unsettled legal question that is

18  important to other patents or patent applications."  *Id.* § 324(a)-(b).  The PTO's existing

19  regulations already address those grounds, and US Inventor does not contend otherwise.  Instead,

20  US Inventor wants the PTO to adopt regulations codifying additional non-statutory factors for

21  deciding whether to institute IPR or post-grant review.  But § 316(a)(2) and § 326(a)(2) nowhere

22  require the PTO to adopt those standards.

23         Moreover, even if the PTO were required to conduct a further rulemaking, the entire

24  theory of US Inventor's case would still fail because it depends on the unfounded assumption

25  that any rulemaking would yield the specific rules US Inventor favors.  US Inventor does not

26  merely seek a rulemaking—it seeks a rulemaking that will result in "cl[ear]" and "certain[]"

27  discretionary reasons to deny institution of IPR and other proceedings.  PI Mot. 3-4; *see also id.*

28  at 1-2 (seeking rules for "why the Director should use his discretion under [§ 314(a)] to deny a

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

9

1    trial"); *id.* at 7 (rules must "include discretionary factors" for denying institution); *id.* at 11, 14,

2    15, 16 (similar); Intervention Compl. ¶ 36 (assuming that rulemaking would result in "clear …

3    discretionary considerations" rendering IPR petitions futile); *id.* ¶ 47 (assuming promulgated

4    rules would require denial of IPR petitions); *id.* ¶¶ 52, 57 (same).[3]  But US Inventor is not

5    entitled to that relief.  Even when an agency has unlawfully withheld action it is required to take,

6    a court can do no more than "compel the agency to act"; it "has no power to specify what the

7    action must be."  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

8        **B.**    **US Inventor Is Not Entitled To An Order Halting All New AIA Trials**

9        US Inventor's claims fail for the additional reason that US Inventor does "not plead any

10   substantive claim" for which the broad injunction it seeks "may be a remedy."  *Albert v.*

11   *Embassy of Music GmbH*, No. 5:19-06652-EJD, 2020 WL 4284830, at *5 (N.D. Cal. July 27,

12   2020); *see also, e.g.*, *Fish v. Magnum Aviation*, No. 18-6671-VKD, 2019 WL 690286, at *6

13   (N.D. Cal. Feb. 19, 2019) ("a request for injunctive relief … requires some … substantive basis

14   for liability").  US Inventor's complaint asserts only two claims, both under the APA: that the

15

16       [3]    In August 2020, US Inventor filed a "petition for rulemaking" asking the PTO to

17   "amend[]" 37 C.F.R. § 42.108 and 37 C.F.R. § 42.208 to include non-statutory factors for

18   denying institution of IPR or other post-grant review.  *See* US Inventor and Small Business

19   Technology Council, Pet. for Rulemaking Pursuant to 5 U.S.C. § 553(e) for Specific Criteria for

20   Deciding Institution of AIA Trials 12-13 (Aug. 27, 2020) (attached as Ex. 1 to Decl. of Josh

21   Malone, Dkt. No. 34-2).  To the extent the proposed complaint-in-intervention seeks an order

22   compelling the PTO to act on US Inventor's petition for rulemaking, it fails because it could

23   hardly be said that the PTO has unreasonably delayed when the petition was filed less than two

24   months ago.  *See In re A Cmty. Voice*, 878 F.3d 779, 787 (9th Cir. 2017) ("unreasonable delays

25   … involve delays of years, not months" (brackets and quotation marks omitted)); *Nat'l Tank*

26   *Truck Carriers, Inc. v. Fed. Highway Admin.*, No. 96-1339, 1997 WL 150088, at *1 (D.C. Cir.

27   Feb. 27, 1997) ("20-month delay in acting on the petition for rulemaking" was not "unreasonable

28   agency delay").

No. 20-cv-6128-EJD    Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

10

1   PTO has "unlawfully withheld or unreasonably delayed" promulgating regulations "on

2   discretionary factors" for instituting IPR or post-grant review, in violation of 5 U.S.C. § 706(1),

3   Intervention Compl. ¶¶ 76-77, and that the PTO unlawfully issued rules on such "discretionary

4   factors" "through adjudicative decisions" rather than through notice-and-comment rulemaking,

5   in violation of § 706(2), *id.* ¶¶ 80-81.  The only relief the APA authorizes for those claims is to

6   "compel" the PTO to undertake the allegedly withheld or delayed rulemaking, § 706(1); *see*

7   Intervention Compl. ¶ 76, and to "hold unlawful and set aside" the rules adopted through

8   precedential designation, § 706(2); *see* Intervention Compl. ¶ 80.  US Inventor has not alleged

9   that it is unlawful for IPRs to proceed in the absence of the rulemaking it seeks—nor could it—

10  and it is not entitled to an injunction of conduct it has not claimed is illegal.  *E.g.*, *Colvin v.*

11  *Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (movant "had no grounds to seek an injunction

12  pertaining to allegedly impermissible conduct mentioned in his original complaint").

13          Like any remedy, an injunction may issue only upon a showing of some "violation of

14  law" and must be tailored to provide redress for that violation.  *Weinberger v. Romero-Barcelo*,

15  456 U.S. 305, 312 (1982); *see In re Charlton*, No. 11-5657, 2012 WL 2572074, at *7 (N.D. Cal.

16  July 2, 2012) (to obtain injunctive relief, plaintiff must identify and prove "the wrongful act

17  sought to be enjoined").  That principle is reflected in the APA, which allows a "person suffering

18  legal wrong because of agency action" to obtain relief upon demonstration that the challenged

19  action is unlawful.  5 U.S.C. § 702; *see also id.* § 706.  The APA does not authorize a court to

20  "set aside" or enjoin agency action that is not proven unlawful.  *Id.* § 706.  The same limitation

21  applies to the Court's inherent equitable powers.  The Court "lacks authority to grant

22  [preliminary] relief" that is not "'of the same character as that which may be granted finally.'"

23  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting

24  *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).  Perhaps if US Inventor's

25  complaint asserted a claim that (if successful) would entitle it to a *permanent* injunction barring

26  all institution of IPRs and other proceedings, a preliminary injunction barring institution *during*

27  *the pendency of the litigation* would at least be within the realm of possibility.  But given the

28  claims asserted in the complaint-in-intervention, such relief is not even similar to, let alone of the

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

11

1  same character as, the only final relief available—*i.e.*, an order compelling the PTO to undertake

2  the supposedly withheld or delayed rulemaking and setting aside the rules adopted through

3  precedential designation.  Therefore, the preliminary relief that US Inventor seeks is unavailable

4  here.  *See Winter*, 555 U.S. at 32-33 (where suit sought to compel environmental study of

5  training program, "no basis" to preliminarily enjoin training program itself).

6  **II.    US Inventor Has Not Shown That It Is Likely To Suffer Irreparable Harm**

7          A preliminary injunction "should issue only where … essential in order effectually to

8  protect … rights against injuries otherwise irremediable."  *Weinberger*, 456 U.S. at 312

9  (quotation marks omitted).  The moving party "must demonstrate" that the "threatened injury"

10 would be "immediate."  *Boardman*, 822 F.3d at 1022 (emphasis omitted); *see also Winter*, 555

11 U.S. at 20 (irreparable harm must be "likely"); Fed. R. Civ. P. 65(b) (requiring "specific facts in

12 an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss,

13 or damage will result").  And the moving party "'must necessarily establish a relationship

14 between the injury claimed in the party's motion and the [allegedly illegal] conduct asserted in

15 the complaint.'"  *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.

16 1997) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  US Inventor, however,

17 has made no plausible showing that the PTO's reliance on precedential decisions rather than

18 regulations will cause it immediate irreparable harm.

19         **A.    US Inventor's Delay Belies Any Assertion Of Irreparable Harm**

20         "[A] party requesting a preliminary injunction must generally show reasonable

21 diligence."  *Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018).  But here, US Inventor's "long

22 delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."

23 *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).  Over the

24 past eight years, the PTO has instituted thousands of IPRs and other post-grant review

25 proceedings without the supposedly required regulations in place.  *See* 77 Fed. Reg. 48,680;

26 PTO, *Trial Statistics: IPR, PGR, CBM*, "Status of Petitions" (Aug. 2020),

27 https://tinyurl.com/y2jcqau5.  And the PTO has been instituting proceedings for three years

28 under its precedential decision in *General Plastic Industrial Co. v. Canon Kabushiki Kaisha*, No.

1   IPR2016-01357 (Paper 19) (P.T.A.B. Sept. 6, 2017), and for more than one year under its

2   precedential decision in *NHK Spring Co. v. Intri-Plex Technologies, Inc.*, No. IPR2018-00752

3   (Paper 8) (P.T.A.B. Sept. 12, 2018) (designated precedential on May 7, 2019); *see* Intervention

4   Compl. ¶ 69.  Yet US Inventor did nothing until August 27, 2020, when it simply petitioned the

5   PTO for a rulemaking.  *See* US Inventor and Small Business Technology Council, Pet. for

6   Rulemaking Pursuant to 5 U.S.C. § 553(e) for Specific Criteria for Deciding Institution of AIA

7   Trials, Dkt. No. 34-2, Ex. 1.  It never even filed its own lawsuit, but merely moved to intervene

8   in this case.  As this Court has observed, it was already "difficult to accept" US Inventor's

9   asserted need for "emergency relief" given its consent to an extended briefing schedule on its

10  motion to intervene, which is a precondition for emergency relief.  Scheduling Order at 3; *see*

11  *supra* pp. 5-6, 8 n.2.  US Inventor's protracted inaction in the face of years of IPRs and other

12  proceedings conducted without its desired regulations confirms that its asserted irreparable harm

13  is illusory.  *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("[b]y

14  sleeping on its rights a plaintiff demonstrates the lack of need for" preliminary injunction); *Fund*

15  *for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (waiting 44 days to file suit

16  challenging comment period was "inexcusable" and "bolstered" conclusion that preliminary

17  injunction "should not issue").

18          **B.      US Inventor's Theories Of Harm Fail**

19          US Inventor's various theories of irreparable harm also do not withstand scrutiny.

20          First, US Inventor cannot claim irreparable harm based on an alleged procedural

21  violation.  US Inventor contends that its members are "subject to harm when deprived of a

22  procedural protection to which [they] are entitled under the APA, including the opportunity to

23  shape the rules through notice and comment," and that "it has been deprived of a procedural

24  vehicle for presenting notice-and-comment on published proposed rules."  PI Mot. 15, 16.  But

25  "mere procedural harm is not an appropriate basis for emergency relief."  *Nw. Envt'l Def. Ctr. v.*

26  *U.S. Army Corps of Eng'rs*, 817 F. Supp. 2d 1290, 1316 (D. Or. 2011); *see also Elk Assocs.*

27  *Funding Corp. v. U.S. Small Bus. Admin.*, 858 F. Supp. 2d 1, 31 (D.D.C. 2012) ("courts

28  generally will not base a finding of irreparable injury on a procedural violation standing alone"

No. 20-cv-6128-EJD          Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

13

1   (quotation marks omitted)).  If "alleging a bare procedural violation" "cannot satisfy the

2   demands of Article III," *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016), it certainly cannot

3   satisfy the demands for a preliminary injunction.  Contrary to US Inventor's descriptions, none

4   of the cases it cites (PI Mot. 15, 17) held otherwise.  *See, e.g.*, *N. Mariana Islands v. United*

5   *States*, 686 F. Supp. 2d 7, 18 (D.D.C. 2009) (finding irreparable harm because challenged rule

6   itself "impaired [movant's] ability to protect its interests").[4]

7           Second, US Inventor's apparent assumption that additional regulations would yield more

8   or clearer guidance from the PTO is wholly speculative, and "speculative injury cannot be the

9   basis for a finding of irreparable harm."  *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th

10  Cir. 2007); *see Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)

11  (same).  US Inventor contends that, without the supposedly required regulations, its members

12  "have no rule-based guidance over how to present discretionary factors as a basis for denial of

13  the petitions they are now facing, under deadline," and US Inventor itself is "hamstrung in its

14

15  [4]     *See also California v. Health & Human Servs.*, 281 F. Supp. 3d 806, 821, 830 (N.D. Cal.

16  2017) (stating "procedural injury" requires showing of "a 'concrete interest' that is threatened by

17  the failure to comply with [procedural] requirement," and finding irreparable harm because

18  "impact" of challenged rules on movants' "health" and "fiscal interests" was "immediate"), *aff'd*

19  *in relevant part, California v. Azar*, 911 F.3d 558, 570-571, 581 (9th Cir. 2018); *Dartmouth-*

20  *Hitchcock Clinic v. Toumpas*, 856 F. Supp. 2d 315, 325 (D.N.H. 2012) ("future harm likely to be

21  suffered" included "significant financial losses that might threaten the [plaintiff] hospitals'

22  ability to continue providing Medicaid services"); *Citizens for Better Forestry v. U.S. Dep't of*

23  *Agric.*, 481 F. Supp. 2d 1059, 1100 (N.D. Cal. 2007) ("where the government fails to comply

24  with [National Environmental Policy Act] procedures, the harm is one to the *environment*"

25  (quotation marks omitted)); *Long Term Care Pharm. Alliance v. Ferguson*, 260 F. Supp. 2d 282,

26  293-294 (D. Mass. 2003), *vacated*, 362 F.3d 50 (1st Cir. 2004) (irreparable harm where action at

27  issue "forced" pharmacies to "cut back services" and prevented "reimbursements"); *Fund for*

28  *Animals*, 530 F.2d at 987-988 (finding no irreparable harm).

efforts to teach inventors about keeping their patents free of AIA trial reviews."  PI Mot. 16; *see also id.* at 15 (without "clarity" of regulations, patentees are "deprived of a tool for persuading the PTAB" not to institute proceedings).  But even if US Inventor's suit prevailed, the Court could not dictate the content of any regulations the PTO would adopt; as discussed, the only relief the Court could grant would be to set aside the rules adopted through precedential decisions and compel the PTO to conduct a rulemaking.  *S. Utah Wilderness*, 542 U.S. at 64-65 ("[section] 706(1) empowers a court only to compel an agency … to take action upon a matter, without directing how it shall act"; "court … has no power to specify what the action must be" (quotation marks omitted)).  The PTO could decide merely to codify the standards articulated in the precedential decisions or to adopt even vaguer standards.

Finally, US Inventor's argument that the supposed lack of guidance causes its members to incur greater "economic burden and uncertainty," PI Mot. 16, and increases the probability that its members' patents will be invalidated, *see id.* at 15-16, again rests on pure speculation. Whereas US Inventor must show that it is "*likely* to suffer irreparable harm" absent preliminary relief, *Winter*, 555 U.S. at 22 (emphasis added), it adduces no evidence that the PTO's reliance on precedential decisions rather than the desired regulations has increased its costs at the IPR-petition stage or increased the likelihood that an IPR petition will be granted.[5]  If anything, the

---

[5]     US Inventor's declarations complain only about the lack of "certainty" in opposing institution of AIA trials and speculate about the content of the regulations the PTO might adopt in the future.  *See* Decl. of Josh Malone, Dkt. No. 34-2, ¶ 9 ("[s]ometimes [his arguments] worked, sometimes [they] didn't"); *id.* ¶ 10 ("Because of the lack of rulemaking in this area, it was not possible to know in advance if a particular type of argument for 'discretionary denial' would be inevitably work, or inevitably fail."); *id.* ¶¶ 23-24 (speculating that PTO might adopt "bright line rules" rather than the multi-factor tests it currently uses); Decl. of Hugh Svendsen, Dkt. No. 34-3, ¶ 11 ("I believe that any regulations that come out of [a rulemaking] will make it much more likely that the PTAB will have to deny institution in cases with facts like mine."); Decl. of Rob Honeycutt, Dkt. No. 34-4, ¶ 10 (identical assertion).

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

15

1  opposite is true:  the adoption of the *NHK-Fintiv* rule has "dramatically reduced the availability

2  of IPR" by encouraging the Board to deny IPR petitions that meet all the statutory requirements

3  for institution.  Compl. ¶¶ 5, 61-65.  US Inventor again speculates about the content of any

4  regulations the PTO would issue, contending that the notice-and-comment rulemaking would

5  yield better rules than the precedential decisions by "first … factor[ing] in the effect on the

6  economy and the integrity of the patent system of AIA trial institutions."  PI Mot. 15-16.  But as

7  explained, US Inventor is not entitled to have the PTO adopt any particular rules, and this Court

8  cannot order the PTO to do so.

## III.    The Balance Of Equities Tips Decisively Against US Inventor

10          In considering a preliminary injunction, "courts must balance the competing claims of

11  injury and must consider the effect on each party of the granting or withholding of the requested

12  relief."  *Winter*, 555 U.S. at 24; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir.

13  2009); *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752

14  F.3d 755, 766 (9th Cir. 2014).  Here, barring the PTO from instituting any IPRs pending the

15  desired rulemaking would inflict severe and irreparable harm on Plaintiffs.  Conversely, denying

16  relief would leave US Inventor in the same position it has been in for many years.  The balance

17  of equities therefore weighs strongly against US Inventor's motion.

18          As leading technology innovators frequently targeted with infringement lawsuits based

19  on weak patent claims, Compl. ¶ 2, Plaintiffs regularly seek IPR "to weed out bad patent claims

20  efficiently," *Thryv, Inc. v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1374 (2020); *see* Compl.

21  ¶¶ 54-59.  By foreclosing that option, the preliminary relief that US Inventor seeks would

22  undermine Plaintiffs' strong interest in maintaining the availability of IPR.  Compl. ¶ 2.  *See*

23  *Ward v. Estate of Goossen*, No. 14-3510, 2014 WL 7273911, at *4 (N.D. Cal. Dec. 22, 2014)

24  (losing access to the "speed, economy, and specialized nature of the [arbitration] procedure" was

25  irreparable harm); *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1034 (N.D. Cal. 2015)

26  ("losing the two main benefits of the arbitral forum … —speed and efficiency"—was irreparable

27  harm).

28

No. 20-cv-6128-EJD          Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

16

Barring institution of IPR proceedings would also deprive Plaintiffs of the substantial amounts they have already invested preparing and prosecuting dozens of pending IPR petitions. As US Inventor acknowledges, PI Mot. 15, such economic harm is irreparable because the APA does not permit recovery of "money damages."  5 U.S.C. § 702; *see Azar*, 911 F.3d at 581.

US Inventor suggests that patent challengers (including Plaintiffs) would not be harmed by the preliminary relief it seeks because they could continue to challenge patent validity in court or seek ex parte reexamination.  PI Mot. 19.  That is incorrect.  Congress established IPR precisely because litigation and ex parte reexamination were *not* adequate on their own.  Among its many advantages, IPR allows parties accused of patent infringement to avail themselves of "the expertise of the Patent Office on questions of patentability," 157 Cong. Rec. S1352 (daily ed. Mar. 8, 2011) (Sen. Udall), in "a quick, inexpensive, and reliable alternative to district court litigation," S. Rep. No. 110-259, at 20 (2008); *see also* H.R. Rep. No. 112-98, at 39-40 (2011); *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-1058, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J., sitting by designation) (IPR was "designed in large measure to simplify proceedings before the courts and to give the courts the benefit of the expert agency's full and focused consideration of the effect of prior art on patents being asserted in litigation").  US Inventor's attempt to foreclose all IPRs would thus deprive Plaintiffs of the very benefits that Congress intended IPR to provide as "an efficient system for challenging patents that should not have issued."  *Cuozzo Speech Techs., LLC v. Lee*, 136 S. Ct. 2131, 2144 (2016).

## IV.    The Public Interest Weighs Against Preliminary Relief

When a requested injunction "'will adversely affect a public interest[,] the court may in the public interest withhold relief until a final determination of the rights of the parties, though the postponement may be burdensome to the plaintiff.'"  *Stormans*, 586 F.3d at 1139 (quoting *Weinberger*, 456 U.S. at 312-313).  Here, there is a strong public interest in preserving the availability of IPR.

"The public interest, of course, favors the maintenance of a well-functioning patent system," *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 203 (2014), and IPRs are an essential component of Congress's deliberate efforts to promote such a system.  Before

1    enacting the AIA, Congress had a "growing sense that questionable patents [we]re too easily

2    obtained" and "too difficult to challenge" through existing procedures.  H.R. Rep. No. 112-98, at

3    39-40.  That was a problem because weak patents—particularly when held by non-practicing

4    entities—are often used not to promote and protect genuine invention but rather as the basis for

5    spurious infringement lawsuits designed to extract money from successful technology innovators

6    (including Plaintiffs).  Thus, "concerned about overpatenting and its diminishment of

7    competition, [Congress] sought to weed out bad patent claims efficiently" by providing for IPR.

8    *Thryv*, 140 S. Ct. at 1374.  The AIA was "'designed to establish a more efficient and streamlined

9    patent system that will improve patent quality and limit unnecessary and counterproductive

10   litigation costs.'"  *Id.* (quoting H.R. Rep. No. 112-98, at 40).  Innovators have widely embraced

11   Congress's system, relying on IPR and other post-grant AIA proceedings to invalidate thousands

12   of patent claims already, PTO, *Trial Statistics*, https://tinyurl.com/y2jcqau5, freeing them from

13   costly litigation and enabling them to make greater investments in research and development, *see*

14   *supra* p. 12.  Therefore, there is a strong public interest in maintaining the availability of IPR.

15   *See Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 665 (1944) (public interest lies in

16   "protection of … a system of free enterprise which … nullifies a patent where any part of it is

17   invalid").  By slamming the door on IPR until the PTO issues new regulations—which could

18   take an indefinitely long time—US Inventor's requested preliminary relief would tear down

19   Congress's system and thwart the public interest that system was meant to serve.

20        The public interest in "compliance with the APA" does not support US Inventor's motion

21   because "call[ing] a halt" to all new AIA trials is unnecessary to ensure compliance with the

22   APA.  PI Mot. 19.  Even accepting the allegations of the proposed complaint-in-intervention as

23   true, compliance with the APA would be achieved merely by setting aside rules adopted through

24   precedential Board decisions and compelling the PTO to undertake a rulemaking.  The APA

25   neither requires nor permits broader relief.

26        In any event, the general public interest in compliance with the APA pales in comparison

27   to the harm to the public interest from US Inventor's requested preliminary relief—the wholesale

28   shutdown of key administrative procedures for maintaining a well-functioning patent system.

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

18

1   Given that US Inventor has not even alleged, let alone demonstrated, that conducting IPRs

2   without the rulemaking it seeks is remotely unlawful, the public interest would in no way be

3   served by an injunction of perfectly lawful proceedings that Congress established as a pillar of a

4   strong patent system.  *See Winter*, 555 U.S. at 32-33.

5                                      **CONCLUSION**

6          For the foregoing reasons, the Court should deny US Inventor's application for a

7   temporary restraining order and motion for a preliminary injunction.

8   DATED: October 19, 2020                    Respectfully submitted,

9                                              By: */s/ Mark D. Selwyn*

10                                             MARK D. SELWYN (CA SBN 244180)
                                               mark.selwyn@wilmerhale.com
11                                             WILMER CUTLER PICKERING
                                                   HALE AND DORR LLP
12                                             2600 El Camino Real, Suite 400
13                                             Palo Alto, California  94306
                                               Telephone: (650) 858-6000
14                                             Facsimile: (650) 858-6100

15                                             CATHERINE M.A. CARROLL (*pro hac
                                               vice*)
16                                             DAVID M. LEHN (*pro hac vice*)
17                                             REBECCA LEE (*pro hac vice*)
                                               catherine.carroll@wilmerhale.com
18                                             david.lehn@wilmerhale.com
19                                             rebecca.lee@wilmerhale.com
                                               WILMER CUTLER PICKERING
20                                                 HALE AND DORR LLP
21                                             1875 Pennsylvania Avenue NW
                                               Washington, DC  20006
22                                             Telephone: (202) 663-6000
                                               Facsimile: (202) 663-6363

23                                             ALYSON ZUREICK (*pro hac vice*)
24                                             alyson.zureick@wilmerhale.com
                                               WILMER CUTLER PICKERING
25                                                 HALE AND DORR LLP
26                                             7 World Trade Center
                                               250 Greenwich Street
27                                             New York, NY  10007
                                               Telephone: (212) 230-8800
28                                             Facsimile: (212) 230-8888

No. 20-cv-6128-EJD        Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

19

1

2

*Attorneys for Plaintiffs Apple Inc., Cisco
Systems, Inc., and Intel Corporation*

3

DANIEL T. SHVODIAN (CA SBN
184576)

4

DShvodian@perkinscoie.com
PERKINS COIE LLP

5

3150 Porter Drive
Palo Alto, CA  94304-1212

6

Telephone: (650) 838-4300
Facsimile: (650) 737-5461

7

8

THERESA NGUYEN (CA SBN 284581)
RNguyen@perkinscoie.com

9

PERKINS COIE LLP
1201 Third Avenue, Suite 4900

10

Seattle, WA  98101-3099
Telephone: (206) 359-6068

11

Facsimile: (206) 359-9000

12

ANDREW T. DUFRESNE (*pro hac vice*)

13

ADufresne@perkinscoie.com
PERKINS COIE LLP

14

33 East Main Street, Suite 201
Madison, WI  53703-3095

15

Telephone: (608) 663-7492
Facsimile: (608) 663-7499

16

17

*Attorneys for Plaintiff Google LLC*

18

19

20

21

22

23

24

25

26

27

28

## ATTORNEY ATTESTATION

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

By: */s/ Mark D. Selwyn*
Mark D. Selwyn

No. 20-cv-6128-EJD         Plaintiffs' Opposition To US Inventor's Application For TRO And Motion For Entry Of A Preliminary Injunction

21