JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
LESLEY FARBY
Assistant Branch Director
GARY FELDON, D.C. Bar No. 987142
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20044
Telephone:  (202) 598-0905
Facsimile:  (202) 616-8470
Email: gary.d.feldon@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., *et al.* | ) Case No.: 5:20-cv-06128-EJD |
| | ) |
| Plaintiffs, | ) **Opposition to US Inventor's Motion to** |
| | ) **Intervene** |
| v. | ) |
| | ) Hon. Edward J. Davila |
| ANDREI IANCU, in his official capacity only, | ) |
| | ) Hearing Set for January 14, 2021, at 9:00 a.m. |
| Defendant. | ) |
| | ) |

**STATEMENT OF ISSUES**

1. Whether Proposed Intervenors lack standing to assert their claim to compel rulemaking, thereby precluding them from intervening as of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b).

2. Whether Proposed Intervenors lack a significant protectable interest in the factors that the Director of the U.S. Patent and Trademark Office considers in exercising his discretion to deny petitions for *inter partes* review, thereby precluding them from intervening under Rule 24(a) to bring a claim to compel rulemaking.

3. Whether Proposed Intervenors' claim to compel rulemaking lacks a common legal basis with the existing claims in this case, thereby precluding Proposed Intervenors from intervening under Rule 24(b) to bring their thnew claim.

The Proposed Intervenors[1] seek as a matter of right, and in the alternative permissively, to bring two claims: (1) a claim to set aside the *Fintiv* factors and (2) a claim to compel Defendant to undertake notice-and-comment rulemaking on the appropriate factors to consider when exercising discretion to deny *inter partes* review under 35 U.S.C. § 314(a). Motion to Intervene ("Motion"), ECF No. 28. Defendant takes no position with regard to Proposed Intervenors' Motion insofar as it seeks intervention to assert the former claim (Count II of the proposed complaint). [2] Defendant, however, strongly opposes intervention to permit Proposed Intervenors to inject into this litigation a novel claim to compel rulemaking (Count I of the proposed complaint). Proposed Intervenors are not eligible for intervention to assert this claim, either as a matter of right or permissibly. *See* Fed. R. Civ. P. 24.

## BACKGROUND

Rather than recite the extensive legal and procedural background in full again, Defendant recounts here only the facts necessary for the Court to decide the Proposed Intervenors' Motion. To the extent further background would be beneficial, Defendant directs the Court to the Background section of the Opposition to US Inventor's TRO/PI Motion, which Defendant incorporates by reference. EFC No. 51-1 at 1-7.

On August 31, 2020, Plaintiffs Apple Inc., Cisco Systems, Inc., Google LLC, and Intel Corporation (collectively, "Plaintiffs") filed suit under the Administrative Procedure Act ("APA").[3] ECF No. 1. The complaint alleges that Defendant, the Director of the U.S. Patent and Trademark Office ("Director"), violated the APA by designating as precedential two Patent

---

[1] "Proposed Intervenors" here means US Inventor, 360 Heros, Inc., Larry Golden, World Source Enterprises, LLC, Dareltech LLC, Tinnus Enterprises, LLC, Clearplay, Inc., E-Watch, Inc.

[2] Defendant reserves the right to oppose those claims for other reasons, in a motion to dismiss, motion for summary judgment, or other papers. Defendant's non-opposition is limited to whether Proposed Intervenors may join Count II of their proposed complaint to Plaintiffs' existing claim to set aside the *Fintiv* factors on the same basis. In accordance with Local Rule 7-3(b), a Statement of Non-Opposition is filed herewith.

[3] Plaintiffs have since amended their pleading by adding Edwards Lifesciences Corp. and Edwards Lifesciences LLC, but have not changed the nature of their underlying claims. *Compare* ECF No. 1 *with* ECF No. 54.

Trial and Appeal Board ("Board") decisions laying out a non-exhaustive, non-dispositive list of factors (the "*Fintiv* factors") to consider when deciding whether to institute an *inter partes* review ("IPR") petition in light of a parallel district court proceeding. *Id.* ¶¶ 5, 35-42, Ex. A, Ex. B. Plaintiffs contend that the Director could not adopt the *Fintiv* factors without engaging in notice-and-comment rulemaking and that the factors themselves constitute an abuse of discretion. *Id.* ¶¶ 78-91.

Proposed Intervenors then moved to intervene in this case, both as a matter of right under Federal Rule of Civil Procedure 24(a) and permissively under Rule 24(b). Mot. at 5-12. Proposed Intervenors seek to assert a claim to set aside the *Fintiv* factors, ECF No. 28-1 ¶¶ 80-83, and a new claim to compel notice-and-comment rulemaking defining all the relevant considerations for discretionary denial of *inter partes* review, *id.* ¶¶ 76-79. The Director now opposes intervention as to the new claim.

## LEGAL STANDARD

"The party seeking to intervene bears the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (emphasis in original).

Absent specific statutory authorization, an outside party has the right to intervene under Federal Rule of Civil Procedure 24(a) only (1) upon a timely motion, (2) when the party has a significant protectable interest in the property or transaction at issue, (3) if the outcome of the case would practically impair the proposed intervenor's ability to protect that interest, and (4) if the party's interests may not be adequately represented by the existing parties. *Id.*

A court may choose to permit intervention under Federal Rule of Civil Procedure 24(b) only (1) upon a timely motion, (2) when the party "has a claim or defense that shares with the main action a common question of law or fact" or has a conditional statutory right to intervene, and (3) if the party has standing to pursue its claim or defense. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

**ARGUMENT**

Proposed Intervenors lack standing to bring a claim to compel notice-and-comment rulemaking on the relevant considerations for the exercise of Director's discretion to institute *inter partes* review under 35 U.S.C. § 314(a), so are ineligible to intervene to assert that claim. Further, Proposed Intervenors fail to meet the other requirements of either Rule 24(a) or Rule 24(b).

## I.    Proposed Intervenors Lack Standing to Compel Rulemaking on the Factors for Discretionary Denial of *Inter Partes* Review.

Rule 24 does not provide a loophole to the constitutional requirement that a party have standing before it can invoke federal court jurisdiction.  Intervening as a matter of right "to pursue relief not requested by a plaintiff" requires standing, *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1648 (2017), as does permissive intervention to assert any claim or defense, Fed. R. Civ. P. 24(b).  Because Proposed Intervenors lack standing to compel Defendant to engage in notice-and-comment rulemaking with regard to the Director's exercise of his discretion under § 314(a), they cannot succeed on their Motion.

As Defendant noted in the Opposition to US Inventor's TRO/PI Motion, the Proposed Intervenors lack standing because they assert only a procedural injury, not a concrete harm.  ECF No. 51-1 at 17-19; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992).  Proposed Intervenors assert that they have an potential harm because, unless the Court orders rulemaking, vacating the *Fintiv* factors would "dramatically increas[e] the possibility of attacked patent owners having to defend their patents in a full [America Invents Act] trial."[4]  Mot. at 9. However, predicting how the Board would react to a possible court ruling is mere speculation

---

[4]  Proposed Intervenor US Inventor also asserts that vacating *Fintiv* would require US Inventor to perform new IPR trainings for its members.  Mot. at 10.  However, as Proposed Intervenors admit, US Inventor "has a day-to-day mission of educating the public about how to deal with [America Invents Act] trial petitions."  *Id.* at 8.  An organization's day-to-day operations costs do not constitute an injury sufficient to confer standing.  *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 285-86 (3d Cir. 2014); *NAACP v. City of Kyle*, 626 F.3d 233, 238 (5th Cir. 2010); *Nat'l Taxpayers Union v. United States*, 68 F.3d 1428, 1434 (D.C. Cir. 1995).

and therefore insufficient to establish a concrete harm.  *See Lujan*, 504 U.S. at 573.  Moreover, being compelled to participate in an adjudicative proceeding is not itself a concrete harm.  *See FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980); *Ukiah Valley Med. Ctr. v. FTC*, 911 F.2d 261, 265 (9th Cir. 1990).  As the Supreme Court explained, "the expense and annoyance of litigation is part of the social burden of living under government."  *Standard Oil*, 449 U.S. at 244 (quoting *Petroleum Exploration, Inc. v. Public Serv. Comm'n*, 304 U.S. 209, 222 (1938)).  Even when the adjudicatory process is purportedly unfair, *ultra vires*, or otherwise improperly instituted—none of which circumstances are even alleged here—participation in the process is not an actionable harm.  *See Triangle Const. & Maint. Corp. v. Our Virgin Islands Labor Union*, 425 F.3d 938, 947 (11th Cir. 2005) (mandatory arbitration); *Esso Standard Oil Co. v. Cotto*, 389 F.3d 212, 219-220 (1st Cir. 2004) (allegedly biased state court proceeding when judicial review was ultimately available).  The Proposed Intervenors do not have any right to avoid *inter partes* review of their patents, so they have no legal right infringed by the possibility of review.  *See* 35 U.S.C. § 314(d).

Proposed Intervenors also lack standing because they cannot show that success on their claim would remedy their purported injuries.  Plaintiffs can only guess what the rule the Director would promulgate if he were compelled to engage in notice-and-comment rulemaking.  Rather than remedying their grievances, setting aside the *Fintiv* factors could result in the Director promulgating a regulation far more likely to lead to *inter partes* review, which Proposed Intervenors contend would be worse for them.  Indeed, the Director could adopt a rule that the Board should grant all eligible IPR petitions, without regard to any of the discretionary factors outlined in *Fintiv* presented in any other Board precedent.  Alternatively, the Director could—but is in no way required to—issue a regulation adopting some or all the *Fintiv* factors and/or other factors.  Because "[t]here is absolutely no way of knowing what [rule], if any," the Director would adopt if the Court sets aside the *Fintiv* factors, Plaintiffs cannot show that any decision by this Court would redress their purported harms.  *Hoffman v. Jeffords*, 175 F. Supp. 2d 49, 51, 57

(D.D.C. 2001) (no standing for challenge to senator's switch in political parties under state election law because alternative policies Congress would have otherwise enacted were too speculative to establish standing), *aff'd*, No. 02-5006, 2002 WL 1364311 (D.C. Cir. May 6, 2002).  Proposed Intervenors therefore do not meet the redressability requirement for standing, and their Motion fails.

## II.  Proposed Intervenors Cannot Meet Other Requirements for Intervention Under Either Rule 24(a) or 24(b).

Even if they had standing, Proposed Intervenors would be ineligible to intervene.  Proposed Intervenors cannot intervene as a matter of right because they lack a significant protectable interest. Moreover, Proposed Intervenors cannot rely on permissive intervention to assert their new claim because that claim turns on the very different legal question from Plaintiffs' existing claims.

### A.  Proposed Intervenors Cannot Intervene Under Rule 24(a) Because They Have No Significant Protectable Interest in the Director's Process for Deciding Whether to Discretionarily Deny *Inter Partes* Review.

To have a right to intervene under Rule 24(a), a party seeking to intervene must have a significant protectable interest relating to the property or transaction at issue in the case.  *Alisal Water Corp.*, 370 F.3d at 919; *see also United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 991 (9th Cir. 2017) ("a significant protectable interest" must be "protected under some law" and bear the proper relationship to plaintiff's claims).  There are two reasons why Proposed Intervenors lack such an interest.

First, Proposed Intervenors do not have any cognizable interest—much less a significant and protectable interest—in the factors the Director takes into account when deciding whether to institute an *inter partes* review.[5]  Indeed, Congress specifically denied both IPR petitioners and patent owners the right to judicial review of the Director's discretionary institution decisions.  35 U.S.C. § 314(a).  This preclusion extends to any "questions that are closely tied to the application and interpretation of statutes related to the Patent Office's decision to initiate inter partes

---

[5]  Likewise, Proposed Intervenors lack a cognizable interest in avoiding *inter partes* review.  *See* 35 U.S.C. § 314(d) (no appeal of institution of review); *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (participation in adjudication not legal injury).

review." *Thryv, Inc v. Click-To-Call Techs.*, LP, 140 S. Ct. 1367, 1373 (2020) (quoting *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2141-42 (2016)).  Absent a legal right to review of the Director's institution decisions, Proposed Intervenors lack a protectable interest in the factors the Director considers in making those decisions.

Second, any cognizable interest Proposed Intervenors had in the process for making institution decisions would not yet be protectable because they have not exhausted their administrative remedies.  The APA confers certain procedural rights, but those rights are only enforceable (*i.e.* protectable) after all administrative remedies have been exhausted.  5 U.S.C. § 704.  Of the Proposed Intervenors, only US Inventor Inc. has filed a petition for rulemaking, and the Director has not yet acted on that petition.  ECF No. 28-1 at ¶ 9.  Under the APA, a party must file a petition for rulemaking and have it denied (actually or constructively) before that party can file an action to compel the rulemaking.  *See Auer v. Robbins*, 519 U.S. 452, 459 (1997); *Clark v. Busey*, 959 F.2d 808, 812–13 (9th Cir. 1992); *see also Hyatt v. U.S. Patent & Trademark Office*, 904 F.3d 1361 (Fed. Cir. 2018).  As such, none of the Proposed Intervenors have a protectable interest in procedural rights conferred by the APA and cannot intervene as a matter of right under Rule 24(a).

B. Proposed Intervenors Cannot Intervene Under Rule 24(b) Because Their Claim to Compel Rulemaking Turns on a Different Legal Question from Plaintiffs' Claims to Set Aside the *Fintiv* Factors.

Absent a statute to the contrary, a party must have "a claim or defense that shares with the main action a common question of law or fact" to be eligible to intervene permissively. *Beckman Indus.*, 966 F.2d at 473.  The gravamen of Proposed Intervenors' claim to compel rulemaking is that 35 U.S.C. § 316(a)(2) obligates the Director to enact regulations setting out all the relevant consideration to be taken into account when deciding whether to discretionarily deny *inter partes* review.  ECF No. 28-1 ¶¶ 62, 76-79.  Plaintiffs have made clear that their claims do not rely on this premise.  ECF No. 41 (Pls.' Br. Opp. Proposed Intervenors' Mot. to Intervene). Rather, Plaintiffs' claims rely on the far more limited—but still wrong—legal contentions that

the *Fintiv* factors could not be adopted without notice-and-comment rulemaking and that the factors are arbitrary and capricious.  *See* ECF No. 54 ¶¶ 82-95.  Rule 24(b) is not intended to permit an applicant to "inject new, unrelated issues into the pending litigation," *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), or to "expand the suit well beyond the scope of the current action," *Akina v. Hawaii*, 835 F.3d 1003, 1012 (9th Cir. 2016).  Proposed Intervenors' attempt to inject their claim to compel rulemaking into this litigation therefore cannot succeed.  Moreover, introducing tangentially related legal claims would be inefficient and disruptive of the litigation, which would weigh heavily against the Court permitting intervention even if Proposed Intervenors' claim to compel rulemaking met the eligibility requirements.  *U.S. Commodity Futures Trading Comm'n v. Forex Liquidity LLC*, 384 F. App'x 645, 647 (9th Cir. 2010).

## CONCLUSION

For the foregoing reasons, the Court should deny Proposed Intervenors' Motion with regard to their claim to compel notice-and-comment rulemaking.

DATED:  November 16, 2020                    Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

  */s/ Gary Feldon*
GARY D. FELDON D.C. Bar #987142
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20044
Telephone:  (202) 598-0904
E-mail:  gary.d.feldon@usdoj.gov
*Counsel for Defendant*

**STATEMENT OF NON-OPPOSITION**

In accordance with Local Rule 7-3(b), Defendant states that he does not oppose Proposed Intervenors joining Plaintiffs' pending claim.  Defendant reiterates, however, that he does oppose Proposed Intervenors asserting a claim to compel rulemaking.

*/s/ Gary Feldon*

GARY D. FELDON

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on November 16, 2020, in Washington, D.C.

*/s/ Gary Feldon*

GARY D. FELDON