JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
LESLEY FARBY
Assistant Branch Director
GARY FELDON, D.C. Bar No. 987142
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20044
Telephone: (202) 598-0905
Facsimile: (202) 616-8470
Email: gary.d.feldon@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC., *et al.* | ) Case No.: 5:20-cv-06128-EJD |
| Plaintiffs, | ) **Motion for Administrative Relief Requesting** ) **a Stay of Briefing on Plaintiffs' Motion for** |
| v. | ) **Summary Judgment** ) |
| ANDREI IANCU, in his official capacity only, | ) Hon. Edward J. Davila ) |
| Defendant. | ) ) |

Pursuant to Local Rule 7-11, Defendant Andrei Iancu ("Defendant"), in his official capacity as Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("USPTO"), respectfully requests that the Court stay briefing of Plaintiffs' Motion for Summary Judgment, ECF No. 65, pending resolution of Defendant's motion to dismiss, ECF. No. 64.

On November 23, 2020, Defendant moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' three claims for lack of standing and as non-justiciable under the Administrative Procedure Act ("APA"). ECF No. 64.[1] The same day, Plaintiffs moved for summary judgment, arguing the merits of their APA claims. Without relief, the oppositions to both motions will be due on December 7, 2020, with replies due a week later. Plaintiffs have also notified Defendant that they will ask the Court for an exception to the ordinary method of scheduling hearings. They want their motion heard early, during Proposed Intervenors' hearing on the pending motion for a preliminary injunction, ECF No. 34.

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Exercising this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

The Court should reject Plaintiffs' demands for early consideration of their summary judgment motion and instead determine whether there is even jurisdiction to hear Plaintiffs' claims before requiring Defendant to address the merits of those claims. Indeed, courts routinely stay or defer summary judgment briefing when there are threshold questions about jurisdiction.[2]

---

[1] Defendant was originally set to file his motion to dismiss on November 9, 2020, however shortly before this deadline, Plaintiffs' counsel advised Defendant's counsel of their intention to file an amended complaint adding an additional Plaintiff.

[2] *See, e.g.*, *W. Va. ex rel. Morrisey v. U.S. Dep't of Health & Human Servs.*, No. 14-1287, 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014) (As "the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance . . . Courts will stay summary judgment briefing pending the resolution of a motion to dismiss.") (citation omitted); *Friends of the River*

The issues raised in Defendant's motion to dismiss—whether Plaintiffs have standing and whether their claims are otherwise justiciable under the APA—are threshold jurisdictional questions. *See Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009) (standing); *Fairbanks N. Star Borough v. U.S. Army Corps of Eng'rs*, 543 F.3d 586, 591 (9th Cir. 2008) (APA). "[T]he traditional litigation sequence . . . allows the Court to assure itself of jurisdiction and address threshold matters before burdening the parties with the costs of discovery and briefing on the merits." *Comm. on Ways & Means, U.S. House of Reps. v. U.S. Dep't of the Treasury*, No. 1:19-CV-01974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019) (describing the sequence as "answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment"). These considerations apply with extra force when the federal government is the defendant. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) ("The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers . . . .").

The Eastern District of California recently reached this conclusion in the specific context of whether to stay APA summary judgment briefing when there was a pending motion to dismiss on jurisdictional grounds. In staying the summary judgment briefing, the court explained that doing otherwise would cause the "docket [to] be clogged with a potentially unnecessary Administrative Record and briefing on the adequacy of the record, Defendant's motion to

---

*v. U.S. Army Corps of Eng'rs*, 870 F. Supp. 2d 966, 970 (E.D. Cal. 2012); *Hucul Advertising LLC v. Grand Rapids Charter Twp.*, No. 11-376, 2012 WL 381715, at *2 (W.D. Mich. Feb. 6, 2012) ("[T]he Court concludes that it must hold the cross-motions for summary judgment in abeyance and require Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction."); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("Because the Court must necessarily resolve the motions to dismiss before considering plaintiff's summary judgment motion, suspending briefing of the summary judgment motion pending the Court's resolution of the motions to dismiss will not prejudice plaintiff."); *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 578 (E.D. Pa. 2002) ("After reviewing the parties' submissions, this court finds itself uncertain whether it has subject-matter jurisdiction. The summary judgment motion will not be ruled on until the question of jurisdiction has been resolved.").

dismiss, and" summary judgment briefing "on the merits all at the same time."[3] *Tsi Akim Maidu of Taylorsville Rancheria v. United States Dep't of the Interior*, No. 217CV01156TLNCKD, 2020 WL 3841264, at *2 (E.D. Cal. July 8, 2020). "Further, [the] Plaintiff [would] suffer minimal prejudice from a stay" of summary judgment briefing "and, instead, will benefit" because both parties would avoid the burdens of continued summary judgment briefing if the court lacked jurisdiction. *Id.* at *3.

The need for relief here is particularly compelling for two reasons. First, there is no added efficiency in addressing whether the Court has jurisdiction while simultaneously briefing the merits as though no jurisdictional question were before the Court. The Court must still decide the issues in Defendant's motion to dismiss before it could reach the merits, so briefs would simply sit on the docket until the Court determined if they were even needed. Second, denying Defendant the requested relief will prejudice undersigned counsel's ability to represent Defendant. Since entering an appearance less than two months ago, undersigned counsel has already filed three briefs on different substantive motions, with an upcoming deadline for a reply brief on Defendant's motion to dismiss and an upcoming hearing on Proposed Intervenors' motion for a preliminary injunction. To those obligations, Plaintiffs now want to add unnecessary briefing and oral argument on the merits of their claims, with much of that briefing and preparation for the arguments falling over the winter holidays. Undersigned counsel also represents the government in multiple other active cases. The Court should not permit Plaintiffs' aggressive tactics to impair Defendant's ability to defend this case.

For the foregoing reasons, the Court should stay briefing and consideration of Plaintiffs' motion for summary judgment, ECF No. 65, pending resolution of Defendant's motion to dismiss, ECF No. 64.

---

[3] Defendant reserves the right to consider whether to submit an administrative record in the event the Court denies its motion to dismiss.

DATED: November 27, 2020	Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

　*/s/ Gary Feldon*
GARY D. FELDON D.C. Bar #987142
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20044
Telephone: (202) 598-0904
E-mail: gary.d.feldon@usdoj.gov
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2020, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on November 27, 2020, in Rochester, N.Y.

    */s/ Gary Feldon*
    GARY D. FELDON

## LOCAL RULE 7-11(a) DECLARATION

I hereby declare that on November 25, 2020, I spoke with telephone with counsel for Plaintiffs and asked if they would consider to delaying further briefing on their pending motion for summary judgment until the Court resolved the jurisdictional issues in Defendant's motion to dismiss. Counsel for Plaintiff said that they would not agree to that relief.

Executed on November 27, 2020, in Rochester, N.Y.

                                                 */s/ Gary Feldon*
                                                 GARY D. FELDON