| | |
|---|---|
| MARK D. SELWYN (CA SBN 244180)<br>mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>*Attorney for Plaintiffs Apple Inc., Cisco Systems, Inc., and Intel Corporation*<br><br>DANIEL T. SHVODIAN (CA SBN 184576)<br>DShvodian@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: (650) 838-4300<br>Facsimile: (650) 737-5461<br><br>*Attorney for Plaintiff Google LLC* | JOHN B. SGANGA (CA SBN 116211)<br>John.Sganga@knobbe.com<br>KNOBBE MARTENS OLSON & BEAR LLP<br>2040 Main St. 14th Floor<br>Irvine, CA 92614<br>Telephone: (949) 760-0404<br>Facsimile: (949) 760-9502<br><br>*Attorney for Plaintiffs Edwards Lifesciences Corporation and Edwards Lifesciences LLC*<br><br>GARY D. FELDON (DC Bar No. 987142)<br>gary.feldon@usdoj.gov<br>Federal Programs Branch<br>U.S. DEPARTMENT OF JUSTICE<br>1100 L Street, NW<br>Washington, DC 20044<br>Telephone: (202) 598-0905<br>Facsimile: (202) 616-8460<br><br>*Attorney for Defendant*<br><br>*A complete list of parties and counsel appears on the signature page per Local Rule 3-4(a)(1)* |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC., CISCO SYSTEMS, INC., GOOGLE LLC, INTEL CORPORATION, EDWARDS LIFESCIENCES CORPORATION, and EDWARDS LIFESCIENCES LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>ANDREI IANCU, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office,<br><br>  Defendant. | Case No. 20-cv-6128-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

y

Pursuant to Civil Local Rule 16-9 and this Court's Standing Order, the parties jointly submit this Joint Case Management Statement. Counsel for Apple Inc. ("Apple"), Cisco Systems, Inc. ("Cisco"), Google LLC ("Google"), Intel Corporation ("Intel"), and Edwards Lifesciences Corporation and Edwards Lifesciences LLC (together, "Edwards") (collectively, "Plaintiffs") and counsel for Andrei Iancu, Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office ("Defendant") met and conferred on November 19, 2020.

**1. Jurisdiction and Service**

Plaintiffs submit that this Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 (federal question). No issues exist regarding venue. All named parties have been served, and there are no unresolved issues relating to service of process.

**2. Facts**

**a. Plaintiffs' Statement**[1]

Inter partes review ("IPR") was a centerpiece of Congress's effort to strengthen the U.S. patent system in 2011 through the Leahy-Smith America Invents Act ("AIA"). In passing the AIA, Congress recognized that existing procedures for challenging already-issued patents were often too slow and expensive. Congress accordingly created IPR to provide an efficient administrative alternative to litigation for "weed[ing] out bad patent claims" that never should have issued. *Thryv, Inc. v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1374 (2020). To ensure that IPR fulfills its purpose as a superior alternative to litigation over patent validity, the AIA specifically contemplates that IPR will be available to determine the patentability of patent claims that are also the subject of pending patent infringement litigation.

The AIA establishes the framework governing the Director's decision whether to institute IPR. The statute prohibits the Director from instituting IPR "unless" he finds "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the

---

[1] As is customary, Plaintiffs have used this section of the Case Management Statement to provide a brief description of the case and summary of their claims. In response to Defendant's footnote 2 below, Plaintiffs state that they do not agree that "Defendant's Statement" contains simply "facts" and not argument, as is clear, for example, from Defendant's pejorative description of Plaintiffs as "disappointed IPR petitioners."

z

petition," 35 U.S.C. § 314(a), and, as relevant here, provides that an infringement defendant may obtain IPR with regard to patent claims asserted in a pending patent-infringement lawsuit so long as the IPR petition is filed within "1 year after the date on which the petitioner … is served with a complaint alleging infringement of the patent," § 315(b).  The Director has delegated to the Patent Trial and Appeal Board ("Board") the authority to institute IPR.  37 C.F.R. § 42.4(a); *see id.* §§ 42.2, 42.108.

Beginning in 2018, the Board articulated a new standard, not reflected in the AIA or any regulation, under which the Board may decline to institute IPR based on litigation over the validity of the same patent claims—even if the petition was timely under § 315(b).  In *NHK Spring Co. v. Intri-Plex Technologies, Inc.*, the Board declared that "the advanced state of … district court proceedings" "weighs in favor of denying [IPR] under § 314(a)."  No. IPR2018-00752, Paper 8, at 20 (P.T.A.B. Sept. 12, 2018) (Am. Compl. Ex. A).  Subsequently, in *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020) (Am. Compl. Ex. B), the Board said it would "weigh" six factors when deciding whether to institute under § 314(a) when parallel litigation is pending "as part of a balanced assessment of all relevant circumstances of the case, including the merits," to promote "system efficiency, fairness, and patent quality."  *Fintiv*, Paper 11 at 5 (quotation marks omitted).

Pursuant to an internal operating procedure, the Director designated *NHK* and *Fintiv* "precedential."  As a result, *NHK* and *Fintiv* are "binding" on the Board "in subsequent matters involving similar facts or issues."  Patent Trial and Appeal Board, Standard Operating Procedure 2 (Rev. 10) ("SOP-2"), at 11 (Sept. 20, 2018).  By designating the decisions as precedential, the Director adopted them as a final rule (the "*NHK-Fintiv* rule") that binds the Board and governs all future IPR institution decisions. SOP-2 at 11.  In doing so, the Director unlawfully constricted access to IPR, and has forced Plaintiffs and other innovators accused of infringing patents that should never have issued to incur the substantial, costs, delays, and burdens of litigation that Congress created IPR to avoid.  The *NHK-Fintiv* rule has been applied arbitrarily and inconsistently, and it has encouraged strategic forum shopping by infringement plaintiffs.

The Board has applied the *NHK-Fintiv* rule to deny numerous IPR petitions (including many filed by Plaintiffs)—even ones that were found by the Board to be likely to succeed on the merits and

otherwise met all the AIA's requirements.  The rule thus significantly reduces the availability of IPR precisely where Congress intended it to be available as an alternative to litigation.

The *NHK-Fintiv* rule violates the AIA and is arbitrary and capricious.  The rule is also procedurally invalid because it was issued without notice-and-comment rulemaking.  Given the purely legal issues in this case, no discovery is needed to confirm the rule's unlawfulness.  The Court should declare the rule unlawful and set it aside, and permanently enjoin the Director, and through him the Board, from applying the rule or its non-statutory factors to deny IPR.

### b. Defendant's Statement[2]

As the Director of the United States Patent and Trademark Office, Defendant Andrei Iancu is "responsible for providing policy direction and management supervision for the Office," 35 U.S.C. § 3(a)(2)(A), and has "the authority to govern the conduct of proceedings in the Office," 35 U.S.C. § 2(b)(2)(A).  Pursuant to that authority, Defendant adopted as precedential two opinions of the Patent Trial and Appeal Board that considered the timing of parallel district court proceedings when deciding whether to exercise the Director's unreviewable discretion under 35 U.S.C. § 314(a) to decide whether to institute *inter partes* review ("IPR") proceedings.  The latter of those opinions contained a non-exhaustive, non-dispositive set of factors—the "*Fintiv* factors"—to consider when deciding whether to institute IPR proceedings.  Those factors are geared toward ensuring that IPR proceedings are an efficient process for fairly resolving patent claim validity.

Plaintiffs are disappointed IPR petitioners who have sued under the Administrative Procedure Act ("APA") to set aside the *Fintiv* factors and enjoin their continued use, contending they are contrary to law, improperly enacted, and arbitrary and capricious.  Defendant moved to dismiss Plaintiffs' Amended Complaint for lack of standing and as

---

[2]  Counsel for Defendant notified Plaintiffs' counsel before this filing was finalized that Defendant objects to Plaintiffs' use of this filing to pass off argument as fact.  Plaintiff refused to modify its statements.  Defendant will not address the accuracy or merits of Plaintiffs' statements, as they are not entitled to a response from Defendant or to the Court's consideration via this filing.  Nothing herein is a concession to any fact, argument, claim, or characterization by Plaintiffs in the non-joint portions of this brief.  Defendant will respond to claims and arguments only in Plaintiffs' moving papers, as contemplated by the Local Rules and the Federal Rules of Civil Procedure.

otherwise non-justiciable under the APA.  The same day, Plaintiffs filed a motion for summary judgment.  As noted below, Defendant moved to stay briefing on, and consideration of, Plaintiffs' motion for summary judgment because the motion is premature.

3. **Legal Issues**

   a. **Plaintiffs' Statement**

   The legal issues to be decided are:

   - Whether the *NHK-Fintiv* rule exceeds the Director's statutory authority and violates the Leahy-Smith America Invents Act ("AIA"), 35 U.S.C. §§ 311-319, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C);
   - Whether the *NHK-Fintiv* rule is arbitrary and capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 706(2)(A); and
   - Whether the Director exceeded his authority and violated the AIA, 35 U.S.C. §§ 2(b)(2), 316(a), and the APA, 5 U.S.C. § 706(2)(D), by adopting the *NHK-Fintiv* rule without notice-and-comment rulemaking.

   b. **Defendant's Statement**

   - Whether Plaintiffs have standing to challenge an agency policy when the policy does not cause Plaintiffs a concrete injury and Plaintiffs' speculative injuries would not be redressed by the relief Plaintiffs seek.
   - Whether the America Invents Act of 2011 displaces any cause of action under the Administrative Procedure Act to challenge the considerations upon which the Director of the U.S. Patent and Trademark Office relies in exercising his unreviewable discretion to deny *inter partes* review.
   - Whether the considerations an agency uses to reach a decision committed to agency discretion by law are similarly committed to agency discretion and therefore not subject to judicial review under the Administrative Procedure Act.
   - Whether Defendant adopting non-dispositive, non-exhaustive factors to guide the discretionary decision whether to institute *inter partes* review is a final agency action

ripe for review under the Administrative Procedure Act when those factors have no immediate impact on outside parties' substantive rights.

- If Plaintiffs' claims are justiciable, whether the AIA prohibits the Director from considering parallel district court proceedings when exercising his unreviewable discretion under 35 U.S.C. § 314(a) to deny petitions for *inter partes* review.
- If Plaintiffs' claims are justiciable, whether the Director could adopt the *Fintiv* factors without undertaking notice-and-comment rulemaking.
- If Plaintiffs' claims are justiciable, whether the adopting the *Fintiv* factors was arbitrary, capricious, or an abuse of discretion.

## 4. Motions

Five motions are currently pending: (1) a motion to intervene filed by US Inventor, 360 Heros, Inc., Larry Golden, World Source Enterprises, LLC ("WSE"), Dareltech LLC, Tinnus Enterprises, LLC, Clearplay, Inc., and E-Watch, Inc. (collectively, "Proposed Intervenors"), Dkt. 28; (2) an application for a TRO and motion for a preliminary injunction filed by US Inventor and World Source Enterprises, LLC, Dkt. 34; (3) Defendant's motion to dismiss, Dkt. 64; (4) Plaintiffs' motion for summary judgment, Dkt. 65; and (5) Defendant's motion for administrative relief to stay consideration of Plaintiffs' motion for summary judgment, Dkt. 66.

Proposed Intervenors' motion to intervene and US Inventor and WSE's application for a TRO and motion for a preliminary injunction are fully briefed, and a hearing on these motions is scheduled for January 14, 2021. Briefing for Defendant's motion to dismiss and Plaintiffs' motion for summary judgment is scheduled to be completed on December 14, 2020, and a hearing on both motions is scheduled for March 11, 2021. Briefing on Defendant's motion for administrative relief will be complete on December 1, 2020.

## 5. Amendment of Pleadings

On November 9, 2020, Plaintiffs filed an amended complaint adding as plaintiffs Edwards Lifesciences Corporation and Edwards Lifesciences LLC. Dkt. 54.

## 6. Evidence Preservation

### a. Joint Statement

The parties agree that because the claims arise under the Administrative Procedure Act, there is no need to collect evidence, make disclosures, or conduct discovery.

### b. Plaintiffs' Statement

The two precedential Board decisions at issue—*NHK* and *Fintiv*—are the sufficient administrative record to resolve Plaintiffs' claims, and both were attached to the complaint. In addition, there are no adjudicative facts to be determined. During the parties' meet and confer, counsel for Plaintiffs asked counsel for Defendant to identify any specific additional relevant administrative record documents Defendant contends to exist beyond the precedential Board decisions in *NHK* and *Fintiv*; Defendant has not identified anything.

### c. Defendant's Statement[3]

If the Court determines that it has jurisdiction to consider any of Plaintiffs' Administrative Procedure Act claims, Defendant will at that time determine what administrative record, if any, is necessary to defend that merits of the surviving claim(s). Any necessary administrative record will be prepared in accordance with the Administrative Procedure Act following resolution of Defendant's motion to dismiss.

## 7. Disclosures

### a. Joint Statement

The parties stipulate that Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A) are unnecessary. Because the claims arise under the Administrative Procedure Act, there is no need to make disclosures or conduct discovery.

### b. Plaintiffs' Statement

The two precedential Board decisions at issue—*NHK* and *Fintiv*—are the sufficient administrative record to resolve Plaintiffs' claims, and both were attached to the complaint. In addition, there are no adjudicative facts to be determined. During the parties' meet and confer,

---

[3] Defendant objects to Plaintiffs' statements in sections 6 and 8 of this filing to the extent Plaintiffs suggest either (a) that Defendant was obligated to identify the possible content of an administrative record compiled in response to Plaintiffs' claims before the Court has determined whether it has jurisdiction to consider those claims or (b) that Defendant reserving its rights on this issue until the Court's ruling is somehow disingenuous.

counsel for Plaintiffs asked counsel for Defendant to identify any specific additional relevant administrative record documents Defendant contends to exist beyond the precedential Board decisions in *NHK* and *Fintiv*; Defendant has not identified anything.

8. **Discovery**

   a. **Plaintiffs' Statement**

   The two precedential Board decisions at issue—*NHK* and *Fintiv*—are the sufficient administrative record to resolve Plaintiffs' claims, and both were attached to the complaint. In addition, there are no adjudicative facts to be determined. During the parties' meet and confer, counsel for Plaintiffs asked counsel for Defendant to identify any specific additional relevant administrative record documents Defendant contends to exist beyond the precedential Board decisions in *NHK* and *Fintiv*; Defendant has not identified anything.

   b. **Defendant's Statement**

   If the Court determines that it has jurisdiction to consider any of Plaintiffs' Administrative Procedure Act claims, Defendant will at that time determine what administrative record, if any, is necessary to defend that merits of the surviving claim(s). Any necessary administrative record will be prepared in accordance with the Administrative Procedure Act following resolution of Defendant's motion to dismiss.

9. **Class Actions**

   This is not a class action.

10. **Related Cases**

    The parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**

    Plaintiffs ask the Court to grant the following requests for relief:

    - Declare that the *NHK-Fintiv* rule is unlawful;
    - Set aside the *NHK-Fintiv* rule;

- Permanently enjoin Defendant, and his officers, agents, employees, assigns, and all persons acting in concert or participating with him from relying on the *NHK-Fintiv* rule or the non-statutory factors it incorporates to deny institution of IPR;
- Award Plaintiffs their costs and attorney's fees and expenses as allowed by law; and
- Provide such other and further relief as the Court deems appropriate.

### 12. Settlement and ADR

The parties have met and conferred regarding Alternative Dispute Resolution ("ADR"). The parties agree that this case is not amenable to resolution through ADR.

### 13. Consent to Magistrate Judge for All Purposes

The parties do not consent to having a magistrate judge conduct any proceedings, including trial and summary judgment.

### 14. Other References

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties do not believe that there are any significant issues that can be narrowed by agreement at this time.

### 16. Expedited Trial Procedure

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17. Scheduling

**a. Plaintiffs' Statement**

Judicial economy would be served by considering and ruling on the two dispositive motions—Defendants' motion to dismiss and Plaintiffs' motion for summary judgment—as well as Proposed Intervenors' two motions at the same time rather than proceeding piecemeal. The issues presented in these four motions are highly intertwined. Resolving them will require the Court to determine the nature and extent of the Director's authority under the same statutory provisions.

Accordingly, if the Court is amenable to hearing these four motions on January 14, 2021, Plaintiffs are prepared to argue Defendant's motion to dismiss and Plaintiffs' motion for summary judgment on that date.  In the alternative, if the Court does not wish to hear the dispositive motions on that date, Plaintiffs propose that the Court continue the hearing on Proposed Intervenors' two motions to March 11, 2021, or some other date that will permit the Court to consider those motions at the same time as Defendant's motion to dismiss and Plaintiffs' motion for summary judgment.

Further, it is Defendant, not Plaintiffs, that seeks to upset the normal progression of this litigation.  Where justiciability issues are intertwined with the merits of a claim, it is inefficient and prejudicial to the plaintiff's claims to resolve a motion to dismiss separately from consideration of the merits.  For that reason, it is typical in Administrative Procedure Act cases for courts to consider issues of justiciability and jurisdiction alongside the merits.  *See, e.g.*, *City & Cty. of San Francisco v. Azar*, 411 F. Supp. 3d 1001, 1005 (N.D. Cal. 2019), *appeal dismissed*, No. 20-15398, 2020 WL 3053625 (9th Cir. June 1, 2020); *Islam v. Heinauer*, 32 F. Supp. 3d 1063 (N.D. Cal. 2014); *Allen v. United States*, 871 F. Supp. 2d 982, 987 (N.D. Cal. 2012); *McCrary v. Gutierrez*, 528 F. Supp. 2d 995, 997 (N.D. Cal. 2007).  Given the interrelationship of the issues, it would in fact be more efficient to brief and consider the two dispositive motions concurrently.  Indeed, Defendant's motion to dismiss assumes the correctness of Defendant's position on the merits of Plaintiffs' claims, while mischaracterizing the relief Plaintiffs seek; resolving the motion to dismiss without full and fair consideration of Plaintiffs' summary judgment briefing thus would be not only inefficient, but also unfair and prejudicial to Plaintiffs.  Defendant's assertion that the Court would be "potentially confus[ed]" by considering all motions at once disregards the thoroughly intertwined nature of the arguments and plainly underestimates the capability and experience of this Court.  Additionally, any delay in consideration of Plaintiffs' motion for summary judgment will greatly prejudice Plaintiffs while the PTO continues to unlawfully deny them the opportunity to obtain the administrative review of dubious patents that Congress sought to provide.

   b.  **Defendant's Statement**

This case should proceed in the ordinary course.  Plaintiffs are not entitled to bypass the Court's consideration of Defendant's motion to dismiss Plaintiffs' Administrative Procedure Act

claims as non-justiciable. Rather, the Court should resolve whether Plaintiffs' claims are even appropriate for consideration on the merits before requiring Defendant to brief the merits. Plaintiffs are similarly not entitled to hijack the hearing on US Inventor and World Source Enterprises' motion for a preliminary injunction. The claims underlying that motion are only somewhat related to Plaintiffs' claims. Rather, Proposed Intervenors seek to assert additional claims, rely on additional legal theories, and are pursuing additional relief. It would be unnecessarily burdensome to require Defendant's counsel to prepare to argue two additional substantive motions (*i.e.*, Defendant's motion to dismiss and Plaintiffs' motion for summary judgment) in the same hearing, as well as potentially confusing to the Court. Defendant's position is set forth more fully in his motion for administrative relief, Dkt. 66.

**18. Trial**

The parties agree that this case does not require a jury trial and can be resolved by dispositive motions.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have filed Certifications of Interested Persons or Entities pursuant to Civil Local Rule 3-16. With respect to persons, firms, partnerships, corporations (including parent corporations) or other entities that have either (1) a financial interest in the subject matter in controversy or in a party to the proceeding or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding, the parties report as follows:

- Apple: No interest to report.
- Cisco: No interest to report.
- Google: (1) Google LLC; (2) XXVI Holdings Inc., holding company of Google LLC; and (3) Alphabet Inc., holding company of XXVI Holdings Inc.
- Intel: No interest to report.
- Edwards Lifesciences Corporation: No interest to report.
- Edwards Lifesciences LLC: No interest to report.

The parties note that Proposed Intervenors have moved to intervene in this action.

**20. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: November 30, 2020

Respectfully submitted,

By: */s/ Gary D. Feldon*

GARY D. FELDON (DC Bar No. 987142)
gary.feldon@usdoj.gov
Federal Programs Branch
U.S. DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20044
Telephone: (202) 598-0905
Facsimile: (202) 616-8460

*Attorney for Defendant*

By: */s/ Daniel T. Shvodian*

DANIEL T. SHVODIAN (CA SBN 184576)
DShvodian@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 737-5461

THERESA NGUYEN (CA SBN 284581)
RNguyen@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-6068
Facsimile: (206) 359-9000

ANDREW T. DUFRESNE (*pro hac vice*)
ADufresne@perkinscoie.com
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
Telephone: (608) 663-7492
Facsimile: (608) 663-7499

*Attorneys for Plaintiff Google LLC*

By: */s/ Mark D. Selwyn*

MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

CATHERINE M.A. CARROLL (*pro hac vice*)
DAVID M. LEHN (*pro hac vice*)
REBECCA LEE (*pro hac vice*)
catherine.carroll@wilmerhale.com
david.lehn@wilmerhale.com
rebecca.lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

ALYSON ZUREICK (*pro hac vice*)
alyson.zureick@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

*Attorneys for Plaintiffs Apple Inc., Cisco Systems, Inc., and Intel Corporation*


| | |
|---|---|
| 1 | By: */s/ John B. Sganga* |
| 2 | JOHN B. SGANGA (CA SBN 116211) |
| 3 | CHRISTY G. LEA (CA SBN 212060) |
|   | John.sganga@knobbe.com |
| 4 | Christy.lea@knobbe.com |
|   | KNOBBE MARTENS OLSON & BEAR LLP |
| 5 | 2040 Main St. 14th Floor |
|   | Irvine, CA 92614 |
| 6 | Telephone: (949) 760-0404 |
| 7 | Facsimile: (949) 760-9502 |
| 8 | *Attorneys for Plaintiffs Edwards Lifesciences Corporation and Edwards Lifesciences LLC* |

## ATTORNEY ATTESTATION

I, Mark D. Selwyn, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

By: /s/ *Mark D. Selwyn*
Mark D. Selwyn