1  YAR R. CHAIKOVSKY (SBN 175421)
   yarchaikovsky@paulhastings.com
2  PAUL HASTINGS LLP
   1117 S. California Avenue
3  Palo Alto, California 94304
   Tel.: (650) 320-1800
4  Fax: (650) 320-1900

5  Naveen Modi (*pro hac vice* pending)
   Joseph E. Palys (*pro hac vice* pending)
6  Igor V. Timofeyev (*pro hac vice* pending)
   PAUL HASTINGS LLP
7  2050 M Street, N.W.
   Washington, D.C.  20036
8  Tel.: (202) 551-1700
   Fax: (202) 551-1705

9  *Attorneys for* Amicus Curiae *Fitbit, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., INC., CISCO SYSTEMS, INC., GOOGLE LLC, INTEL CORPORATION, EDWARDS LIFESCIENCES CORPORATION, and EDWARDS LIFESCIENCES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREI IANCU, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office,<br><br>Defendants. | CASE NO.: 20-cv-6128-EJD<br><br>**BRIEF OF *AMICUS CURIAE* FITBIT, INC. IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  March 11, 2021<br>Time:  9:00am<br>Location:  Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

IDENTITY AND INTEREST OF AMICUS CURIAE ................................................................. 1

INTRODUCTION AND SUMMARY OF ARGUMENT .............................................................. 2

BACKGROUND .............................................................................................................................. 3

ARGUMENT .................................................................................................................................... 4

   A. The *NHK-Fintiv* Rule's Authorization To Deny Institution Based on a Parallel District Court or ITC Proceeding Contradicts the IPR Statutory Scheme ........................................................ 4

   B. The Board's Extension of the *NHK-Fintiv* Rule to Parallel ITC Proceedings Illustrates the Rule's Departure from the IPR Statutory Scheme ................................................................... 7

CONCLUSION ............................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hyosung TNS, Inc. v. Diebold Nixdorf, Inc.*,
  2019 WL 6684138 (N.D. Tex. Dec. 5, 2019) ...................................................................7

*Tandon Corp. v. ITC*,
  831 F.2d 1017 (Fed. Cir. 1987) .........................................................................................8

*Texas Instr. Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed. Cir. 1996) ...........................................................................................7

*Thryv, Inc. v. Click-To-Call Techs., LP*,
  140 S. Ct. 1367 (2020) ......................................................................................................8

**Statutes**

28 U.S.C. § 1659 .................................................................................................................9, 11

35 U.S.C. § 311(b) ..................................................................................................................3, 5

35 U.S.C. § 313 ...........................................................................................................................6

35 U.S.C. § 314(a) ............................................................................................................. *passim*

35 U.S.C. § 315(b) ..................................................................................................................3, 5

35 U.S.C. § 315(d) .......................................................................................................................5

35 U.S.C. § 315(e)(2) ..................................................................................................................5

35 U.S.C. § 317(b) (2006) ..........................................................................................................5

35 U.S.C. § 325(d) ...........................................................................................................6, 9, 10

AIA § 18(b)(1) .............................................................................................................................5

**Administrative Decisions**

*Apple Inc. v. Fintiv, Inc.*,
  IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020) ...................................... *passim*

*Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*,
  IPR2019-00566, Paper 21 (July 22, 2019) ....................................................................9

*Certain Unmanned Aerial Vehicles*,
  Inv. No. 337-TA-1133, Comm'n Op.,
  2020 WL 5407477 (U.S.I.T.C. Sep. 8, 2020) ............................................................................8

*Garmin Int'l, Inc. & Fitbit, Inc. v. Koninklijke Philips N.V.*,
  IPR2020-00754, Paper No. 11 (P.T.A.B. Oct. 27, 2020)..............................................3, 4, 6, 8

*Intel Corp. v. Qualcomm Inc.*,
  IPR2019-00128, Paper No. 9 (P.T.A.B. May 29, 2019) ...........................................................9

*NHK Spring Co. v. Intri-Plex Techs., Inc.*,
  IPR2018-00752, Paper 8 (P.T.A.B. Sept. 12, 2018) ........................................................ *passim*

*Phillip Morris Prods., S.A. v. Rai Strategic Holdings*,
  IPR2020-00919, Paper 9 (P.T.A.B. Nov. 16, 2020) ..................................................................8

*Wirtgen Am., Inc. v. Caterpillar Paving Prods. Inc.*,
  IPR2018-01201, Paper No. 13 (P.T.A.B. Jan. 8, 2019) .............................................................9

**Other Authorities**

Jasper L. Tran, *et al.*, *Discretionary Denials of IPR Institution*, 19 Chicago-Kent J.
  Intell. Prop. 251, 264 (2020) .....................................................................................................6

## IDENTITY AND INTEREST OF AMICUS CURIAE

Fitbit, Inc. ("Fitbit") is a manufacturer of wearable technology devices that help people lead healthier, more active lives by empowering them with data, inspiration, and guidance to reach their goals. Fitbit designs products and experiences that track and provide motivation for everyday health and fitness. Fitbit's diverse line of innovative and popular products include Fitbit Sense™, the Fitbit Versa™ family of smartwatches, Fitbit Charge 4™, Fitbit Inspire 2™, Fitbit Ace 2™ activity trackers, and Fitbit Aria Air smart scale. Fitbit products are carried in approximately 39,000 retail stores and in over 100 countries around the globe. The Fitbit platform delivers personalized experiences, insights, and guidance through leading software and interactive tools, including the Fitbit and Fitbit Coach apps, and Fitbit OS for smartwatches.

As a manufacturer of innovative technological devices, Fitbit frequently must defend itself against infringement complaints based on patents of dubious validity. Fitbit therefore has a strong interest in ensuring the viability of the *inter partes* review ("IPR") proceedings as a mechanism for expeditious adjudication of patent validity questions. Fitbit is concerned that the *NHK-Fintiv* rule significantly curtails the availability of IPRs as an avenue for challenging patent validity, in contravention of congressional design.

In particular, Fitbit is concerned that the *NHK-Fintiv* rule leads to denial of IPR institution where there is a parallel proceeding before the U.S. International Trade Commission ("ITC")—a federal agency charged with protecting domestic industry from unfair trade acts that has no authority to issue binding decisions on patent validity. In several instances, the United States Patent and Trademark Office ("PTO") has denied institution of Fitbit's IPR petitions because of a parallel ITC investigation, even where the decision denying institution commended Fitbit on promptly seeking IPR review and acknowledged the strength of Fitbit's unpatentability challenge. The PTO's claim to have discretionary denial authority under *NHK-Fintiv* based on a parallel ITC investigation further illustrates the extent to which the *NHK-Fintiv* rule departs from the statutory IPR scheme, leads to inconsistent decision-making, and limits the availability of IPRs as a mechanism for expeditious resolution of patent validity disputes.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Fitbit respectfully submits this *amicus curiae* brief in support of Plaintiffs' motion for summary judgment requesting that this Court declare unlawful the rule adopted by the PTO in two decisions issued by the Patent Trial and Appeal Board ("the Board"): *NHK Spring Co. v. Intri-Plex Technologies, Inc.*, IPR2018-00752, Paper 8 (P.T.A.B. Sept. 12, 2018), and *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 (P.T.A.B. Mar. 20, 2020). As Plaintiffs persuasively explain, the *NHK-Fintiv* rule, which authorizes discretionary denial of IPR institution based on non-statutory factors, contravenes the statutory IPR scheme, frustrates congressional objectives, and does not comport with the procedural requirements of the Administrative Procedure Act. Fitbit files this brief to illustrate further the extent to which the *NHK-Fitbit* rule departs from the statutory requirements of the IPR regime and undermines the utility of the IPRs as a mechanism for expeditious resolution of patent validity disputes.

In *NHK Spring*, the Board announced that it has discretionary authority under 35 U.S.C. § 314(a) to deny IPR institution because of a parallel *court* proceeding where a federal district court may reach the validity determination first. In *Fintiv*, the Board incorrectly extended that rule to authorize denial of institution because of the allegedly advanced stage of a parallel proceeding before another federal *agency*—the ITC. The Board did so despite conceding that the ITC lacks authority to invalidate a patent, and that the ITC's invalidity rulings are not binding either on the PTO or on the district court. Not only does the PTO's decision lack any support in the text of the IPR statute, but it also does nothing to safeguard the Board's or the parties' resources—the ostensible purpose of the *NHK-Fintiv* rule. It contravenes congressional design for the PTO to decline to institute review of patent claims of dubious validity out of deference to an agency that had no role in the original issuance of the challenged patents, cannot provide preclusive relief against meritless patent assertions in district court, and has a radically different statutory mission from the PTO.

The Board's extension of the *NHK-Fintiv* rule to parallel ITC proceedings has significantly curtailed the availability of IPRs as the mechanism for challenging patents of questionable validity. Because an ITC investigation proceeds in accordance with a rapid and

strict statutory timeline and requires considerable investment of the parties' resources at the outset, *Fintiv*'s multi-factor test for determining when denial of IPR institution is appropriate almost invariably tilts in favor of denying review. For instance, whereas prior to *Fintiv*, the Board had *never* denied IPR institution because of a parallel ITC investigation, subsequent to *Fintiv*, it denied institution in 70% of cases.

Under *Fintiv*, the Board may deny institution irrespective of how promptly the petitioner sought IPR review, or how strong its patent challenge is on the merits. Fitbit's own experience is a telling example. The Board denied institution of Fitbit's IPR petition even though it "credit[ed]" Fitbit for filing its petition "within a short time (less than three months) after the ITC proceeding was instituted," acknowledged the limited overlap between claims at issue in the IPR and in the ITC investigation (which, by the time of the Board's decision, was a single claim), and found that "the merits of [Fitbit]'s asserted ground are strong." *Garmin Int'l, Inc. & Fitbit, Inc. v. Koninklijke Philips N.V.*, IPR2020-00754, Paper No. 11 at 14-16 (P.T.A.B. Oct. 27, 2020).[1] This Court should correct the PTO's abnegation of its statutory responsibility to institute review where the IPR petitioner seeks review within the statutorily prescribed period and satisfies the statutory requirement of demonstrating a reasonable likelihood of prevailing on the merits. *See* 35 U.S.C. §§ 314(a), 315(b).

**BACKGROUND**

In 2011, Congress enacted the Leahy-Smith America Invents Act ("AIA"), establishing a new IPR system for challenging patents of dubious validity. Under this system, a party can request that the PTO "cancel as unpatentable" claims of a patent that are either anticipated by, or obvious in view of, a prior patent or printed publication. 35 U.S.C. § 311(b). Congress vested the Director of the PTO with authority to institute IPR, but provided that the Director "may not authorize" institution *unless* he determines that there is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." *Id.* § 314(a). The Director delegated his institution authority to the Board.

---

[1] Fitbit's petition for rehearing in that IPR proceeding is currently pending before the Board.

In 2018, the Board issued its decision in *NHK Spring*. There, the Board held that the advanced state of a parallel district court action involving a similar invalidity dispute can be the basis of denying IPR institution because "instituting a trial under [such] circumstances … would be an inefficient use of Board resources." *NHK Spring* at 19-20. The Board purported to find authority to deny institution based on the state of a parallel district court proceeding in its "[d]iscretion under § 314(a)." *Id.* at 20.

In 2020, the Board extended *NHK Spring* to situations of "a parallel … ITC investigation involving the challenged patent." *Fintiv* at 8. While acknowledging that the PTO "would not be bound by the ITC's decision" and that "ITC final invalidity determinations do not have preclusive effect," the Board nevertheless opined that "an earlier ITC trial date may favor exercising authority to deny institution under *NHK* if the ITC is going to decide the same or substantially similar issues." *Id.* at 8-9 (footnote omitted).

Fitbit has been directly affected by the Board's *NHK-Fintiv* rule. The Board denied institution of several of Fitbit's IPR petitions because of parallel district court or ITC proceedings. In one recent instance, the Board denied institution because of a parallel ITC investigation even though it "credit[ed]" Fitbit for filing its petition "within a short time" after the ITC's proceeding commenced, acknowledged the limited overlap between claims at issue in the two proceedings, and found that "the merits of [Fitbit]'s asserted ground are strong." *Garmin & Fitbit*, IPR2020-00754, Paper No. 11 at 14-16.

**ARGUMENT**

**A.  The *NHK-Fintiv* Rule's Authorization To Deny Institution Based on a Parallel District Court or ITC Proceeding Contradicts the IPR Statutory Scheme**

The PTO's *NHK-Fintiv* rule lacks any statutory basis and contravenes congressional objectives underpinning the IPR regime. In promulgating IPRs, Congress chose a precise statutory scheme. *See, e.g.*, 35 U.S.C. § 311(b) (limiting the grounds of patentability challenges); *id.* § 314(a) (requiring a determination of a reasonable likelihood of prevailing). While Congress was well aware of the possibility of parallel validity proceedings, *see* AIA § 18(b)(1) (codifying a petitioner's ability to seek a stay of the district court in view of a pending covered business

method review), it did not authorize the Director to deny an IPR simply because of events in a parallel district court or agency proceeding.  In fact, Congress only authorized the Board to stay or terminate a pending IPR in view of other proceedings *before the Patent Office*.  *See* 35 U.S.C. § 315(d).  By not authorizing any similar power, much less denial of institution, in light of a parallel district court (or ITC) action, Congress indicated the withholding of such powers.

Moreover, Congress provided for estoppel in the district court proceedings or the ITC investigations based on the grounds raised in the IPR, *id.* § 315(e)(2), but did not provide for a similar estoppel based on the district court's or the ITC's decision on patent validity (or the grounds raised in those proceedings).  This is in stark contrast to the pre-AIA *inter partes* reexamination scheme.  *See* 35 U.S.C. § 317(b) (2006).  That deliberate choice further indicates that Congress did not authorize the Board to decline its statutory responsibility of conducting IPRs because of parallel district court or ITC proceedings.

Denying an IPR petition because of a parallel district court or agency action also undercuts section 315(b)'s one-year safe-harbor provision.  That period was carefully chosen, over another proposal requiring IPR petitions to be filed within six months of service of a complaint, to provide a petitioner with "a reasonable opportunity to identify and understand the patent claims that are relevant to the [district court] litigation," given the challenge of determining "in the first few months of the litigation which claims will be relevant and how those claims are alleged to read on the defendant's products."  Cong. Rec. at S5429 (statement of Sen. Kyl). Section 315(b), thus, reflects Congress' considered judgment that an IPR petition is timely if filed within one year from service of an infringement complaint.  This statutory safe harbor becomes meaningless if the Board can deny timely-filed petitions on non-statutory grounds that are outside of a petitioner's control—the time-to-trial practice of the jurisdiction chosen by the plaintiff and the tentative early schedule set by the parties, or the statutory deadlines and the pace of an ITC investigation.  *See* Jasper L. Tran, *et al.*, *Discretionary Denials of IPR Institution*, 19 Chicago-Kent J. Intell. Prop. 251, 264 (2020) (after *NHK Spring*, IPR petitioners "should not assume that a petition is timely merely because it is filed before the one-year time bar").

The *NHK-Fintiv* rule lacks any foundation in the IPR statutory scheme. The Board claimed to find the source of its discretionary denial authority in section 314(a). *See NHK Spring* at 19-20; *Fintiv* at 2-3. But section 314(a) does not vest the Board with unbounded discretion to deny institution merely for reasons of administrative convenience, especially where such denial would prejudice the party seeking review and effectively negate a statutory provision. In fact, section 314(a) contains only *a limitation* on the Director's institution authority, providing that the Director "*may not authorize*" institution "*unless*" he determines that there is "a reasonable likelihood that the petitioner would prevail" with respect to at least one of the challenged claims. 35 U.S.C. § 314(a) (emphasis added). Fitbit's own case is an example of how the *NHK-Fintiv* rule subverts this congressional command. The Board denied institution of Fitbit's petition because of a parallel ITC investigation even though it expressly found that "the merits of [Fitbit]'s asserted ground are strong." *Garmin & Fitbit*, IPR2020-00754, Paper No. 11 at 16. In doing so, the Board impermissibly abdicated its statutory obligation to review patents where petitioner has satisfied section 314(a)'s "reasonable likelihood" showing.

Congress intended that the Director (and therefore, the Board) exercise his discretion in applying the enumerated *statutory* factors. *See, e.g.*, 35 U.S.C. § 325(d) (providing discretion to deny a petition "because, the same or substantially the same prior art or arguments previously were presented to the Office"); *see also id.* at § 313 (permitting patent owner to file a preliminary response "that sets forth reasons why no inter partes review should be instituted based upon the failure of the petition *to meet any requirement of this chapter*") (emphasis added). Relying on the state of a parallel district court or ITC proceeding in determining whether to institute IPR review has no basis in the statute. This Court should invalidate the erroneous *NHK-Fintiv* rule and restore Congress' intent in setting up the IPR regime.

### B. The Board's Extension of the *NHK-Fintiv* Rule to Parallel ITC Proceedings Illustrates the Rule's Departure from the IPR Statutory Scheme

The Board's extension of its discretionary denial authority to parallel ITC investigations exemplifies the *NHK-Fintiv* rule's inconsistency with the IPR statutory scheme and the rule's deleterious consequences. As the Board itself acknowledged in *Fintiv*, the ITC lacks authority to invalidate a patent and its rulings on invalidity are not binding either on the Patent Office or on the district court. *See Fintiv* at 8-9 & n.13 (citing *Texas Instr. Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996)). While Congress authorized the ITC to consider "all legal and equitable defenses, including patent invalidity and unenforceability," it cautioned that "[t]he Commission's findings neither purport to be, nor can they be, regarded as binding interpretations of the U.S. patent laws in particular factual contexts." *Texas Instr.*, 90 F.3d at 1568-69 (internal quotation marks and citation omitted). Unlike a district court ruling, an ITC decision will not conclusively resolve the question of a patent's validity, and the same validity issues will need to be litigated in district court to obtain patent cancellation. Thus, denying institution because of a parallel ITC investigation will not further the "efficiency and integrity of the system," *Fintiv* at 6—the ostensible justification of the *NHK-Fintiv* rule.

The Board in *Fintiv* sought to justify the extension of discretionary denials to the ITC context by asserting that, "as a practical matter, it is difficult to maintain a district court proceeding on patent claims determined to be invalid at the ITC." *Id.* at 8-9. For starters, the Board is incorrect as an empirical matter. In fact, district court proceedings often continue long after the ITC issues its decision on patent validity (a decision that itself is subject to appeal and modification by the Federal Circuit). *See, e.g.*, *Hyosung TNS, Inc. v. Diebold Nixdorf, Inc.*, 2019 WL 6684138, at *1-2 (N.D. Tex. Dec. 5, 2019) (the district court litigation continuing for months after the ITC's decision, which the Federal Circuit subsequently reversed). The Board's reasoning is also mistaken on a more fundamental level. The Board may not abdicate its statutory duty to consider validity challenges where section 314(a)'s institution criteria are otherwise met merely because, *if* the ITC finds these claims to be invalid, the patent owner *may* have difficulty

persuading a district court to reach a different conclusion. Doing so ignores Congress' deliberate choice to make the ITC's validity rulings non-binding.

There is no statutory basis for the PTO to defer to another agency—one whose validity determinations lack preclusive power. The reason Congress made the ITC's rulings on patent issues non-binding is because "the Commission's primary responsibility is to administer the trade laws, not the patent laws." *Tandon Corp. v. ITC*, 831 F.2d 1017, 1019 (Fed. Cir. 1987). The task of issuing patents and ensuring patent quality is the charge of the PTO, not of the ITC. It contravenes congressional design for the Board to defer to an agency that had no role in the original issuance of the challenged patents, and whose focus is protecting domestic industry from unfair trade acts. In fact, *the ITC* "recognizes the PTO's role as the lead agency in assessing the patentability, or validity, of proposed or issued claims," and has a stated policy of deferring to the Board's decisions on patentability and suspending its remedial orders when the Board issues its final written decision or when the Board's proceedings are sufficiently advanced. *Certain Unmanned Aerial Vehicles*, Inv. No. 337-TA-1133, Comm'n Op., 2020 WL 5407477, at *20-21 (U.S.I.T.C. Sept. 8, 2020).

The PTO's extension of the *NHK-Fintiv* rule to pending ITC investigations curtails IPRs as an avenue for challenging questionable patents, in contravention of the congressional goal that they serve as an expeditious mechanism to improve patent quality and "to weed out bad patent claims efficiently." *Thryv, Inc. v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1374 (2020) (citations omitted). Given the ITC's tight statutory deadlines, it may often be impossible for a petitioner to file its IPR petition early enough to forestall denial of institution in light of an ITC proceeding. Fitbit's own experience is telling. The Board "credit[ed]" Fitbit with filing its IPR petition "within a short time (less than three months) after the ITC proceeding was instituted," but nevertheless denied institution on the grounds that the investment of resources in the ITC investigation weighed against institution. *Garmin & Fitbit*, IPR2020-00754, Paper No. 11 at 12-14.

Nor is that an isolated example. In *Phillip Morris Prods., S.A. v. Rai Strategic Holdings*, Inc., the Board commended "Petitioner's diligence in filing the Petition *less than one month* after

- 8 -

BRIEF OF *AMICUS CURIAE* FITBIT, INC.
CASE NO.: 20-CV-6128-EJD

Patent Owner filed its complaints in the ITC proceeding and the related district court action," but then nevertheless denied institution under *NHK-Fintiv*. IPR2020-00919, Paper 9 at 10, 12-13 (P.T.A.B. Nov. 16, 2020) (emphasis added). These decisions illustrate the extent to which the *NHK-Fintiv* rule subverts the congressional design. In enacting the IPR scheme, Congress did not intend for the PTO to take a back seat to the ITC. On the contrary, whereas Congress expressly required district courts to stay their proceedings for pending ITC proceedings, 28 U.S.C. § 1659, it imposed no such requirement on the Board.

Because an ITC investigation must proceed rapidly, under strict statutory timelines, and requires considerable investment of the parties' resources at the outset, *Fintiv*'s multi-factor test for determining when IPR institution is appropriate almost invariably leads the Board to deny review. A survey of the Board's decisions demonstrates that prior to *Fintiv*, the Board had *never* denied IPR institution because of a parallel ITC investigation.[2] Indeed, pre-*Fintiv*, the Board consistently distinguished ITC investigations from district court proceedings for the purpose of determining whether to exercise its discretion to deny institution under *NHK*. *See, e.g.*, *Intel Corp. v. Qualcomm Inc.*, IPR2019-00128, Paper No. 9 at 12-13 (P.T.A.B. May 29, 2019) (distinguishing ITC investigation from district court proceedings for purposes of *NHK* because, unlike district courts and the Board, ITC is not empowered to invalidate a patent or to render it unenforceable, and the burdens of proof and claim construction standards applied in each forum are different); *Wirtgen Am., Inc. v. Caterpillar Paving Prods. Inc.*, IPR2018-01201, Paper No. 13 at 11-12 (P.T.A.B. Jan. 8, 2019) (same). Subsequent to *Fintiv*, however, the Board denied institution in *70%* of cases where a parallel ITC investigation was present.[3]

---

[2] The only pre-*Fintiv* denial based on a parallel ITC investigation was under section 325(d)—not based on *NHK*. In fact, the Board in that case expressly refused to decide whether discretionary denial because of a pending ITC investigation would be proper under *NHK*. *See Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, IPR2019-00566, Paper 21 at 5-6 n.4 (July 22, 2019).

[3] A list of the Board's decisions that considered whether to institute IPR despite a parallel ITC investigation is attached as an addendum to this *amicus* brief.

**Board's Institution Decisions Involving Parallel ITC Investigation Post-NHK**

|  | Total | Institution Granted | Grant % | Institution Denied | Denial % |
|---|---|---|---|---|---|
| **Pre-*Fintiv*** | 28 | 27 | 96.43% | 1[4] | 3.57% |
| **Post-*Fintiv*** | 23 | 7 | 30.43% | 16 | 69.57% |



*See also* Addendum.

This analysis shows that the *NHK-Fintiv* rule has increasingly lead the Board to deny IPR review, in derogation of its statutory mandate. This Court should set aside this rule—which has not been promulgated through any public notice-and-comment process—as contrary to the governing statute.

The PTO's extension of the *NHK-Fintiv* rule to parallel ITC investigations also demonstrates the rule's arbitrariness and irrationality. *Fintiv* sets forth the standards by which the Board must assess whether to deny institution in a situation of parallel district court and ITC proceedings. *See Fintiv* at 8-9. Under the *NHK-Fintiv* rule, a stay imposed by a district court weighs in favor of instituting IPR. *Id.* at 6-7. As *Fintiv* explained, "[a] district court stay of the litigation pending resolution of the PTAB trial *allays concerns* about inefficiency and duplication of efforts," and therefore "*strongly weigh[s]* against exercising the authority to deny institution under *NHK*." *Id.* at 6 (emphasis added). Under the statute, however, a district court *must* stay its

---

[4] As noted, this denial decision was based on section 325(d) and not on *NHK*. *Supra* at 9 n.2.

- 10 -    BRIEF OF *AMICUS CURIAE* FITBIT, INC.
CASE NO.: 20-CV-6128-EJD

proceedings upon request in the case of a parallel ITC investigation. *See* 28 U.S.C. § 1659. It is illogical to treat the district court's litigation stay as a factor "strongly" weighing *in favor* of institution in one set of cases (where no parallel ITC proceeding is involved), but to disregard it in another set of cases (where a parallel ITC investigation is present)—even though in the latter instance the district court is statutorily *required* to stay its own proceedings pending an ITC investigation. If anything, it would make sense for the Board to use the time while the district court proceedings are paused to apply its specialized patent expertise to the challenged claims and to provide a definitive answer as to whether the claims at issue are patentable, especially given there may be other issues in the district court case that are not in play in the ITC investigation (e.g., claims that are asserted in the district court but not in the ITC).

## CONCLUSION

This Court should declare unlawful, and set aside, the PTO's *NHK-Fintiv* rule.

Respectfully submitted,

DATED:  December 23, 2020

PAUL HASTINGS LLP

By:  /s/ *Yar R. Chaikovsky*

Yar R. Chaikovsky (SBN 175421)
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, California 94304
Tel.: (650) 320-1800
Fax: (650) 320-1900

Naveen Modi (*pro hac vice* pending)
Joseph E. Palys (*pro hac vice* pending)
Igor V. Timofeyev (*pro hac vice* pending)
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, D.C.  20036
Tel.: (202) 551-1700
Fax: (202) 551-1705

*Attorneys for* Amicus Curiae *Fitbit, Inc.*

# ADDENDUM

## Patent Trial and Appeal Board's Institution Decisions
## Involving Parallel ITC Investigation

| Date | Institution Decision | Case Name | Description |
|---|---|---|---|
| 11/30/2020 | Denied | *SK Innovation Co., Ltd. et al v. LG Chem, Ltd.*<br>IPR2020-00991 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/30/2020 | Denied | *SK Innovation Co., Ltd. et al v. LG Chem, Ltd.*<br>IPR2020-00992 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/30/2020 | Denied | *SK Innovation Co., Ltd. et al v. LG Chem, Ltd.*<br>IPR2020-01036 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/30/2020 | Denied | *SK Innovation Co., Ltd. et al v. LG Chem, Ltd.*<br>IPR2020-00987 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/30/2020 | Denied | *SK Innovation Co., Ltd. et al v. LG Chem, Ltd.*<br>IPR2020-00981 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/30/2020 | Denied | *SK Innovation Co., Ltd. v. LG Chem, Ltd.*<br>IPR2020-00982 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/18/2020 | Denied | *Google LLC v. EcoFactor, Inc.*<br>IPR2020-00968 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/18/2020 | Denied | *Google LLC. v. EcoFactor, Inc.*<br>IPR2020-00946 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/18/2020 | Denied | *Google LLC v. EcoFactor, Inc.*<br>IPR2020-00947 (PTAB) | Denied institution based on parallel ITC proceedings |
| 11/16/2020 | Denied | *Philip Morris Prods. SA v. RAI Strategic Holdings, Inc.*<br>IPR2020-00919 (PTAB) | Denied institution based on parallel ITC proceedings |
| 10/27/2020 | Denied | *Garmin Int'l, Inc. v. Koninklijke Philips NV*<br>IPR2020-00754 (PTAB) | Denied institution based on parallel ITC proceedings |
| 10/22/2020 | Denied | *Comcast Cable Commc'ns, LLC v. Rovi Guides, Inc.*<br>IPR2020-00800 (PTAB) | Denied institution based on parallel ITC proceedings |
| 10/22/2020 | Denied | *Comcast Cable Commc'ns, LLC v. Rovi Guides, Inc.*<br>IPR2020-00801 (PTAB) | Denied institution based on parallel ITC proceedings |
| 10/22/2020 | Denied | *Comcast Cable Commc'ns, LLC v. Rovi Guides, Inc.*<br>IPR2020-00802 (PTAB) | Denied institution based on parallel ITC proceedings |
| 10/19/2020 | Denied | *Fitbit, Inc. v. Koninklijke Philips NV*<br>IPR2020-00772 (PTAB) | Denied institution based on parallel ITC proceedings |

| | | | |
|---|---|---|---|
| 10/19/2020 | Denied | *Fitbit, Inc. v. Koninklijke Philips NV* IPR2020-00771 (PTAB) | Denied institution based on parallel ITC proceedings |
| 9/14/2020 | Granted | *Apple Inc. v. Neodron Ltd.* IPR2020-00779 (PTAB) | Granted institution because ITC proceeding not advanced, and FWD precedes completion of ITC investigation |
| 8/12/2020 | Granted | *Samsung Elecs. Co., Ltd. v. Dynamics Inc.* IPR2020-00499 (PTAB) | Granted institution because institution decision precedes ITC's ID, and only a subset of challenged claims at issue in ITC |
| 8/12/2020 | Granted | *Samsung Elecs. Co., Ltd. v. Dynamics Inc.* IPR2020-00504 (PTAB) | Granted institution because institution decision precedes ITC's ID, and only a subset of challenged claims at issue in ITC |
| 8/12/2020 | Granted | *Samsung Elecs. Co., Ltd. v. Dynamics Inc.* IPR2020-00502 (PTAB) | Granted institution because institution decision precedes ITC's ID, and only a subset of challenged claims at issue in ITC |
| 8/12/2020 | Granted | *Samsung Elecs. Co., Ltd. v. Dynamics Inc.* IPR2020-00505 (PTAB) | Granted institution because institution decision precedes ITC's ID, and only a subset of challenged claims at issue in ITC |
| 4/1/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01637 (PTAB) | Distinguishing ITC proceedings from NHK |
| 3/31/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01636 (PTAB) | Distinguishing ITC proceedings from NHK |
| 3/11/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01520 (PTAB) | Distinguishing ITC proceedings from NHK |
| 3/11/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01521 (PTAB) | Distinguishing ITC proceedings from NHK |
| 3/11/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01522 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/30/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01228 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/15/2020 | Granted | *Nichia Corp. v. Lighting Sci. Grp. Corp.* IPR2019-01259 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/9/2020 | Granted | *Intel Corp. v. Tela Innovations, Inc.* IPR2019-01255 (PTAB) | Distinguishing ITC proceedings from NHK |
| 8/30/2019 | Granted | *Emerson Elec. Co. v. SIPCO, LLC* IPR2019-00545 (PTAB) | Distinguishing ITC proceedings from NHK |
| 8/30/2019 | Granted | *Emerson Elec. Co. v. SIPCO, LLC* IPR2019-00547 (PTAB) | Distinguishing ITC proceedings from NHK |
| 7/22/2019 | Denied | *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.* IPR2019-00566 (PTAB) | Denied institution under 325(d), refused to reach whether institution should be denied based on parallel ITC proceeding |

| | | | |
|---|---|---|---|
| 7/5/2019 | Granted | *Comcast Cable Commc'ns, LLC v. Veveo, Inc.* IPR2019-00290 (PTAB) | Distinguishing ITC proceedings from NHK |
| 7/5/2019 | Granted | *Comcast Cable Commc'ns, LLC v. Veveo, Inc.* IPR2019-00292 (PTAB) | Distinguishing ITC proceedings from NHK |
| 7/5/2019 | Granted | *Comcast Cable Commc'ns, LLC v. Veveo, Inc.* IPR2019-00237 (PTAB) | Distinguishing ITC proceedings from NHK |
| 7/5/2019 | Granted | *Comcast Cable Commc'ns, LLC v. Veveo, Inc.* IPR2019-00239 (PTAB) | Distinguishing ITC proceedings from NHK |
| 6/11/2019 | Granted | *3Shape A/S v. Align Tech., Inc.* IPR2019-00160 (PTAB) | Granted institution because only a subset of challenged claims at issue in ITC |
| 6/11/2019 | Granted | *3Shape A/S v. Align Tech., Inc.* IPR2019-00163 (PTAB) | Granted institution because only a subset of challenged claims at issue in ITC |
| 6/7/2019 | Granted | *3Shape A/S v. Align Tech., Inc.* IPR2019-00159 (PTAB) | Granted institution because only a subset of challenged claims at issue in ITC |
| 6/5/2019 | Granted | *3Shape A/S v. Align Tech., Inc.* IPR2019-00157 (PTAB) | Granted institution because only a subset of challenged claims at issue in ITC |
| 5/29/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2019-00128 (PTAB) | Distinguishing ITC proceedings from NHK |
| 5/29/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2019-00129 (PTAB) | Distinguishing ITC proceedings from NHK |
| 5/20/2019 | Granted | *Comcast Cable Commc'ns, LLC v. Rovi Guides, Inc.* IPR2019-00231 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/23/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2018-01344 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/23/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2018-01346 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/16/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2018-01153 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/15/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2018-01295 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/15/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2018-01293 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/15/2019 | Granted | *Intel Corp. v. Qualcomm Inc.* IPR2018-01261 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/8/2019 | Granted | *Wirtgen Am., Inc. v. Caterpillar Paving Prods., Inc.* IPR2018-01201 (PTAB) | Distinguishing ITC proceedings from NHK |
| 1/8/2019 | Granted | *Wirtgen Am., Inc. v. Caterpillar Paving Prods., Inc.* IPR2018-01202 (PTAB) | Distinguishing ITC proceedings from NHK |