UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ANDREI IANCU,<br><br>    Defendant. | Case No. 5:20-cv-06128-EJD<br><br>**ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 28, 34 |

In this suit challenging a precedential rule adopted by the Director of the U.S. Patent and Trademark Office ("PTO"), Proposed Plaintiffs-In-Intervention US Inventor, 360 Heros, Inc., Larry Golden, World Source Enterprises, LLC, Dareltech LLC, Tinnus Enterprises, Clearplay, Inc., and E-Watch, Inc. (collectively "Proposed Intervenors") move the Court to intervene. The Proposed Intervenors request leave to intervene as of right, or for permissive intervention in the alternative. Plaintiffs Apple Inc., Cisco Systems, Inc., Google LLC, and Intel Corporation (collectively "Plaintiffs") and defendant Andrei Iancu ("Director") both oppose the motion. Dkt. Nos. 41 ("Plaintiffs Opp."), 59 ("Director Opp."). After careful review, the Court finds that the Proposed Intervenors have failed to satisfy the requirements in order to intervene as of right, and the Court declines the request for permissive intervention. The motion therefore is **DENIED.**

**I. BACKGROUND**

    **A. Leahy-Smith America Invents Act and Inter Partes Review**

Recognizing that the country's patent system was not adequately serving either patent owners or accused infringers, Congress passed the America Invents Act ("AIA") on September 16,

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

1

2011. The AIA was designed to establish a more efficient and streamlined patent system that would improve patent quality and limit unnecessary and counterproductive litigation costs. H.R. Rep. No. 112-98, at 39-40, 112th Cong., 1st Sess. (2011) ("House Report"). To address issues faced by both patent owners and infringement defendants and "improve patent quality," the AIA revamped the post-grant review process. House Report at 40. Central to the AIA was the creation of Inter Partes Review ("IPR") conducted by the Patent Trial and Appeal Board ("PTAB"). This proceeding is meant to provide "an administrative process in which a patent challenger may ask the [PTO] to reconsider the validity of earlier granted patent claims." Complaint ("Compl."), Dkt. No. 1 ¶ 28 (citing *Thryv, Inc. v. Click-To-Call Techs., LP*, 140 S. Ct. 1367, 1370 (2020); 35 U.S.C. § 311 *et seq*.). IPR was intended to provide an alternative to litigation over the validity of previously granted patents by "establish[ing] a more efficient and streamlined patent system that [would] improve patent quality and limit unnecessary and counterproductive litigation costs." Compl. ¶ 28 (citing House Report at 39-40).

The IPR process begins when a party files a petition to institute IPR with the PTO. *Id*. ¶ 32. The AIA permits a party accused of infringement to file a petition for IPR with regard to the same patent claims that are being asserted in a parallel patent infringement suit, so long as the petition is filed within "1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent." *Id*. (citing 35 U.S.C. § 315(b)). Furthermore, the AIA specified several requirements that must be met for the Director to grant petition for, or "institute," IPR proceedings. Compl. ¶ 35. Primarily, the Director may institute IPR only when he determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." *Id*. (citing 35 U.S.C. § 314(a)). However, the decision to accept or deny a petition is a matter committed to the Director's discretion and the AIA enumerates discretionary grounds on which the Director may decline to institute IPR even if preconditions are met. *Id*. (citing 35 U.S.C. §§ 311(c)(1)-(2), 312(a)(1)-(5), 315(a)(1)-(2)).

Additionally, the Director has delegated authority to the PTAB to decide whether to grant

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

2

1  or deny institution of IPR on discretionary grounds and also works with the PTAB to designate
2  certain IPR decisions as precedential. *Id*. ¶ 36. "[B]y default," the PTAB's decisions in IPR
3  proceedings have no precedential force in future cases. *Id*. ¶ 43 (quoting Patent Trial and Appeal
4  Board, Standard Operating Procedure 2 (Rev. 10) ("SOP-2"), at 3, 8-9 (Sept. 20, 2018)). The
5  PTO, however, has established a procedure for designating select PTAB decisions as
6  "precedential." *Id*. ¶ 44 (citing SOP-2 at 1-2, 8-12). Decisions designated as precedential are
7  "binding" on the PTAB "in subsequent matters involving similar factors or issues." *Id*. (citing
8  SOP-2 at 11). Under this procedure, the Director decides whether to designate a PTAB decision
9  as precedential. *Id*. ¶ 45 (citing SOP-2 at 11). Although members of the public may nominate a
10 PTAB decision for designation as precedential, the designation procedure otherwise does not
11 allow for public notice of, or any opportunity for public comment on, whether a PTAB decision
12 should be designated as precedential. *Id*. ¶ 46 (citing SOP-2 at 8-11).

### B. The Instant Litigation

14 On August 31, 2020, Plaintiffs filed the suit at bar against the Director. The suit
15 challenges the PTO's authority to reject petitions for IPR based on two decisions designated as
16 precedential by the Director. The decisions, *NHK Spring v. Intri-Plex Techs.* No. IPR2018-00752,
17 Paper 8, at 20 (P.T.A.B. Sept. 12, 2018) and *Apple Inc. v. Fintiv, Inc.*, No. IPR2020-00019, Paper
18 11 (P.T.A.B. Mar. 20, 2020), articulated an additional standard, under which the PTAB may
19 decline to institute IPR based on a number of factors ("*NHK-Fintiv* factors") related to the
20 existence of a parallel district court proceeding on the same challenged patents. Compl. ¶¶ 37-41.
21 The PTAB may decline to institute IPR based on the *NHK-Fintiv* rule even if the petition was
22 timely filed within the one-year deadline set by 35 U.S.C. § 315(b). *Id*. ¶ 37.

23 Plaintiffs have raised three claims against the Director's decision to designate the *NHK-*
24 *Fintiv* factors as a precedential rule: (1) the *NHK-Fintiv* rule is contrary to the policy and text of
25 the AIA; (2) the rule is arbitrary and capricious as the factors are vague and have already led to
26 unjustifiable and unpredictable disparities among similarly-situated IPR petitioners; and (3) the

United States District Court
Northern District of California

1  rule is otherwise procedurally invalid because it was not adopted through notice-and-comment
2  rulemaking required by both the AIA and the Administrative Procedure Act ("APA"). *Id*. ¶¶ 78-
3  91. They ask that the *NHK-Fintiv* rule be declared unlawful and for the Court to permanently
4  enjoin the Director and the PTAB from relying on the *NHK-Fintiv* rule or the non-statutory factors
5  it incorporated to deny institution of IPR. Compl., Relief Requested ¶ 3.

### C. Proposed Intervenors' Motions

The instant motion to intervene was filed on September 14, 2020, by US Inventor, 360 Heros, Inc., Larry Golden, World Source Enterprises, LLC, Dareltech LLC, Tinnus Enterprises, Clearplay, Inc., and E-Watch, Inc. US Inventor is a non-profit corporation whose aim is to foster innovation through advocacy, education, and public outreach on matters of importance to individual inventors and small businesses. Complaint in Intervention for Declarative and Injunctive Relief ("Intervention Compl."), Dkt. No. 28-1 ¶ 9. As part of its educational mission, US Inventor provides information to its membership about the factors that "will lead to a grant, versus a denial, of institution of IPR and post-grant review proceedings, particularly on discretionary factors. *Id.* ¶ 10. The remaining Proposed Intervenors are all patent owners who claim to have been harmed by the PTO's failure to conduct rulemaking in order to codify "discretionary factors to deny" IPR and other forms of post-grant review. *See id.* ¶¶ 11-17, 62-63.

Proposed Intervenors allege that despite a "clear legislative mandate" to adopt "regulations" setting forth the discretionary factors, the PTO has instead "omitted discretionary considerations entirely" from any regulations or has resorted to the "inadequate, unlawful alternative" of designating PTAB decisions as precedential. *Id*. ¶¶ 64-69. Thus, Proposed Intervenors claim the PTO has not provided the "predictability" or "guid[ance]" on institution decisions for IPR and other post-grant review proceedings that would have resulted in petitions against Proposed Intervenors being denied. *See id*. ¶¶ 11-17, 70-73. The proposed complaint-in-intervention asks the Court to compel notice-and-comment rulemaking of the discretionary considerations that would constitute 'sufficient grounds' for institution of post-grant review

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

4

proceedings. *Id.* Relief Requested ¶ 2; *see also* ¶¶ 76-79. It further asks the Court to declare unlawful all "adjudicative rulemaking on discretionary considerations for the 'sufficient grounds' decision." *Id.* Relief Requested ¶ 1; *see also* ¶¶ 80-83. Moreover, Proposed Intervenors request that the Court enjoin the PTO from "granting institution in any AIA patent trial" until compelled rulemaking is completed. *Id.* Relief Requested ¶¶ 3-4.

Shortly after moving to intervene, Proposed Intervenors US Inventor, Inc. and World Source Enterprises, LLC also filed an application for a temporary restraining order and motion for entry of a preliminary injunction" ("PI Mot.") against the Director. *See* Dkt. No. 34. The Proposed Intervenors seek to enjoin the PTO "from instituting AIA trials against any patent owner until such time as [the Director] promulgates rules for the discretionary denial of AIA trial institution petitions in accordance with the notice-and-comment provisions of the APA." PI. Mot. at 1.

## II.   LEGAL STANDARD

### A.   Intervention as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> "(1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action."

*Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

5

satisfy all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

### B. Permissive Intervention

Pursuant to Federal Rule of Civil Procedure 24(b)(1), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.*, 644 F.3d at 843 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.3d 470, 473 (9th Cir.1992)). "Even if an applicant satisfies those threshold requirements," however, "the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "[T]he court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 955 (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir.1977)).

### III. DISCUSSION

### A. Intervention as a Matter of Right

#### 1. *Timeliness*

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

6

A court normally considers three criteria in determining whether a motion to intervene is timely: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of [any] delay [in moving to intervene]." *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

Here, Plaintiffs and the Director do not challenge the timeliness of Proposed Intervenors' motion. *See generally* Plaintiffs Opp., Directors Opp. Moreover, to deny a motion to intervene on the basis of timeliness, the prejudice to the other parties must be "because of the passage of time." *See United States v. Oregon*, 745 F.2d at 553. Because this suit is still in its infancy, Plaintiffs and the Director would not be prejudiced.

Accordingly, the Court finds that the motion is timely.

### 2. *Significant Protectable Interest and Impairment of that Interest*

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." The "relationship" requirement is generally satisfied "only if the resolution of the plaintiff's claims will actually affect the applicant." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (quoting *Donnelly*, 159 F.3d at 410). Furthermore, to demonstrate a significant protectable interest, the proposed intervenor must demonstrate that the "relief sought by the plaintiffs will have direct, immediate, and harmful effects upon [the Proposed-Intervenors'] legally protectable interests." *Southwest Ctr. For Biological Diversity*, 268 F.2d at 818 (quoting *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 409–10 (citations omitted). In addition, an applicant seeking to intervene must be "so situated that disposing of the action may as a practical matter impair or impede" its ability to protect its interest. Fed. R. Civ. P. 24(a)(2).

The "transaction" at issue here, is the lawfulness of the *NHK-Fintiv* rule, and in turn, the

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

7

PTAB's discretionary denial of IPR petitions when parallel infringement litigation in a district court is pending. Yet, if the Proposed Intervenors were to intervene, the current suit would be changed dramatically. Plaintiffs' suit is challenging the lawfulness of one PTAB precedential rule affecting the discretionary denial of IPR institution. Proposed Intervenors seek to compel the PTO to engage in notice-and-comment rulemaking in order to adopt discretionary factors that the PTAB would consider when deciding whether to institute either IPR or post-grant review of a patent claim. Intervention Compl. ¶ 20. The Court would additionally have to consider whether to grant relief that, the Proposed Intervenors believe, would result in the promulgation of a "robust set of regulations that provide clear direction to individual PTAB panels concerning when discretionary factors require denial of institution." Mot. to Intervene at 4, 6-8. The purpose of the rule allowing intervention is to prevent a multiplicity of suit where common questions of law or fact are involved. *Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964). However, intervention is unavailable where an applicant seeks to "inject new, unrelated issues into the pending litigation," *Arakaki*, 324 F.3d at 1086, or to "expand the suit well beyond the scope of the current action." *Akina v. Hawaii*, 835 F.3d 1003, 1012 (9th Cir. 2016). Plaintiffs' complaint defined the general scope of the suit and the Proposed Intervenors cannot now by intervention radically alter that scope to create a much different case.

If the Proposed Intervenors were permitted to intervene, the Court would no longer preside over a suit meant to determine the lawfulness of one rule affecting the discretionary institution of IPR proceedings, but, in addition, would have to consider a novel claim seeking to compel notice-and-comment rulemaking defining all the relevant considerations for discretionary denial of both IPR and post-grant review proceedings. Moreover, the Court would need to consider whether to enjoin preliminarily and permanently the Director from granting institution in any AIA patent trial until the PTO was able to complete the compelled rulemaking. *See* Intervention Compl., Relief Requested ¶ 4. Intervention cannot be used as a means to inject collateral issues into an existing action. *See Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).

Nevertheless, the Proposed Intervenors argue that their protectable interest relates to the same APA violation plead by Plaintiffs' third claim, which alleges that the Director adopted and applied the *NHK-Fintiv* rule "without observance of procedure required by law." Reply at 5 (citing Compl. ¶¶ 88-91). However, Proposed Intervenors do not have a significantly protectable interest in Plaintiffs' claim asking the Court to hold unlawful and set aside agency action that is without observance of procedure required by law. They seek to "bolster" and "ensconce" the application of discretionary factors, including but not limited to, application of the *NHK-Fintiv* rule. Mot. to Intervene at 7. This claim is unrelated to Plaintiffs' final agency action challenge seeking to invalidate the *NHK-Fintiv* rule. Inclusion of the Proposed Intervenors' claims to set aside all discretionary factors and compel notice-and-comment rulemaking would only inject new, unrelated issues into the pending litigation. *Sierra Club*, 995 F.2d at 1484. Further, because Proposed Intervenors seek to include new, unrelated issues into Plaintiffs' suit, their interests "[c]ould not as a practical matter, be impaired or impeded as a result of [Plaintiffs'] litigation. *Akina*, 835 F.3d at 1012. In particular, even if Plaintiffs succeed, the Proposed Intervenors could protect and raise their interests in separate litigation or through a petition for rulemaking with the PTO.[1] *See Akina*, 835 F.3d at 1012 (no intervention as of right where proposed intervenors "could adequately protect their interests in separate litigation"); *Miniace v. Pac. Mar. Ass'n*, 2005 WL 2230149, at *3 (N.D. Cal. Sept. 13, 2005) (same).

For these reasons, the Proposed Intervenors do not have a significant protectable interest related to the Plaintiffs' claims. Even if they did, that interest would not be impaired by the outcome of this suit. Accordingly, Proposed Intervenors' request for intervention as of right is denied.[2]

---

[1] Proposed Intervenors claim US Inventor has already filed a petition for rulemaking with the PTO. Mot. to Intervene at 7.

[2] Because the Court finds that the Proposed Intervenors have failed to satisfy the second and third requirements needed to establish intervention as a matter of right, the Court will not address the fourth factor of inadequate representation.

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

9

**B.     Permissive Intervention**

Even assuming the Proposed Intervenors met the three threshold requirements for permissive intervention, practical considerations militate against permissive intervention. Both the Plaintiffs and the Director argue that the Court should deny permissive intervention because it would prejudice their ability to pursue and defend against the claims in this suit. *See UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 415 (N.D. Cal. 2004) ("[T]he possibility of prejudice to the original parties is in fact the 'principal consideration' when deciding a motion to intervene."). Specifically, the parties argue that admitting the Proposed Intervenors to this case will "significantly prejudice" the adjudication of this action as "litigation of Proposed Intervenors' claims would . . . 'necessitate the consideration of extraneous legal and factual issues that [Plaintiffs'] lawsuit would not otherwise invoke.'" Plaintiffs' Opp. at 14 (citing *UMG Recordings*, 222 F.R.D. at 414).

The Court agrees that intervention will unduly delay and prejudice the adjudication of the original parties' case. *See* Fed. R. Civ. P. 24(b)(3). Inclusion of the Proposed Intervenors runs the risk of transforming this case from one assessing the legality of a single discretionary agency rule to one evaluating an effort to compel rulemaking of a set of discretionary considerations that would in part determine instituting IPR and post-grant review of patent claims. Additionally, the Proposed Intervenors seek to enjoin the PTO from granting institution in any AIA patent trial pending completion of compelled rulemaking. The inclusion of the Proposed Intervenors' additional claims and relief would "necessitate the consideration of extraneous legal and factual issues that [Plaintiffs'] lawsuit would not otherwise invoke." *UMG Recordings, Inc.*, 222 F.R.D. at 414. "Such allegations would divert time and resources from the principal thrust of [Plaintiffs'] lawsuit and entangle the legal and factual issues involved therein within a web that is not of the original parties' making." *Id.* at 415; *see also Hanni v. Am. Airlines, Inc.*, No. 08–cv–00732–CW, 2010 WL 289297, at *7 (N.D. Cal. Jan. 15, 2010) (concluding that judicial economy would suffer with the addition of a proposed intervenor's new claims and issues because intervention would

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

10

require additional discovery, push back deadlines, and delay the resolution of the existing case). What is more, the Proposed Intervenors have the option to bring a separate action against the Director. "While hardly dispositive, [a prospective intervenor's] ability to pursue its claims through an alternative mechanism without any prejudice to its own rights is significant in the context of a motion to intervene brought by that party." *UMG Recordings*, 222 F.R.D. at 415.

For these reasons, the Court denies the Proposed Intervenors' request for permissive intervention.

### C. Application for Temporary Restraining Order and Motion for Entry of a Preliminary Injunction

Proposed Intervenors US Inventor, Inc. and World Source Enterprises, LLC also seek to enjoin the PTO "from instituting AIA trials against any patent owner until such time as [the PTO] promulgates rules for the discretionary denial of AIA trial institution petitions. . . ." PI Mot. at 1. The Court considered the Proposed Intervenors request under the framework established by *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). However, as noted above, the Proposed Intervenors are not entitled to intervention as a matter of right and the Court declines to grant their request for permissive intervention. Accordingly, Proposed Intervenors' request for temporary restraining order and for entry of a preliminary injunction is denied as moot.

## IV. CONCLUSION

For the forgoing reasons, the motion to intervene is **DENIED**. It is further ordered that Proposed Intervenors' application for a temporary restraining order and motion for entry of a preliminary injunction is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: February 5, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-06128-EJD
ORDER DENYING MOTION TO INTERVENE AND MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

11