BRIAN D. NETTER
Deputy Assistant Attorney General
LESLEY FARBY
Assistant Branch Director
GARY FELDON, D.C. Bar No. 987142
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20044
Telephone: (202) 598-0905
Facsimile: (202) 616-8470
Email: gary.d.feldon@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ANDREW HIRSHFELD,<br>Performing the Functions and Duties of the<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States<br>Patent and Trademark Office,<br><br>　　　　Defendant. | Case No.: 5:20-cv-06128-EJD<br><br>**Defendant's Response to Plaintiffs' Notice of Supplemental Authority**<br><br>Hon. Edward J. Davila<br><br>Date: Under Submission |

1    Plaintiffs have submitted the Federal Circuit's recent decision in *In re Vivint, Inc.*, No.
2    20-1992 (Sept. 29, 2021) (slip op.), as supplemental authority. ECF No. 128. However, the
3    reasoning of *Vivint* is inapplicable to this case. Indeed, applying that reasoning here, as Plaintiffs
4    suggest, would run directly contrary to controlling Supreme Court precedent.
5    *Vivint* concerns the availability of judicial review over decisions made by the Director of
6    the U.S. Patent and Trademark Office ("USPTO") pursuant to 35 U.S.C. § 325(d), which is not a
7    statute at issue in this litigation. Section 325(d) provides that, "[i]n determining whether to
8    institute or order a proceeding[,] . . . the Director may take into account whether, and reject the
9    petition or request because, the same or substantially the same prior art or arguments previously
10   were presented to the" USPTO. *Id.* In *Vivint*, the USPTO argued that such "decisions are
11   committed to agency discretion based on that statute's permissive language," meaning that 5
12   U.S.C. § 701(a)(2) precludes their review under the Administrative Procedure Act ("APA"). *In
13   re Vivint*, No. 20-1192, at 2. The Federal Circuit rejected that argument, reasoning that
14   § 325(d)'s "permissive language, alone, does not render [the] question committed to agency
15   discretion." *Id*.
16   There is no merit to Plaintiffs' suggestion that the Federal Circuit's reading of § 325(d) in
17   *Vivint* should lead this Court to interpret the statute at issue in this case, 35 U.S.C. § 314(a), to
18   permit judicial review of Plaintiffs' claims. Indeed, as Defendant noted in his argument that the
19   Director's actions taken pursuant to § 314(a) are committed to agency discretion by law,
20   § 325(d) "specif[ies] the factors that the Director should take into account when making the
21   institution decision," whereas "[t]he absence of any such limits in § 314(a) . . . confirms the
22   Director's discretion to consider any relevant factor in deciding whether to deny institution."
23   ECF No. 91 at 7 n.5.
24   Moreover, the cited language in *Vivint* is inapplicable here because Defendant did not
25   rely on § 314(a)'s "permissive language[] alone" to argue that Plaintiff's claims are not subject
26   to judicial review. *In re Vivint*, No. 20-1192, at 2. Rather, Defendant also relied on (1) the plain
27   language of 35 U.S.C. § 314(d), which expressly states that the Director's institution decision

1  "shall be final and nonappealable," (2) the overall statutory scheme of the America Invents Act
2  in light of APA case law, and (3) Supreme Court precedent explicitly holding that the Director's
3  decisions pursuant to § 314(a) are "committed to . . . [his] discretion" under 5 U.S.C. § 701(a)(2),
4  *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, ___, 136 S. Ct. 2131, 2140 (2016). ECF No. 64
5  at 10-15.

6       Finally, Plaintiffs' claim that *Vivint* implies that "the standards governing decisions under
7  § 314(a)" "are not committed to [the Director's] unreviewable discretion" because of § 314(a)'s
8  statutory language runs directly contrary to the holding in *Cuozzo*. ECF No. 128 at 2. There, the
9  Supreme Court explicitly stated that the AIA includes "no mandate to institute review" and that
10 § 314(a) "committed [the *inter partes* review institution decision] to the Patent Office's
11 discretion." *Cuozzo Speed Techs.*, 579 U.S. at ___, 136 S. Ct. at 2140 (citing 5 U.S.C.
12 § 701(a)(2)); *see also Mylan Labs. Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1382
13 (Fed. Cir. 2021). This Court therefore should not accept Plaintiffs' contention that the language
14 of § 314(a) permits judicial review of the Director's exercise of his authority under that statute.
15

DATED: October 8, 2021                    Respectfully submitted,

                                          BRIAN D. NETTER
                                          Deputy Assistant Attorney General

                                          LESLEY FARBY
                                          Assistant Branch Director

                                          */s/ Gary Feldon*
                                          GARY D. FELDON D.C. Bar #987142
                                          Trial Attorney, Federal Programs Branch
                                          Civil Division, U.S. Department of Justice
                                          1100 L Street, NW
                                          Washington, D.C. 20044
                                          Telephone: (202) 598-0904
                                          E-mail: gary.d.feldon@usdoj.gov
                                          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on October 8, 2021, in Washington, D.C.

    */s/ Gary Feldon*
    GARY D. FELDON